UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

April 30, 2004

Re: MDL-1586-*In re Mutual Funds Investment Litigation*

Dear Counsel:

My colleagues and I thought it might be useful for us to advise you in advance of the hearing on Monday of our thoughts concerning the appointment and organization of plaintiffs' counsel based upon our review of your written submissions.

First, we are strongly of the view that only one lead plaintiff or one group of plaintiffs closely related to one another prior to the institution of suit (and one attorney for that plaintiff or group of plaintiffs) should be appointed in the PSLRA actions. Judge Blake preliminarily determined on the basis of the information contained in the declaration of Marc Vellrath the identity of the lead plaintiff (and the firm representing that plaintiff) who should be appointed in the PSLRA actions against various families of funds. A list reflecting the results of Judge Blake's analysis is attached to this letter.[1]

Second, our present view is that (1) each family of funds should have its own vertical committee composed of lead counsel in each type of action asserted against that fund, e.g., PSLRA and fund derivative actions, (2) the vertical committees should each be headed by an administrative counsel who is the same lawyer appointed as lead counsel in the PSLRA action but lead counsel in the other types of actions should have full authority concerning substantive matters falling within their respective jurisdictions, e.g., the drafting of complaints, memoranda, and other court documents specific to their claims, (3) each track should have a chief administrative counsel to coordinate the planned monthly conference calls and any other track-wide administrative issues, and (4) there should be a horizontal committee headed by a single lawyer (or perhaps two lawyers, if they have full authority to speak for one another) to handle MDL-wide matters. Also attached to this letter is a list reflecting by category our proposals concerning the membership of the committees and the functions they are to perform.

We look forward to hearing from you on Monday.

Very truly yours,

/s/

J. Frederick Motz
United States District Judge

cc: Honorable Catherine C. Blake
    Honorable Andre M. Davis
    Honorable Frederick P. Stamp, Jr.

---

[1]We are aware that Mr. Bershad and Mr. Schulman have today submitted a somewhat different list.

**PROPOSED ORGANIZATIONAL STRUCTURE FOR PLAINTIFFS' COUNSEL**

### *VERTICAL COMMITTEES (BY FAMILY OF FUND)*

Administrative counsel (this role is played by lead counsel for the PSLRA action)

Lead counsel for fund derivative action

Lead counsel for parent derivative action (if any)

Lead counsel for parent investor action (if any)

Liaison/administrative counsel for state court actions (if any)

### *TRACK LEADERSHIP*

Chair/chief administrative counsel for the track[2]

Court liaison counsel

### *HORIZONTAL COMMITTEE*

Chair/chief administrative counsel for the MDL as a whole[3]

Administrative counsel for each family of funds

---

[2] Presumably, the chair/chief administrative counsel for a track will be one of the administrative counsel for a family of funds in the track.

[3] If necessary for the efficient management of the litigation, we might consider co-chair/chief administrative counsel, provided that they have full authority to speak for one another in dealing with the court and other counsel.

2

One representative - fund derivative actions[4]

One representative - parent derivative actions

One representative - parent investor actions

One representative - state court actions

Court liaison counsel

## *RESPONSIBILITIES WITHIN VERTICAL COMMITTEES*

Administrative counsel

- ! Serve as contact point for defense counsel on family of fund specific administrative issues, including requests for extension and other scheduling issues

- ! Draft and negotiate case management orders on family of fund specific issues

- ! Coordinate discovery[5]

- ! Serve as primary spokesperson in conferences and hearings on family of fund specific administrative issues

- ! Coordinate settlement discussions (may have greater role after damage allocation issues have been briefed, argued, and decided at an early stage of the litigation, perhaps with the anticipated motions to dismiss)

---

[4]There is not to be a separate representative on the horizontal committee for every fund derivative action, parent derivative action, parent investor action and state court action brought against each family of funds. Rather, there is to be a single representative for these groups by subject matter.

[5]Administrative counsel has the responsibility for assigning discovery tasks. If lead counsel for claims other than the PSLRA claims believe that the assignments (or any other decisions made by administrative counsel) present a conflict, they may submit the issue to the court for resolution.

3

Lead counsel for different types of claims[6]

- Prepare pleadings and other court documents on issues specific to a particular type of claim and to a particular family of funds
- Argue family of fund specific issues during hearings
- Conduct discovery particular to claims as assigned by administrative counsel
- Represent clients' interests in internal discussions among plaintiffs' counsel
- Settlement role: to be further determined after damages issues have been briefed, argued, and decided

Liaison/administrative counsel - state actions

- Prepare court documents on state law issues specific to a particular family of funds
- Argue family of fund specific state law issues during hearings
- Conduct discovery particular to state law claims as assigned by administrative counsel (assuming cases not remanded)
- Represent clients and other state court plaintiffs in internal discussions among plaintiffs' counsel
- Settlement role: to be further determined after damages issues have been briefed, argued, and decided

---

[6]Administrative counsel serves this role for PSLRA claims.

## RESPONSIBILITIES OF TRACK LEADERSHIP

Chair/chief administrative counsel for the track

- ! Serve as contact point for defense counsel on track-wide administrative issues (if any)

- ! Organize on plaintiffs' side monthly conference calls and other track-wide proceedings

- ! Serve as primary spokesperson in conferences and hearings on track-wide issues

Court liaison counsel

- ! Serve as contact to court on administrative matters

## RESPONSIBILITIES WITHIN HORIZONTAL COMMITTEE

Chair/chief administrative counsel for MDL as a whole

- ! Serve as contact point for defense counsel on MDL-wide administrative issues

- ! Draft and negotiate case management orders on MDL-wide issues

- ! Organize plaintiffs' side in MDL-wide hearings and other proceedings

- ! Coordinate cross-track and MDL-wide discovery

- ! Prepare omnibus memoranda and other court documents on MDL-wide PSLRA issues (in role as lead counsel for PSLRA claims)

- ! Designate counsel to make oral presentations on all MDL-wide PSLRA issues (in role as lead counsel for PSLRA claims)

Representatives of fund derivative, parent derivative, parent investor, and state court actions

5

- Prepare omnibus memoranda and other court documents on MDL-wide issues within respective subject matter areas

- Designate counsel to make oral presentations on all MDL-wide issues within respective subject matter areas

<u>Court liaison counsel</u>

- Serve as contact to court on administrative matters

**PSLRA Lead Plaintiffs Based On Vellrath Declaration**

| Family of Funds | Lead Plaintiff(s) | Lead Counsel |
|---|---|---|
| Alger | Donna Gaffney ($124,556) | Schiffrin & Barroway |
| AllianceBernstein | Philip Erickson ($445,000) | Schiffrin & Barroway |
| Excelsior | James Hauslein ($522,274) | Schiffrin & Barroway |
| Federated | Colbart Birnett LP ($1,144,056) | Bernstein Liebhard |
| Franklin Temp. | Nassau Co. Def. Comp. Plan ($6,250,848) | Wolf Popper |
| Invesco | City of Chicago Def. Comp. Plan ($24,017,998) | Bernstein Litowitz |
| Janus | California Financial Advisers? (Probable standing issue) ($10,106,179) | Cotchett Pitre |
| | Group of 2-4 individual plaintiffs if they are related in some way; or | Schiffrin & Barroway |
| | Michael Diemer ($1,766,286) | Bernstein Litowitz |
| MFS Funds | City of Chicago Def. Comp Plan ($6,118,969) | Bernstein Litowitz |
| Nations Fund (Bank of America) | Retirement Design Mgmt., Inc. ($10,667,629) | Goodkind Labatton |
| One Group Funds (Bank One) | Linda Parker ($383,908) | Milberg Weiss |
| Pilgrim Baxter | Ohio Public Employees Def Comp Plan ($17,653,094) | Bernstein Litowitz |
| Putnam | Ohio Tuition Trust Authority ($747,716,192) | Milberg Weiss |
| Scudder | Post-Retirement Health Insur. Plan ($1,302,884) | Berger & Montague |
| Strong | Page with individual breakdowns is missing Either - 2-4 related plaintiffs from the Milberg Weiss group or | |

Norman Osgood ($521,851)                Cotchett Pitre

8