UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

May 4, 2004

Re: MDL-1586 - *In re Mutual Funds Investment Litigation*

Dear Counsel:

We very much appreciate the extremely professional presentations all of you made at the hearing yesterday afternoon. Our decisions on the issues left open at the end of the hearing are as follows:[1]

1. We agree to the appointment of Mr. Bershad and Mr. Schulman as co-chairs/chief administrative counsel for the horizontal committee.

2. We agree to the appointment of either Mr. Bershad or Mr. Schulman as chief administrative counsel for each of the tracks. Judge Blake agrees to this appointment even though neither Mr. Bershad nor Mr. Schulman represents a plaintiff in any of the cases now pending in the track assigned to her.

3. We have concluded that there is no need at this time to appoint any additional fund derivative action representatives to the horizontal committee.

4. We agree that there is no need to have liaison/administrative counsel for state court actions on the horizontal committee. However, we hope that Mr. Friedman will agree to serve as a liaison *to* the horizontal committee for the purpose of coordinating parallel state and federal proceedings.

5. The name of the position of the state court claims representative on the vertical committees will be changed to "liaison counsel." Mr. Heimann of the Lieff, Cabraser firm will fill that role. However, as the change in the name of the position reflects, Mr. Heimann will serve exclusively in a consultative capacity to express any unique interests of plaintiffs asserting supplemental state law claims in the consolidated class complaint. Counsel for defendants may communicate with the committee's administrative counsel/lead class counsel on all matters relating to all claims asserted in the class complaint, including any state law claims.

---

[1] I have also enclosed a revised draft of the "Organizational Structure for Plaintiffs' Counsel" reflecting the decisions we made in light of your comments at the hearing.

6. References to "lead PSLRA counsel" in my prior proposed organizational structure will be changed to "lead class counsel."

7. We have concluded that it is not necessary at this time to appoint a lead plaintiff for every fund. However, we understand that appropriate potential class representatives for various funds will be named in the consolidated class complaints. We also understand that Mr. Brody's and Mr. Braun's clients want to be kept fully informed of what is occurring in the litigation in order to make sure that their interests are fully protected. Accordingly, we expect administrative counsel/class counsel to maintain regular communications with Mr. Brody and Mr. Braun and any other counsel representing individual plaintiffs who request to be kept advised of developments in the litigation.

8. Mr. Simon will make a supplemental submission by May 7th concerning his request that California Financial Advisers be appointed as lead plaintiff in the *Janus* litigation. Mr. Perry will let me know by May 10th whether he has any continuing concerns about that appointment after reviewing Mr. Simon's supplemental submission.

9. The organization of counsel we are now ordering will be subject to reconsideration and revision if the structure of the litigation is substantially changed by rulings on the motions to dismiss or for any other reason.

We understand that Mr. Bershad and Mr. Schulman will take responsibility for drafting and circulating to other counsel a proposed order for each track reflecting the organization decisions we have made. We ask that they submit to us a proposed order (or a written report on the status of the order) on or before May 11, 2004.

Very truly yours,

/s/

J. Frederick Motz
United States District Judge

cc: Honorable Catherine C. Blake
    Honorable Andre M. Davis
    Honorable Frederick P. Stamp, Jr.