IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION | MDL 1586 |
| IN RE ALLIANCE, FRANKLIN/TEMPLETON, BANK OF AMERICA/NATIONS FUNDS, and PILGRIM BAXTER | Case No. 04-md-15862 (Judge Davis) |
| [Franklin Templeton Subtrack] | |
| Sharkey IRO/IRA v. Franklin Resources, *et al.* | Case No. 04-md-1310 |

## MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

The Court-appointed Lead Plaintiff, the Deferred Compensation Plan for Employees of

Nassau County ("Plaintiff"), respectfully submits this memorandum of law in support of its

motion, pursuant to Fed. R. Civ. P. 15(a)-(c), for leave of this Court to file a Second

Consolidated Amended Class Action Complaint (the "Second Amended Complaint").[1]

### PRELIMINARY STATEMENT

The proposed Second Amended Complaint is submitted (i) to conform the pleadings to

the evidence uncovered during discovery in this action, (ii) to conform the pleadings to the

---

[1]    A copy of the proposed Second Amended Complaint is attached as Exhibit A to Lead Plaintiff's Motion for Leave to File Second Consolidated Amended Class Action Complaint (the "Motion"), and a redlined copy comparing the proposed Second Amended Complaint to the prior Consolidated Amended Class Action Complaint (the "CAC") is attached to the Motion as Exhibit B thereto.

Court's Investor Class Order on defendants' motions to dismiss, dated June 27, 2008 (the

"Investor Class Order"), including dropping several parties and claims; (iii) in response to

defendants' Answer filed January 5, 2009; (iv) taking into consideration other opinions recently

issued in other subtracks in this litigation; and (v) pursuant to tolling agreements entered into

between Plaintiff and certain defendants in conjunction with recently executed or imminent

settlement agreements, among other reasons.

No new parties have been added in the Second Amended Complaint; rather, a number of

parties and claims have been eliminated in the proposed amended pleading, consistent with the

Investor Class Order, and subject to tolling agreements, as a result of impending settlements.

The Investor Class Order expressly contemplated the filing of a further amended complaint,

although it did not set forth a date therefor, and the Court has not set a date for the filing of such

amended complaint since that time. Nevertheless, the parties continued to conduct discovery in

this action. Such discovery yielded facts which have shed substantial light on the allegations

contained in the Consolidated Amended Class Action Complaint in this action, which was filed

prior to any formal discovery being taken.

While Plaintiff does not seek to add any new claims or parties, and, indeed, seeks to

eliminate a number of defendants through amending the complaint for the reasons set forth

herein, the significant amount of relevant evidence uncovered during discovery has now made

clear that the pleadings must be amended if they are to reflect fairly the facts of this case as

formal discovery has shown them to be, and more accurately and precisely reflect Plaintiff's

claims as the parties head to the subsequent phases of class certification, expert discovery and

reports, summary judgment and trial. As set forth below, extensive discovery in this case, by

both parties, continued through December 31, 2008, and thereafter, and the parties still have
outstanding certain discovery requests and disputes, which they are currently trying to resolve
through negotiations and/or motion practice. Errata sheets amending answers from recent
depositions of defendants' witnesses were provided by Franklin Templeton Defendants' counsel
to Plaintiff as recently as April 30, 2009, and defendants have received the production of
documents as recently as March 2009. Nonetheless, Plaintiff believes it has amassed sufficient
evidence through discovery at this time to file an amended pleading that would fairly reflect the
evidence gained through merits discovery, even if certain expert discovery has yet to be obtained.

Insofar as the Franklin Templeton Defendants have only filed their Answer to the CAC
on January 5, 2009, and Defendant William Post has yet to file an Answer, defendants can hardly
claim any prejudice.[2] Moreover, the facts added to the proposed Second Amended Complaint
serve to flesh out and inform what are essentially the same allegations as set forth in the CAC,
and virtually all of the additional facts either emanate from documents produced by the Franklin
Templeton Defendants in this litigation, testimony by Franklin Templeton witnesses in this
litigation, or depositions of third parties attended by Franklin Templeton Defendants' counsel in
this litigation. Thus, defendants cannot claim that any of the newly alleged facts in the Second
Amended Complaint are surprising to them. On the other hand, the new facts make the pleading

---

[2]    The claims against Daniel Calugar and his affiliates, and the Canary defendants (as defined in the
CAC) have been stayed pursuant to pending settlement agreements with them. Plaintiff had also agreed
to stay litigating claims against Bear Stearns for the same reason. Consequently, none of these
defendants have filed answers in this case. However, in light of recently executed and/or imminent
settlement agreements between Plaintiff and these parties (the "Settling Parties"), the Settling Parties
have entered into Tolling Agreements in which Plaintiff has agreed to no longer name them as
Defendants. Plaintiff has nevertheless sought the consent of these parties, and all parties, to the filing of
the Second Amended Complaint. Only the Franklin Templeton Defendants have refused to give consent.

more intelligible; overall, eliminate certain pre-existing claims and parties; explain what happened, when, and why, far better to the reader, including the Court and the jury; and are simply a more accurate and precise account of events conforming to what discovery, primarily from the Franklin Templeton Defendants themselves, has shown the actual facts to be. Thus, there is no question that permitting the filing of the Second Amended Complaint would serve the interests of justice and efficiency.

Here, there is no "substantial reason" why leave to amend should be denied. Plaintiff has not engaged in any undue delay in filing its motion to amend, indeed Plaintiff has been requested to delay filing this amendment by Plaintiffs' [cross-track] Steering Committee while the delicate negotiations involving settlement with cross-track defendants were being finalized. There is no bad faith or dilatory motive on the part of Plaintiff or any repeated failure to cure deficiencies by amendments previously allowed. Nor will the Franklin Templeton Defendants be prejudiced by the proposed amendments, which arise out of the same acts and transactions alleged in the original CAC. Indeed, another Defendant, William Post, has agreed to defer serving his Answer to the CAC until after Plaintiff serves the Second Amended Complaint, in the interests of efficiency and economy. Such agreement speaks to the lack of prejudice to defendants from the filing of an amended pleading at this time.

Accordingly, Plaintiff's motion for leave to file the Second Amended Complaint should be granted.

## PROCEDURAL HISTORY

The CAC was filed pursuant to Court order on September 29, 2004. (*See* Affidavit of Chet B. Waldman in Support of Lead Plaintiff's Motion for Leave to File Second Consolidated

Amended Class Action Complaint, submitted herewith (the "Waldman Aff." or the "Waldman Affidavit"), ¶ 4.)

Following substantial briefing of various motions to dismiss in the MDL 1586 litigation, other motion practice, and the commencement of discovery, on June 11, 2007, Judges Motz, Blake and this Court issued an Order Governing Pre-trial Scheduling and Cross-track Discovery in MDL 1586 ("MDL 1586 Scheduling Order"), establishing a schedule for discovery and certain other events in the MDL 1586 litigation (later amended by a Court order dated December 10, 2007, extending the discovery deadline therein). (Waldman Aff., ¶ 5.) However, the parties in the Franklin Templeton subtrack were specifically excluded from the subtrack-specific deadlines in the MDL 1586 Scheduling Order, at the request of the Franklin Templeton Defendants. (Id., at ¶ 6.) As the MDL 1586 Scheduling Order reflects, while the parties in the Franklin Templeton subtrack agreed to adhere to cross-track discovery deadlines set for all subtracks, it was agreed that subtrack-specific discovery in the Franklin Templeton subtrack would proceed on a different track due to "the unavailability of Franklin Templeton and its attorneys in the fourth quarter of 2007 due to a long-set, complex trial commitment in California." *See* MDL 1586 Scheduling Order, p.3, n.2, *citing* Wolf Popper Status Letter to Judge Davis dated April 27, 2007 (Dkt #999); Waldman Aff., ¶ 7. Since that time, the Franklin Templeton subtrack has been proceeding on a pace behind the other subtracks in MDL 1586 although there has been much activity in the action, including numerous depositions and other discovery, during that time.

On June 27, 2007, this Court "so ordered" a stipulation between Plaintiff and the Franklin Templeton Defendants extending the discovery deadline in this subtrack to September 30, 2008. (Dkt #1138.; Waldman Aff., ¶ 8.) On the same date, this Court entered the Investor Class Order,

which sustained some claims, dismissed other claims without leave to amend, and dismissed still other claims *with* leave to amend. (Dkt #1140; Waldman Aff., ¶ 9.) For example, the Investor Class Order provides that "the claims asserted against Defendants Bear Stearns Securities Corporation and Bear Stearns and Co., Inc. (collectively, "Bear Stearns") are dismissed with leave to file an amended second consolidated complaint asserting any federal claims against Bear Stearns within the deadline set by the Court." (Waldman Aff., ¶ 9.) However, the Court did not set any such deadline. (Id., at ¶ 9.)

On September 9, 2008, the parties submitted an agreed stipulation extending the discovery deadline to December 31, 2008 (Dkt # 1156; Waldman Aff., ¶ 10.). Insofar as the Court did not act with respect to the stipulation, both Plaintiff and the Franklin Templeton Defendants, by mutual consent, proceeded to take discovery through the end of December 2008. (Id.) The Court has not yet signed the stipulation. (Id.) Some requests relating to expert discovery remain outstanding, certain documents have recently been produced by third parties to defendants, and Plaintiff has received errata sheets from the Franklin Templeton Defendants' counsel, amending deposition testimony, as recently as April 30, 2009. (Id., at ¶ 18, 20.)

On December 30, 2008, Judge Motz issued opinions on summary judgment motions in the Janus and Putnam subtracks in this litigation. (Waldman Aff., ¶ 11.) On January 5, 2009, the Franklin Templeton Defendants filed their Answer and Affirmative Defenses of Franklin Defendants to Consolidated Amended Class Action Complaint ("Franklin's Answer") (Dkt # 1191; Waldman Aff., ¶ 12). In Franklin's Answer, the Franklin Templeton Defendants responded to the allegations in the CAC, and, for the first time, asserted thirty-six affirmative defenses. (Id.) With respect to Defendant William Post, Plaintiffs' counsel has conferred with

his counsel, and Plaintiff and Defendant Post have agreed that, for the sake of efficiency,

Defendant Post may defer serving an Answer until after Plaintiff serves the proposed Second

Amended Complaint.  See Waldman Aff., ¶ 13.

Since the filing of the CAC, Plaintiff has conducted substantial discovery, including a

review of well over a million pages of documents, and questioned approximately seventeen

witnesses in depositions, including nine current or former officers and employees of Franklin

Templeton.  (Waldman Aff., ¶ 17.)  The facts unearthed through this discovery have shed

invaluable light on Plaintiff's prior allegations.  (Id., at ¶ 19.)  As a result thereof, Plaintiff

intends to narrow certain allegations and claims, and add significant new factual support for

others, which has been developed in discovery.

More specifically, the Second Amended Complaint provides substantial further factual

support for the allegations concerning defendants' knowledge of market timing activities in the

Franklin Templeton Funds and defendants' failure to disclose the existence of these market

timing activities to shareholders.  See Waldman Aff., Exhibits A and B.  Although the CAC

contained allegations along these lines as well, significant additional facts were uncovered in the

course of discovery that make this amendment necessary in order for the pleadings to conform to

the evidence adduced during discovery.  Id.

As set forth below, no prejudice will result from the amendment (at least part of which

was previously permitted by the Court's Investor Class Order), since the facts sought to be added

relate to the same issues that have been the focus of this action from the outset, and thus come as

no surprise to defendants.  In addition, as noted, the new factual allegations contained in the

proposed Second Amended Complaint are based on testimony elicited primarily during

7

depositions of defendants' own witnesses (or in a few cases, from depositions of third parties,

such as former individual clients or brokerage clients, attended by Franklin Templeton's

counsel), and from defendants' own documents. As such, defendants will not be required to

gather or analyze facts they have not already produced in documentary form, testified to, or

considered, and no discovery relating to any of the "new" allegations, in particular, is needed.

On the other hand, the interests of justice and efficiency would be greatly served by having in

place an operative pleading which conforms to the evidence gathered, since the filing of the

current pleading a significant time ago, prior to commencement of the expert, class certification,

and inevitable summary judgment phases of this litigation.

## ARGUMENT

## THE MOTION FOR LEAVE TO AMEND SHOULD BE GRANTED

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave of the court to

amend pleadings, after a responsive pleading has been served, "shall be freely given when justice

so requires." The general standards for granting a party leave to amend pursuant to Rule 15(a)

were articulated by the United States Supreme Court in Foman v. Davis, 371 U.S. 178, 182, 83 S.

Ct. 227, 230, 9 L. Ed. 2d 222, 226 (1962):

> In the absence of any apparent or declared reason -- such as undue delay, bad
> faith, or dilatory motive on the part of the movant, repeated failure to cure
> deficiencies by amendments previously allowed, undue prejudice to the opposing
> party by virtue of allowance of the amendment, futility of amendment, etc. -- the
> leave sought should, as the rules require, be "freely given."

See also 6 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, Civil 2d §1488

(1990), and cases cited therein.[3]

Acknowledging the strong policy favoring amendment, the Fourth Circuit has interpreted

Rule 15(a) to provide that "leave to amend a pleading should be denied *only when* the

amendment would be prejudicial to the opposing party, there has been bad faith on the part of the

moving party, or the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231,

242 (4th Cir. 1999) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986))

(emphasis in original); see also Harold v. Cendo, No. 97-1077, 1997 U.S. App. LEXIS 33594, at

*18 (4th Cir. Nov. 26, 1997)  (noting the "strong policy favoring amendment"); Medigen of

Kentucky, Inc. v. Pub. Serv. Comm'n of West Virginia, 985 F.2d 164, 167-68 (4th Cir. 1993)

("the federal rules strongly favor granting leave to amend"); Davis v. Piper Aircraft Corp., 615

F.2d 606, 613 (4th Cir. 1980), cert. dismissed, 448 U.S. 911, 101 S. Ct. 25, 65 L. Ed. 2d 1141

(1980) ("Discretion to deny leave to amend is limited by the principle, embodied in Rule 15(a)

that 'leave shall be freely given when justice so requires,' and by the general policy embodied in

the Federal Rules favoring resolution of cases on their merits."). Moreover, previous

amendments to a complaint fail to justify denial of a motion for leave to amend a complaint. See

Ward Elecs. Serv., Inc. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987).

Under this liberal standard, Plaintiff's motion for leave to amend the complaint should be

granted. Here, the defendants cannot show any bad faith or dilatory motive on the part of

Plaintiff, prejudice, or futility in allowing the amendment.

Plaintiff has not engaged in any undue delay in filing its motion to amend, and certainly

---

[3]    Fed. R. Civ. P. 15(b)(2) provides that, even during or after trial, "[a] party may move – at any time, even after judgment – to amend the pleadings to conform them to the evidence and to raise an unpleaded issue."

has had no dilatory motive. Although the Investor Class Order, issued June 27, 2008,

specifically contemplated an amendment, no date for its filing was set, nor was discovery in this

litigation near completion in that many, if not most, of the depositions occurred after that date.

The Franklin Templeton Defendants did not file their Answer to the CAC, together with thirty-

six affirmative defenses, until January 5, 2009. The Answer and affirmative defenses had to be

analyzed, researched and considered in preparing the amended pleading. Plaintiff also took into

consideration the opinions issued by Judge Motz on December 30, 2008 in the Janus and Putnam

subtracks, and his April 14, 2009 opinion in the RS subtrack. Further, Plaintiff very recently, in

early June 2009, agreed to tolling agreements with certain cross-track defendants, eliminating

them as parties in the new pleading, as a result of ongoing settlement negotiations on a cross-

track basis.

Although this subtrack has lagged the other subtracks in terms of discovery scheduling,

this was initially due to the Franklin Templeton Defendants' request to opt out of the schedule set

for the other subtracks, which request was adopted by the MDL 1586 Scheduling Order, and all

subsequent extensions of the discovery schedule were upon consent of Plaintiff and the Franklin

Templeton Defendants. Discovery in this action was intensive through December 31, 2008, with

over a dozen substantive depositions being held in the last few months, and certain requests

relating to expert discovery from Plaintiff are still outstanding. Further, as recently as several

weeks ago, on April 30, 2009, Plaintiff received errata sheets from the Franklin Templeton

Defendants, which changed, in material respects, the testimony of a Franklin Templeton witness

at a recent deposition. Following such recent flurry of discovery, some 506 exhibits entered by

Plaintiff at depositions, approximately seventeen deposition transcripts, and millions of pages of

documents produced by the Franklin Templeton Defendants, were then marshaled as soon as practicable in connection with the preparation of the proposed Second Amended Complaint (against the backdrop of certain other outstanding discovery disputes in the case). Moreover, Defendant William Post has been apprised of Plaintiff's intention to file the Second Amended Complaint and has elected to defer filing of his Answer after Plaintiff's filing of the Second Amended Complaint, further confirming that there was no bad faith, undue delay or dilatory motive on the part of Plaintiff in filing a proposed Second Amended Complaint, amassing such a vast body of documents, facts and testimony in a pleading which would reflect the true state of the evidence, as soon after the bulk of merits discovery had been completed as practicable.[4]

There is also no basis to conclude that defendants would be prejudiced by granting Plaintiff leave to amend the CAC. Where, as here, it is apparent that defendants would suffer no prejudice as a result of the amendment, Plaintiff's motion for leave to amend the Complaint should be granted. Wall v. Fruehauf Trailer Servs., 123 Fed. Appx. 572, 576 (4th Cir.2005) ("leave to amend is a liberal standard and will not be denied unless the amendment will cause actual prejudice to the adverse party"); Ward Elecs. Serv., Inc., 819 F.2d at 497 ("a lack of prejudice would alone ordinarily warrant granting leave to amend"); Davis v. Piper Aircraft Corp., 615 F.2d at 613 ("absence of prejudice, though not alone determinative, will normally

---

[4] Regardless, the Fourth Circuit has held that "delay alone is an insufficient reason to deny leave to amend... [r]ather, the delay must be accompanied by prejudice, bad faith, or futility." Edwards v. City of Goldsboro, 178 F.3d at 242 (citation omitted); see also Davis v. Piper Aircraft Corp., 615 F.2d at 613 (plaintiff's filing of the amended complaint four months after learning of a defect in the original complaint was not grounds for denial, especially "considering the pace already set by the defendant's delay of some five months in filing answer to the original complaint"); Robinson v. Geo Licensing Co., 173 F. Supp. 419, 425-26 (D. Md. 2001) (Motz, J.) ("A delay in bringing a proposed amendment is insufficient reason to deny leave to amend.").

warrant granting leave to amend").[5]

The courts of the Fourth Circuit have repeatedly found that defendants are not prejudiced by an amendment to a complaint where the amendment seeks to clarify the complaint with more specific facts as a result of evidence uncovered during discovery. Edwards v. City of Goldsboro, 178 F.3d at 242 (no prejudice to defendants where "the allegations sought to be added ... derived from evidence obtained during discovery regarding matters already contained in the complaint in some form"); Connelly v. General Medical Corp., 880 F. Supp. 1100, 1109-10 (E.D. Va. 1995) (defendants could not claim unfair surprise where plaintiff sought to amend complaint to allege additional facts and clarify allegations because the facts were uncovered during depositions of probable defense witnesses). Here, as stated, Plaintiff is merely amplifying, substantiating, and refining the core allegations which were already in the CAC. The allegations that Plaintiff seeks to add to the Complaint relate to the same market timing activity, and omissions in the same documents, that have been at issue in the case from the outset. The CAC contains allegations concerning the Franklin Templeton Defendants' knowledge of market timing activities in the Franklin Templeton Funds, and the failure of the Franklin Templeton fund prospectuses to disclose the existence of these activities, as well as Franklin Templeton's inability to eliminate market timing from the Funds. The addition of facts related to the Franklin Templeton Defendants' knowledge of the conduct at issue and their failure to disclose it to shareholders does not complicate the issues in the case or burden the defendants.

---

[5]    As noted, to the extent this subtrack lagged the other subtracks in the discovery schedule, this was due at the outset to the Franklin Templeton Defendants' request to opt out of the discovery schedule proposed for the other subtracks, which request was adopted by the MDL 1586 Scheduling Order, and all subsequent extensions of the discovery schedule were upon consent of Plaintiff and the Franklin Templeton Defendants.

Plaintiff does not seek to add new causes of action, or new defendants. Nonetheless, courts in this Circuit have held that even amendments which add new causes of action or new defendants should be permitted where defendants were on notice of the facts related to such claims. For example, in Harold v. Cendo, the Fourth Circuit concluded that defendants would not be prejudiced by the amendment of the complaint to assert a new cause of action three weeks prior to trial, because deposition testimony elicited during discovery put defendants on notice of the new claim. Harold v. Cendo, 1997 U.S. App. LEXIS 33594, at * 18-20. Similarly, in Island Creek Coal Co. v. Lake Shore, Inc., the court reversed the trial court's denial of plaintiff's motion for leave to amend the complaint based on the belief that adding a new claim calling for additional discovery would unfairly prejudice the defendant. Island Creek Coal Co. v. Lake Shore, Inc., 832 F.2d 274, 280 (4th Cir. 1987). The court explained that the defendant could not claim prejudice by being forced to investigate and prepare to defend the new claim, because deposition testimony revealed that the defendant was already cognizant of the new claim. Island Creek Coal Co., 832 F.2d at 280; see also Ward Elecs. Serv., Inc., 819 F.2d at 497 (court noted that defendant would not be prejudiced by the proposed amendment where it was based on information always in defendant's possession, which plaintiff discovered during defendant's deposition); Davis v. Piper Aircraft Corp., 615 F.2d at 613 (allowance of amendment would not prejudice the preparation of defendant's case where defendant was fully aware of the events giving rise to the action from the outset); Lopaka Curtis Bounds v. Pinnacle Special Police, Inc., No. 7:05-CV-65-F, 2006 U.S. Dist. LEXIS 98170, at *12-13 (E.D.N.C. Aug. 29, 2006) (defendants could not claim any prejudice resulting from the proposed amendments to the complaint where it appeared all parties were prepared to include the newly added defendant in

13

their arguments).

In <u>Robinson v. Geo Licensing Co.</u>, the Court similarly concluded that defendants were unable to claim prejudice as a result of new facts and new theories of causation and damages asserted in the proposed amended complaint, because during depositions, defendants explored the facts that most specifically related to the new claim. <u>Robinson v. Geo Licensing Co.</u>, 173 F. Supp. 2d 419, 425-26 (D. Md. 2001) (Motz, J.). Determining that, "for the most part, the complaints contain a consistent set of facts that have merely been amplified over time," Judge Motz held that "[i]t is acceptable to amend a complaint to add additional facts in order 'to amplify a previously alleged claim.'" <u>Id.</u> at 425 (citation omitted).

In this case, not only are the new facts added to the Second Amended Complaint related to the materially incomplete statements and omissions contained in the CAC, but defendants' own witnesses were questioned at length in depositions concerning Franklin Templeton's failure to inform shareholders of the prevalence of market timing in the Franklin Templeton Funds, and the Franklin Templeton's inability to control it. It was only on January 5, 2009 that the Franklin Templeton Defendants filed an answer to the CAC, at which point they were fully aware of the facts Plaintiff now seeks to add (and, of course, the Franklin Templeton Defendants could file an amended Answer in response to the Second Amended Complaint).

As the Fourth Circuit has instructed, even a change in the theory of the case "will not suffice as a reason for denial absent a showing of prejudice, bad faith, futility, or dilatoriness associated with the motion." <u>Ward Elecs. Serv.</u>, 819 F.2d at 497; <u>see also</u> <u>Hill v. Brush Engineered Materials, Inc.</u>, No. WMN-05-254, 2007 U.S. Dist. LEXIS 11981, at *15-16 (D. Md. Feb. 7, 2007) (where plaintiff sought to amend complaint to add a cause of action based on facts

uncovered during discovery, court found defendants would not suffer undue prejudice because the issues raised in the new claim were "not sufficiently remote from the other issues in the case"); Wall v. Fruehauf Trailer Servs., 123 Fed. Appx. 572 at 577 (no prejudice to defendant where amending the complaint to assert claims under a different statute did not "substantively change the claim" because both before and after the amendment, the action was a claim for the same unpaid commissions); Johnson v. Oroweat Foods Co., 785 F.2d at 510 (where plaintiff sought to add new cause of action two weeks prior to trial, court found no prejudice to defendant because "most of the facts to be analyzed would have been the same for both claims"); Rowe v. United States Fidelity & Guaranty Co., 421 F.2d 937, 943 (4th Cir. 1970) ("While the matters stated in a supplemental complaint should have some relation to the claim set forth in the original pleading, the fact that the supplemental pleading technically states a new cause of action should not be a bar to its allowance..."); Robinson v. Geo Licensing Co., 173 F. Supp. 2d at 426 ("a new theory of recovery is insufficient reason to disallow amendment").

Here, where the new allegations merely amplify allegations already contained in the CAC, and were well covered in deposition testimony throughout discovery, and where this amendment is being sought prior to (i) any class certification motion being made, (ii) any expert reports being issued, and (iii) any motion for summary judgment being made, there can be no prejudice to the defendants.

Finally, since insofar as the Plaintiff is seeking to amend only claims in the CAC which have already been sustained, or which have been dismissed expressly with leave to amend, and is only amplifying and bolstering such claims, there is no suggestion whatsoever that such amendment would be futile. On the contrary, conforming the pleadings to the evidence and to

bring them in accordance with the tolling agreements entered into in connection with imminent

settlement agreements, would serve the interests of justice and efficiency.

## CONCLUSION

For the foregoing reasons, as well as those in the accompanying Waldman Affidavit, Lead

Plaintiff respectfully requests that the motion to amend the CAC be granted.

Dated: June 16, 2009

WOLF POPPER LLP

By: _____ /s/ _____
Robert M. Kornreich
Chet B. Waldman
Andrew E. Lencyk
845 Third Avenue
Telephone: (212) 759-4600
Fax: (212) 486-2093

*Counsel for Lead Plaintiff, the Deferred
Compensation Plan for Employees
of Nassau County*

Doc. 163827                          16