**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

| | |
|---|---|
| **IN RE MUTUAL FUNDS INVESTMENT LITIGATION** ) ) | MDL No. 1586 |
| ——————————————— ) ) | No.: 1:04-md-15862-AMD |
| This document relates to: ) ) | |
| Bank of America Sub-Track ) Civil Action No. 1:04-CV-867 ) ) ) | |
| ——————————————— ) | |

**DECLARATION OF SAMUEL K. ROSEN IN OPPOSITION**
**TO THE MOTION OF ELENA M. DAVID, ARLENE J. STACH,**
**AND VICTOR M. HERNANDEZ TO INTERVENE**
**PURSUANT TO FED. R. CIV. P. 24**

Samuel K. Rosen declares as follows:

1.      I am a member of the firm of Harwood Feffer LLP, counsel to Katrina McKoy, and the ERISA plaintiffs in the above-captioned action.

2.      My firm had no knowledge of the existence of <u>David v. Alpin</u>, No. 3:07-cv-00011 (GCM) (W.D.N.C.) (the "North Carolina Action") until after plaintiffs therein ("movants") filed the instant intervention motion. We were never contacted by movants' counsel, although I understand that he contacted Lawrence Sucharow in August 2008 after becoming aware of a potential settlement by certain parties in the Bank of America Sub-Track. Declaration of Gregory Y. Porter at ¶¶ 2, 5, and 6 ("Porter Decl."). Mr. Sucharow, however, is counsel for the Nations Funds Class plaintiffs, not the ERISA plaintiffs.

3.      As movants admit in their brief in support of intervention (hereafter "Br. at __"), the claims in the North Carolina Action are different from those in this action. Br. at 2-4. Yet, even though the claims are admittedly different, and even though movants have known of the settlement

and the scope of the releases hereunder for almost a year, they suddenly move for intervention now, in an admittedly unrelated case, because "[t]heir sole concern in these proceedings is that a settlement of the McKoy Action not release their claims in the North Carolina Action."

4.      The sole apparent connection between the two cases are two paragraphs in movants' Second Amended Complaint (Porter Decl., Exhibit A), which include, for the first time, two paragraphs (56 and 57) that mention market-timing and late-trading.  But, as movants recognize, their case alleges "that fiduciaries improperly favored B of A-affiliated funds over unaffiliated investment options."  Br. at 3-4.  It does not seek damages for market-timing and late-trading. Indeed, in the Prayer for Relief, movants do not even seek damages for the latter two claims.

5.      While we do not wish to impede prosecution of any other litigation, it does not appear that the release language in the settlement stipulation in this action can in any way be used legitimately as a defense to the North Carolina Action.  "Released claims means any and all claims, whether direct, derivative or brought in any other capacity, against the Released Parties that the Releasing Parties had, have now, or may have that concern or relate in any way, whether directly or indirectly, to excessive or short-term trading, market-timing or late-trading in the Nations Funds Mutual Funds."  Emphasis added.  Movants make none of such claims and the release would not seem a valid defense to their admittedly unrelated action.

6.      Because the Bank of America/Nations settlement includes a far-reaching array of participants, including multiple cross-tracks and additional parties, permitting intervention at this time by movants, who filed an unrelated action, could damage that overarching structure.  Rather than now impose their action on this multi-faceted arrangement, it would appear that their correct

way to proceed would be to await notice of the settlement and object to the scope of the release if they can show it extends to their claims.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 29, 2009.

Samuel K. Rosen