IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| IN RE MUTUAL FUNDS INVESTMENT LITIGATION<br><br>Bank of America/Nations sub-track | )<br>)<br>)<br>)<br>)<br>)<br>) | MDL-1586<br><br>Case No. 04-md-15862 |
|---|---|---|

### [~~REVISED PROPOSED~~] PRELIMINARY APPROVAL ORDER PROVIDING FOR NOTICE AND HEARING IN CONNECTION WITH PROPOSED CLASS, DERIVATIVE AND ERISA SETTLEMENTS

WHEREAS, on December 15, 2005, Lead Plaintiff Retirement Design and Management, Inc. ("RDM"), Plaintiff Simcha Lyons ("Lyons"), Plaintiff Katrina McKoy and the ERISA Plaintiffs (the "ERISA Plaintiffs"), Derivative Plaintiff Robert K. Finnell and the Nations Funds Mutual Funds (the "Derivative Plaintiffs") (collectively, the "Plaintiffs"), acting on behalf of themselves, the applicable Classes and the present shareholders of the Nations Funds Mutual Funds, as the case may be, entered into a Stipulation of Settlement (the "Nations Stipulation") with the Bank of America Defendants,[1] the Bank of America ERISA Defendants, the Independent Trustees of the Nations Funds Trust, the Nations Funds Trust (n/k/a Columbia Funds Series Trust), the Nations Master Investment Trust (n/k/a Columbia Funds Master Investment Trust) and James B. Sommers and Thomas S. Word; and

WHEREAS, as of January 26, 2010, Lead Plaintiff RDM, Derivative Plaintiff Finnell and Canary Capital Partners, LLC; Canary Capital Partners, Ltd.; Canary Investment Management,

---

[1] The term "Bank of America Defendants" as used herein refers to Bank of America Corporation, Bank of America, N.A., Bank of America Capital Management, LLC, BACAP Distributors, LLC and Banc of America Securities, LLC.

LLC; and Edward Stern (collectively, the "Canary Defendants") entered into the Bank of America/Nations/Canary Severed Agreement and Stipulation of Settlement ("Canary Stipulation") resolving all claims in this sub-track against the Canary Defendants; and

WHEREAS, as of February 4, 2010, the Nations Stipulation was amended by the execution of the Agreement Amending Stipulation of Settlement (together with the Nations Stipulation, the "Nations Amended Stipulation"), in light of the Canary Stipulation; and

WHEREAS, the Nations Amended Stipulation and the Canary Stipulation (collectively, the "Stipulations") are subject to review under Rules 23 and 23.1 of the Federal Rules of Civil Procedure; and

WHEREAS, the Stipulations, together with the exhibits thereto, set forth the terms and conditions of the proposed settlements (together, the "Settlements" and individually, the "Nations Settlement" and the "Canary Severed Settlement") of the claims that were or could have been alleged in the Consolidated Amended Class Action Complaint, the Amended Class Action Complaint for Violations of the Employee Retirement Income Security Act and the Consolidated Amended Fund Derivative Complaint, which were all filed in this Bank of America/Nations Funds sub-track and are all dated September 29, 2004 (collectively, the "Complaints"); and

WHEREAS, the Settlements contemplate the dismissal of the Actions on the merits and with prejudice; and

WHEREAS, the Court has read and considered the Stipulations and the accompanying exhibits; and

WHEREAS, the parties to the Stipulations have consented to the entry of this Order; and

WHEREAS, all capitalized terms used herein shall have the meanings defined in the Stipulations, unless otherwise specified herein or the terms are not defined in the Stipulations;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 2010 that:

1. The Court preliminarily finds the Settlements set forth in the Stipulations to be fair, reasonable and adequate, subject to further consideration at the settlement hearing described below.

2. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies, for settlement purposes only, the consolidated case as a class action (the "Securities Action") and the "Nations Funds Class" consisting, collectively, of: (x) all shareholders who purchased or held shares of Nations Funds Mutual Funds at any time from September 8, 1998 to September 9, 2003, and (y) all beneficiaries, owners, beneficial owners, or principals of trusts, accounts, or other entities for which Bank of America, N.A. or any of its parents, subsidiaries, affiliates, predecessors, successors or assigns acted as trustee, fiduciary, or agent and that were directly or indirectly invested in Nations Funds Mutual Funds at any time from September 8, 1998 to September 9, 2003 (the "Fiduciary Subclass"). Excluded from the Nations Funds Class are the Canary Defendants and those persons or entities that timely and validly exclude themselves by filing a request for exclusion from the Nations Funds Class.

3. With respect to the Securities Action, the Court preliminarily finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the members of the Nations Funds Class are so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Nations Funds Class; (c) the claims of Lead

Plaintiff RDM are typical of the claims of the Nations Funds Class that it seeks to represent and the claims of D.M. Griffith are typical of the claims of the Fiduciary Subclass that she seeks to represent; (d) RDM and D.M. Griffith will fairly and adequately represent the interests of the Nations Funds Class and its Fiduciary Subclass; (e) the questions of law and fact common to the members of the Nations Funds Class predominate over any questions affecting only individual members of the Nations Funds Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, RDM and D.M. Griffith are certified as Class Representatives, and the law firm of Labaton Sucharow LLP is appointed Class Counsel, for the Nations Funds Class.

5. With respect to the Securities Action, the Court also hereby preliminarily certifies the following class for the purposes of settlement only (the "Canary Class"), pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure: all persons who purchased and/or held shares in any of the Nations Releasing Funds during the period from September 8, 1998 through September 9, 2003. Excluded from the Canary Class are the Canary Defendants. Also excluded from the Canary Class are those persons or entities that timely and validly exclude themselves by filing a request for exclusion from the Canary Class.

6. With respect to the Canary Class, the Court further preliminarily finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the members of the Canary Class are so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Canary Class; (c) the claims of Lead Plaintiff RDM are typical of the claims of the Canary Class that it seeks to represent; (d) RDM will fairly and

adequately represent the interests of the Canary Class; (e) the questions of law and fact common to the members of the Canary Class predominate over any questions affecting only individual members of the Canary Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, RDM is certified as Class Representative, and the law firm of Labaton Sucharow LLP is appointed Class Counsel, for the Canary Class.

8. Pursuant to Rule 23(a) and (b)(1) of the Federal Rules of Civil Procedure, the Court hereby also preliminarily certifies, for settlement purposes only, the consolidated case pursuant to § 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 (the "ERISA Action"), as a class action and a class consisting of all participants in the Bank of America 401(k) Plan or any predecessor plan at any time from October 9, 1997 to September 29, 2004 whose accounts included investments in the Nations Funds Mutual Funds or common or preferred stock of Bank of America or any of its predecessors (the "ERISA Class").

9. With respect to the ERISA Action, the Court preliminarily finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rule 23(a) and (b)(1) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the members of the ERISA Class are so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the ERISA Class; (c) the claims of the named representative, Katrina McKoy, are typical of the claims of the ERISA Class she seeks to represent; (d) Katrina McKoy will fairly and adequately represent the interests of the ERISA Class; and (e) the prosecution of separate actions by individual members of the ERISA Class would create a risk of (i) inconsistent or varying adjudications as to individual class members

5

that would establish incompatible standards of conduct for the parties opposing the claims asserted in the ERISA Action; or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests.

10.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Katrina McKoy is certified as ERISA Class Representative and the law firm of Harwood Feffer LLP is appointed ERISA Class Counsel.

11.  A hearing (the "Final Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on October 21 and 22, 2010, at 10:00 a.m. for the following purposes:

(a)  to determine whether the proposed Settlements are fair, reasonable and adequate, and should be approved by the Court;

(b)  to determine whether the Final Orders and Judgments as provided under the Stipulations should be entered, dismissing the Complaints filed herein, on the merits and with prejudice, and to determine whether the releases as set forth in the Stipulations, should be provided to the Released Parties and the Canary Released Parties;

(c)  to determine whether, for settlement purposes only, the Classes should be certified, RDM, D.M. Griffith and Katrina McKoy should be appointed as class representatives, and the law firms of Labaton Sucharow LLP and Harwood Feffer LLP should be appointed as class counsel;

(d)  to determine whether the proposed plan for distributing the proceeds of the Canary Severed Settlement (the "Canary Plan of Allocation") is reasonable and should be approved by the Court;

(e) to consider Plaintiffs' Counsel's applications for awards of attorneys' fees and expenses; and

(f) to rule upon such other matters as the Court may deem appropriate.

12. The Court reserves the right to approve the Settlements with or without modification and with or without further notice of any kind. The Court further reserves the right to enter the Final Orders and Judgments approving the Settlements and dismissing the Complaints on the merits and with prejudice regardless of whether it has approved the Canary Plan of Allocation or awarded attorneys' fees and expenses. The Court may also adjourn the Final Settlement Hearing or modify any of the dates herein without further notice to members of the Classes.

13. The Court approves the form, substance and requirements of the:

(a) Abbreviated Notice of Pendency and Proposed Settlement of Class, Derivative and ERISA Actions, Motions for Attorneys' Fees and Expenses and Settlement Hearing (the "Short Form Notice"), in substantially the form annexed hereto as Exhibit 1;

(b) Notice of Pendency and Proposed Settlement of Class, Derivative and ERISA Actions, Motions for Attorneys' Fees and Expenses and Settlement Hearing ("Long Form Notice"), in substantially the form annexed hereto as Exhibit 2; and

(c) Summary Notice of Proposed Settlements in the *In re Mutual Funds Investment Litigation* and Settlement Fairness Hearing (the "Summary Notice"), in substantially the form annexed hereto as Exhibit 3.

14. The Court approves the appointment of Rust Consulting, Inc. as the Claims Administrator to supervise and administer the notice procedure as well as the distribution of the Net Settlement Sum and the Restitution Sum under the Canary Severed Settlement.

15.     The Claims Administrator shall cause the Short Form Notice to be mailed, by first class mail, postage prepaid, within a reasonable period of time after entry of this order to all putative class members who can be identified with reasonable effort, including by using the address of each such person as set forth in the records of The Bank of America Respondents or the Nations Funds Trust (n/k/a Columbia Funds Series Trust) or their transfer agents or by using name and address data for such individuals gathered in connection with the distribution of the "Bank of America Fair Fund" that was established as a result of regulatory investigations in which the Bank of America Respondents agreed to pay $375 million into a fund set up pursuant to Section 308 of the Sarbanes-Oxley Act.

16.     The Claims Administrator shall also use reasonable efforts to give notice to nominee purchasers, such as brokerage firms, and other persons or entities who purchased or held shares of the Nations Funds Mutual Funds at any time from September 8, 1998 to September 9, 2003 as record owners but not as beneficial owners by mailing the Short Form Notice to such nominee purchasers. Such nominee purchasers are directed, within ten (10) calendar days of their receipt of the Short Form Notice, to either send copies of the Short Form Notice to their beneficial owners by first class mail, or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Short Form Notice promptly to such identified beneficial owners by first class mail. Nominee purchasers who elect to send the Short Form Notice to their beneficial owners shall also send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Short Form Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders may be reimbursed by the Bank of America Defendants, after receipt by the

Claims Administrator of proper documentation, for their reasonable expenses incurred in sending the Short Form Notice to beneficial owners.

17. The Claims Administrator shall also post the Long Form Notice, the Short Form Notice, and the final Plan of Distribution for the Bank of America Fair Fund, as approved by the SEC, on the website of the Claims Administrator. Plaintiffs' Counsel shall, at or before the Final Settlement Hearing, file with the Court proof of mailing and posting of these documents.

18. The Court directs that Plaintiffs' Counsel shall cause the Summary Notice to be published according to the global dissemination plan proposed in *In re Mutual Funds Investment Litigation*, MDL - 1586. Plaintiffs' Counsel shall, at or before the Final Settlement Hearing, file with the Court proof of publication of the Summary Notice.

19. The form and content of the notice program described herein, and the method set forth herein of notifying the Classes and present shareholders of the Nations Funds Mutual Funds of the Settlements and their terms and conditions, meet the requirements of Rules 23 and 23.1 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

20. In order to be entitled to receive a distribution from the Net Settlement Sum and the Restitution Sum pursuant to the Canary Severed Settlement, in the event the Canary Severed Settlement is effected in accordance with the terms and conditions set forth in the Canary Stipulation, each Canary Class Member shall have been found eligible by the IDC for a payment from the Bank of America Fair Fund allocation to the Nations Releasing Funds.

21.     Nations Funds Class Members and Canary Class Members shall be bound by all orders, determinations and judgments in the Securities Litigation, whether favorable or unfavorable, unless such persons request exclusion from the Nations Funds Class or the Canary Class, as the case may be, in a timely and proper manner, as hereinafter provided. Such a class member wishing to make such an exclusion request shall mail the request in written form by first class mail postmarked on or before September 21, 2010, to the address designated in the Short Form Notice for such exclusions. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Class in the *Mutual Funds Investment Litigation – Nations Sub-Track*, No. 04-15862 JFM, and must be signed by such person. Such persons requesting exclusion are also directed to state: the full name of the Nations Funds Mutual Fund(s) purchased; and the number of shares held at the beginning of the period from September 8, 1998 through September 9, 2003, the end of the period from September 8, 1998 through September 9, 2003, and at the end of each calendar quarter during the period from September 8, 1998 through September 9, 2003. If a person requesting exclusion represents to the Claims Administrator (subject to verification) that this information is not available, such person may provide the number of shares held at the end of each year during the period from September 8, 1998 through September 9, 2003. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. A valid and timely request for exclusion from the Canary Class shall be treated as a request for exclusion from the Nations Funds Class given that each of the Nations Releasing Funds, as that term is defined in the Canary Stipulation, are one of the Nations Funds Mutual Funds, as that term is defined in the Nations Amended Stipulation.

22. Any member of the Nations Funds Class and the Canary Class may submit a written revocation of a request for exclusion to the Claims Administrator so that it is received no later than five (5) calendar days before the Final Settlement Hearing.

23. Each Canary Class Member requesting exclusion from the Canary Class shall not be entitled to receive any portion of the Net Settlement Sum or the Restitution Sum, as described in the Stipulation and Short Form Notice.

24. The Court will consider objections to the Settlements, the Canary Plan of Allocation, the requests for awards of attorneys' fees or the requests for reimbursement of expenses only if such objections and any supporting papers are filed in writing with:

> Clerk of the Court
> United States District Court
>   for the District of Maryland
> 101 West Lombard Street
> Baltimore, Maryland 21201

and copies of all such papers are delivered or sent by first class mail (with a corresponding postmark), on or before September 21, 2010, upon the following, who shall then forward such papers to counsel for the settling parties within three (3) business days:

LABATON SUCHAROW LLP
Larry Sucharow, Esq.
140 Broadway
New York, New York 10005

Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlements, the Canary Plan of Allocation, and/or the requests for attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlements, the Canary Plan of Allocation, and/or the requests for awards of attorneys' fees and other expenses and desire to present evidence at the Final Settlement Hearing must include in their written

objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Settlement Hearing. Class Members may retain an attorney at their own expense to appear at the Final Settlement Hearing, but there is no need for Class Members to retain an attorney and Class Members can appear at the hearing without hiring an attorney. Class Members and present shareholders of the Nations Funds Mutual Funds do not need to appear at the hearing or take any other action to indicate their approval.

25. Any person who does not make his, her or its objection in the manner provided herein and in the Short Form Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the Settlements, to the Canary Plan of Allocation, and/or the requests for awards of attorneys' fees and other expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the judgments to be entered and the releases to be given.

26. Pending final determination of whether the Settlements should be approved, the Plaintiffs, any member of the Classes, or the present shareholders of the Nations Funds Mutual Funds, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against the Released Parties (as defined in the Nations Amended Stipulation), or Released Claims against the Canary Released Parties (as defined in the Canary Stipulation).

27. All papers in support of the Settlements, the Canary Plan of Allocation, Plaintiffs' Counsel's requests for awards of attorneys' fees and expenses shall be filed with the Court on or before September 14, 2010 and served by overnight mail or hand delivery, if required. Reply papers, if any, shall be filed with the Court on or before October 6, 2010 and served by overnight mail or hand delivery, if required.

28. No person who is not a Canary Class Member or Plaintiffs' Counsel shall have any right to any portion of, or to any distribution of, the recovery provided by the Canary Severed Settlement, or funds distributed pursuant to the Canary Severed Settlement, unless otherwise ordered by the Court or otherwise provided in the Canary Stipulation.

29. All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Canary Stipulation and/or further order of the Court.

30. If any specified condition to the Settlements set forth in the Stipulations is not satisfied and Plaintiffs, Plaintiffs' Counsel or the settling defendants may elect to terminate the Settlements as provided in the Stipulations, then, in any such event, the Stipulations, including any amendment(s) thereof, except as expressly provided in the Stipulations, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any settling party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the settling parties, and each settling party shall be restored to his, her or its respective litigation position as it existed prior to the execution of the Stipulations.

31. The Court retains exclusive jurisdiction over the Actions to consider all further matters arising out of or connected with the Settlement.

Dated: May 19, 2010

Honorable J. Frederick Motz
UNITED STATES DISTRICT JUDGE