IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE MUTUAL FUNDS | ) | MDL No. 1586 |
| INVESTMENT LITIGATION | ) | |
| | ) | Case No. 04-MD-15862-04 |
| This Document Relates To: | ) | (Hon. J. Frederick Motz) |
| *Pilgrim Baxter Sub-Track*, | ) | |
| 04-md-15862-04 | ) | |
| | ) | |

## ~~[PROPOSED]~~ PRELIMINARY ORDER FOR NOTICE AND HEARING
## IN CONNECTION WITH SETTLEMENT PROCEEDINGS
## IN THE PILGRIM BAXTER SUB-TRACK

J. FREDERICK MOTZ, District Judge

WHEREAS:

A.      Class Lead Plaintiff in the Class Action, Ohio Public Employees Deferred
Compensation Plan (the "Class Lead Plaintiff"); Derivative Plaintiffs in the Derivative
Action, Chuck Hall, Korshed Jungalawala, Risa Schneps, Katherine Simpkins and James
Cohen (the "Derivative Plaintiffs"); and Pilgrim Baxter & Associates, Ltd. (n/k/a Liberty
Ridge Capital, Inc.), PBHG Fund Distributors (n/k/a Old Mutual Investment Partners),
PBHG Fund Services (n/k/a Old Mutual Fund Services), PBHG Shareholder Services,
Inc. (n/k/a Old Mutual Shareholder Services, Inc.), Old Mutual plc, Old Mutual Asset
Management, Old Mutual (US) Holdings, Inc, Gary L. Pilgrim and Harold J. Baxter (the
"PB Advisor Defendants") have entered into a Stipulation and Agreement of Settlement
(Pilgrim Baxter Advisor Defendants) dated September 3, 2009 (the "PB Advisor
Stipulation") providing for the settlement of claims against the PB Advisor Defendants
and related entities and individuals (the "PB Advisor Settlement");

B.      Class Lead Plaintiff; Derivative Plaintiffs; and the mutual funds that were
series of PBHG Funds Inc. and/or their successors as of July 31, 2009, John R.

1

Bartholdson, Jettie M. Edwards and Albert A. Miller (collectively, the "PB Funds Defendants") have entered into a Stipulation and Agreement of Settlement (Pilgrim Baxter Funds Defendants) dated July 31, 2009 (the "PB Funds Stipulation") providing for the settlement of claims against the PB Funds Defendants and related entities and individuals (the "PB Funds Settlement");

C.    Class Lead Plaintiff and AT, L.P., a/k/a Appalachian Trails, L.P., CPTR, LLC and Michael G. Christiani (collectively, the "Appalachian Trails Defendants") have entered into a Stipulation and Agreement of Settlement with Appalachian Trails dated September 23, 2009 (the "Appalachian Trails Stipulation") providing for the settlement of claims against the Appalachian Trails Defendants and related entities and individuals (the "Appalachian Trails Settlement");

D.    Class Lead Plaintiff; Derivative Plaintiffs and Banc of America Securities LLC ("BAS") have entered into a Pilgrim Baxter/BAS Severed Agreement and Stipulation of Settlement dated January 28, 2010 (the "PB/BAS Stipulation") providing for the settlement of claims against BAS and related entities and individuals (the "PB/BAS Settlement");

E.    Class Lead Plaintiff and Bear, Stearns & Co. Inc., Bear, Stearns Securities Corp. and The Bear Stearns Companies Inc., currently known as J.P. Morgan Securities Inc., J.P. Morgan Clearing Corp. and The Bear Stearns Companies LLC, respectively (collectively, the "Bear Stearns Defendants") have entered into a Pilgrim Baxter/Bear Stearns Severed Agreement and Stipulation of Settlement dated January 19, 2010 (the "PB/Bear Stearns Stipulation") providing for the settlement of claims against the Bear

2

Stearns Defendants and related entities and individuals (the "PB/Bear Stearns Settlement");

F.       Class Lead Plaintiff; Derivative Plaintiffs; and Canary Capital Partners, LLC, Canary Capital Partners, Ltd., Canary Investment Management, LLC, and Edward Stern (the "Canary Defendants") have entered into a Pilgrim Baxter/Canary Severed Agreement and Stipulation of Settlement dated January 19, 2010 (the "PB/Canary Stipulation") providing for the settlement of claims against the Canary Defendants (the "PB/Canary Settlement");

G.       The PB Advisor Stipulation, the PB Funds Stipulation, Appalachian Trails Stipulation, the PB/BAS Stipulation, the PB/Bear Stearns Stipulation, and the PB/Canary Stipulation shall be known collectively as the "Stipulations" and the settlements set forth in the Stipulations shall be known collectively as the "Settlements." Class Lead Plaintiff and Derivative Plaintiffs shall be known collectively as "Plaintiffs"; the PB Advisor Defendants, the PB Funds Defendants, the Appalachian Trails Defendants, BAS, the Bear Stearns Defendants, and the Canary Defendants shall be known collectively as the "Settling Defendants"; and Plaintiffs and the Settling Defendants shall be known together as the "Settling Parties";

H.       Plaintiffs have moved, pursuant to Rule 23(e) and Rule 23.1(c) of the Federal Rules of Civil Procedure, for an Order preliminarily approving the Settlements, and providing notice of the proposed Settlements; and

I.       The Court having read and considered the Stipulations, the proposed Notice of Proposed Settlements (the "Notice"), the proposed Long-Form Notice of Proposed Settlements (the "Long-Form Notice"), the proposed Publication Notice of

3

Proposed Settlements (the "Publication Notice"), the proposed Plan of Allocation set forth in the Long-Form Notice, and the proposed forms of Order and Final Judgment, and finding that substantial and sufficient grounds exist for entering this Order;

**IT IS HEREBY ORDERED**:

1. For purposes of this Order, unless otherwise defined herein, the Court adopts all defined terms as set forth in the Stipulations.

## JURISDICTION

2. This Court has jurisdiction over the subject matter of the Actions and over all parties to the Actions, including all members of the Settlement Class, as defined below.

## NO DETERMINATION OF WRONGDOING

3. This Court hereby decrees that none of the Stipulations, nor this Order, nor the fact of the Settlements, are an admission or concession by any of the Settling Defendants, or any of their related entities and individuals as set forth in the respective Stipulations, of any liability or wrongdoing whatsoever or that Plaintiffs, the PBHG Funds or any Settlement Class Member suffered any damages as a result of the conduct alleged in the Actions.

## CERTIFICATION OF SETTLEMENT CLASS

4. For settlement purposes only, the Settling Parties have proposed conditional certification of the following Settlement Class under Fed. R. Civ. P. 23(a) and (b)(3):

> every natural person or any legal entity (including, without limitation, individuals, corporations, employee pension or other benefit or ERISA plans, and trusts) ("Person") who, during the period between and including July 30, 1999 and November 13, 2003 (the "Class Period"), held, purchased

4

or otherwise acquired shares in any of the mutual funds set forth on Schedule A hereto (the "PBHG Funds") (the "Settlement Class"). Excluded from the Settlement Class are: (i) any and all defendants in the Actions (the "Defendants"); (ii) members of the immediate family (*i.e.*, parents, current or former spouses, siblings, and children) of each Defendant that is a natural person; (iii) the officers, directors, parents, subsidiaries, and affiliates of each Defendant that is not a natural person; and (iv) the legal representatives, agents, heirs, predecessors, successors and assigns of any of the foregoing excluded parties. Also excluded from the Settlement Class are any Persons who timely and validly exclude themselves by filing a request for exclusion from the Settlement Class. Members of the Settlement Class are referred to herein as "Settlement Class Members".

5.      The Court hereby preliminarily FINDS and CONCLUDES that the Settlement Class set forth above satisfies all of the requirements for certification under Rule 23(a) and Rule 23(b)(3). The Court preliminarily determines that the requirements of Rule 23(a) – numerosity, commonality, typicality, and adequacy – are satisfied, and that the Settlement Class also satisfies the requirements for certification under Rule 23(b)(3) as questions of law or fact common to the Settlement Class predominate over individualized issues, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Accordingly, the Court conditionally CERTIFIES the Settlement Class for purposes of these Settlements only, under Rules 23(a) and 23(b)(3).

6.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlements only, Class Lead Plaintiff Ohio Public Employees Deferred Compensation Plan is certified as Class Representative and Class Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP, is certified as Class Counsel.

5

## PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENTS

7.     The proposed Stipulations and the Settlements they embody are hereby PRELIMINARILY APPROVED. Final approval of the proposed Settlements embodied in the Stipulations is subject to the hearing of any objections thereto by members of the Settlement Class and/or current shareholders in any of the mutual funds that are successors to PBHG Funds Inc.

## OTHER CASES ENJOINED

8.     Pending final approval of the Settlements, the Court hereby preliminarily enjoins each Settlement Class Member, including any member who makes an irrevocable election to exclude himself, herself or itself from the Settlement Class, from commencing, prosecuting or maintaining in any court other than this Court any claim, action or other proceeding that challenges or seeks review of or relief from any order, judgment, act, decision or ruling of this Court in connection with the Settlements. The Court further enjoins any member of the Settlement Class who has not, by the deadline for opting out, made a timely, irrevocable election to exclude himself, herself or itself from the Settlement Class from commencing, prosecuting or maintaining, either directly, representatively or in any other capacity, any of the Released Claims against any of the released persons or parties, as defined in the respective Stipulations.

## APPROVAL OF THE FORM AND MANNER OF DISTRIBUTING NOTICE

9.     Plaintiffs, with the agreement of the Settling Defendants, have submitted for this Court's approval a proposed Notice, Long-Form Notice and Publication Notice (collectively, the "Settlement Notices") which the Court has reviewed. The Court finds and concludes that the form and content of the Settlement Notices, and the method set forth herein of notifying the Settlement Class of the Settlements and their terms and

conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

10.    The Claims Administrator shall cause notice of the proposed Settlements, the hearing on the proposed Settlements, the request for approval of the Plan of Allocation and the applications of Plaintiffs' Counsel for awards of attorneys' fees and litigation expenses to be provided as follows:

(a)    On or before June 30, 2010, a copy of the Notice, substantially in the form annexed hereto as Exhibit 1, shall be mailed to all Settlement Class Members at the address of each such person as set forth in the records maintained by DST Systems, Inc., which maintains trading data and records concerning the PBHG Funds;

(b)    On or before June 30, 2010, a copy of Long-Form Notice and the Proof of Claim, substantially in the forms annexed hereto as Exhibits 2 and 3, respectively, shall be posted on the settlement website established for this Sub-Track, www.mutualfundsettlements.com/pb, and shall be made available for mailing to Settlement Class Members upon request; and

(c)    On or before July 14, 2010, the Claims Administrator shall undertake a notice publication program, whereby (i) the Publication Notice, substantially in the form annexed hereto as Exhibit 4, shall be published once in the nationally circulated *People* magazine, once in *The Wall Street Journal*, once in *The New York Times*, and once over the *PR Newswire*; and (ii) notice of the Settlements shall be posted

7

on various web-based media outlets, including, but not limited to, CNN.com, AOL.com, Hotmail.com, Facebook.com, Yahoo.com, The Wall Street Journal online, and through RSS Feed.

11.    The form of the Settlement Notices fairly, plainly, accurately, and reasonably informs Settlement Class Members of: (1) appropriate information about the nature of the Actions, the Settlement Class, the identity of Plaintiffs' Counsel, and the essential terms of the Settlements, including the Plan of Allocation; (2) appropriate information about the applications of Plaintiffs' Counsel for attorneys' fees and litigation expenses that will be deducted from the Settlement Funds in this Sub-Track; (3) appropriate information about how to participate in the Settlements; (4) appropriate information about this Court's procedures for final approval of the Settlements, and about Settlement Class Members' right to appear through counsel if they desire; (5) appropriate information about how to object to the Settlements or opt out of the Settlements if Settlement Class Members wish to do so; and (6) appropriate instructions about how to obtain additional information regarding the Settlements.

12.    The Court FINDS and CONCLUDES that the proposed plan for notice of the Settlements will provide the best notice practicable to Settlement Class Members, satisfies the notice requirements of Rule 23, and satisfies all other legal and due process requirements.

13.    The Court also FINDS and CONCLUDES that the proposed plan of notice provides reasonable and adequate notice of the Derivative Action to current shareholders of the mutual funds that are successors to PBHG Funds Inc., and satisfies the notice requirements of Rule 23.1(c) and all other legal and due process requirements.

8

14. To effectuate the provision of notice provided for herein, and the calculation of distributions of the Net Settlement Funds to Authorized Claimants, and other actions required by this Order, the Court hereby approves the selection of The Garden City Group, Inc. to serve as the claims administrator for the Settlements (the "Claims Administrator").

15. To further effectuate the provision of notice provided for herein, the Claims Administrator shall establish a toll-free telephone number and lease and maintain a post office box of adequate size for the return of Requests for Exclusion. All Settlement Notices shall designate said post office box as the return address for the purposes designated in the Settlement Notices. The Claims Administrator shall be responsible for the receipt of all responses to the Settlement Notices and, until further order of the Court, shall preserve all entries of appearance, Requests for Exclusion, and all other written communications from Settlement Class Members, nominees or any other person in response to the Settlement Notices.

16. On or before September 14, 2010, Class Lead Counsel shall cause to be filed with the Clerk of this Court affidavits or declarations of the person or persons under whose general direction the mailing of the Notice to Settlement Class Members, the posting of the Long-Form Notice and the Proof of Claim to the settlement website, the mailing of the Long-Form Notice to Settlement Class Members and current shareholders of the mutual funds that are successors to PBHG Funds Inc. who so request, the mailing of the Proof of Claim to Settlement Class Members who so request, and the publication of the Publication Notice shall have been made, showing that such mailing, posting and publication have been made in accordance with this Order.

17.    Class Lead Counsel shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons and entities who held shares of PBHG Funds during the Class Period as record owners but not as beneficial owners.  Such nominees who held such shares of PBHG Funds for the benefit of Settlement Class Members are directed to send a copy of the Notice to the beneficial owner of the shares postmarked no more than fourteen (14) days from their receipt of the Notice, or to provide the names and addresses of such persons no later than fourteen (14) days from their receipt of the Notice to the Claims Administrator, c/o The Garden City Group, Inc., at the address specified in the Notice, who shall promptly send a copy of the Notice to such beneficial owners.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.   Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Funds (to the extent permitted by the Stipulations).

## PAYMENT OF SETTLEMENT FUNDS

18.    The passage of title and ownership of the Settlement Funds to the respective Escrow Agents in accordance with the terms and obligations of the Stipulations is approved.  No person that is not a Settlement Class Member, the mutual funds that are successors to the PBHG Funds, or Plaintiffs' Counsel shall have any right to any portion of, or any rights in the distribution of, the Settlement Funds unless otherwise ordered by the Court or otherwise provided in the Stipulations.

19.    All funds held in the escrow accounts shall be deemed and considered to be *in custodia legis* and shall remain subject to the jurisdiction of the Court until such

time as such funds shall be distributed pursuant to the Stipulations and/or further order of the Court.

20.    As provided in the Stipulations (and subject to any limitations contained therein), Class Lead Counsel may pay the Claims Administrator the reasonable fees and costs associated with giving notice of the Settlements and the review of claims and administration of the Settlements out of the Settlement Fund without further order of the Court.

21.    Class Lead Counsel or its agents are authorized and directed to prepare any tax returns required to be filed for the Escrow Accounts and to cause any Taxes due and owing to be paid from the Escrow Accounts without further Order of the Court, and to otherwise perform all obligations with respect to Taxes and any reportings or filing in respect thereof as contemplated by the Stipulations without further order of the Court.

**PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENTS**

22.    **Final Settlement Hearing:**  The Court hereby schedules a hearing (the "Final Settlement Hearing") to be held before this Court on October 21-22, 2010, at 10:00 a.m., at the United States District Court for the District of Maryland, Baltimore Division, 101 W. Lombard Street, Baltimore Maryland 21201, for the following purposes:

(a)    to determine whether the Class Action should be finally certified, for settlement purposes, as a class action under Rules 23(a) and (b) of the Federal Rules of Civil Procedure;

(b)    to determine whether the proposed Settlements are fair, reasonable, and adequate, and should be approved by the Court;

11

(c)      to determine whether the Orders and Final Judgments as provided under the Stipulations should be entered, providing for the dismissal of claims on the merits and with prejudice as provided in the Stipulations, and to determine whether the releases set forth in the Stipulations should be provided;

(d)      to determine whether the proposed Plan of Allocation for the proceeds of the Settlements is fair and reasonable, and should be approved by the Court;

(e)      to consider the applications of Plaintiffs' Counsel for awards of attorneys' fees and expenses; and

(f)      to rule upon such other matters as the Court may deem appropriate. The Court expressly reserves the right to adjourn or continue the Final Settlement Hearing without any further notice to Settlement Class Members or shareholders of the mutual funds that are successors to PBHG Funds Inc. other than by an announcement of the adjournment at the scheduled time of the Final Settlement Hearing or at the scheduled time of any adjournment of the Final Settlement Hearing. The Court may consider modifications of any of the Settlements (with the consent of the relevant Settling Parties) without further notice to Settlement Class Members or shareholders of the mutual funds that are successors to PBHG Funds Inc.

23.      None of the Defendants, nor any other released person or party as defined in the respective Stipulations, shall have any responsibility whatsoever for the Plan of Allocation nor for any application for attorneys' fees expenses submitted by Plaintiffs' Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlements.

12

24. **Right to Request Exclusion from the Settlement Class:** Settlement Class Members shall be bound by all determinations and judgments in this Class Action, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such a request shall mail the request in written form by first-class mail to the addresses designated in the Long-Form Notice, such that it is received no later than September 21, 2010. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Settlement Class in the *In re Pilgrim Baxter Mutual Funds Litigation*, and must be signed by such person. Such persons requesting exclusion are also directed to provide the number of shares in the PBHG Funds that they held at the beginning of the Class Period, the end of the Class Period, and at the end of each calendar quarter during the Class Period. If a person requesting exclusion represents to the Claims Administrator (subject to verification) that this information is not available, such person may provide the number of shares that he, she or it held in the PBHG Funds at the end of each year ended 1999-2003. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

25. Any person or entity that requests to be and is excluded from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Funds as described in the Stipulations and the Settlement Notices.

26. **Deadline for Filing Objections to the Settlements.** Any Settlement Class Member or current shareholder of any of the mutual funds that are successors to

13

PBHG Funds Inc. may appear at the Final Settlement Hearing to show cause why the proposed Settlements should or should not be approved as fair, reasonable and adequate; why a judgment should or should not be entered thereon; why the Plan of Allocation should or should not be approved as fair and reasonable; or why Plaintiffs' Counsel should or should not be awarded attorneys' fees and payment of expenses in the amounts sought by Plaintiffs' Counsel; *provided*, *however*, that no Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlements, the Orders and Final Judgments to be entered approving the same, the proposed Plan of Allocation or the applications of Plaintiffs' Counsel for awards of attorneys' fees and expenses, unless no later than September 21, 2010 (the "Objection Deadline"), such Person has properly and timely served by hand or by first-class mail on the counsel set forth below written objections and copies of any supporting papers and briefs:

> Class Lead Counsel:
> Chad Johnson, Esq.
> William C. Fredericks, Esq.
> Jerald Bien-Willner, Esq.
> **Bernstein Litowitz Berger &**
>   **Grossmann LLP**
> 1285 Avenue of the Americas
> New York, NY 10019

and has filed by the Objection Deadline said objections, papers and briefs, showing due proof of such service upon all counsel identified above, via ECF or with the Clerk of the United States District Court for the District of Maryland, Baltimore Division, 101 W. Lombard Street, Baltimore, Maryland 21201. Objections by a Settlement Class Member must include information or documents concerning his, her or its holdings of shares in the PBHG Funds during the Class Period or a statement attesting to the fact that he, she or it held, purchased, or otherwise acquired shares in one or more of the PBHG

14

Funds during the Class Period. Objections to the Settlements of the Derivative Action must include information concerning the objector's current ownership of shares in one or more of the mutual funds that are successors to PBHG Funds Inc. Settlement Class Members or current shareholders who have not retained an attorney to represent them in connection with these Settlement proceedings may mail their objections to the Clerk of the Court, with a copy mailed to Class Lead Counsel, at the addresses listed above. Any objections received by the Court by mail will be filed and served by the Court via ECF. Class Lead Counsel shall promptly forward any objections that it receives to Derivative Counsel and Counsel for each of the Settling Defendants.

27.     Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of any of the Settlements, the Plan of Allocation, and/or the requests for attorneys' fees and expenses are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlements, the Plan of Allocation, and/or the applications of Plaintiffs' Counsel for awards of attorneys' fees and expenses and desire to present evidence at the Final Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the Final Settlement Hearing. Settlement Class Members and shareholders do not need to appear at the hearing or take any other action to indicate their approval. Settlement Class Members may retain an attorney at their own expense to appear at the Final Settlement Hearing, but there is no need for Settlement Class Members to retain an attorney and Settlement Class Members can appear at the hearing without hiring an attorney.

15

28.     Any Settlement Class Member or current shareholder of the mutual funds that are successors to PBHG Funds Inc. who does not object in the manner prescribed above shall be deemed to have waived such objection and shall be forever foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed Settlements as well as the Orders and Final Judgment to be entered approving the Settlements, the Order to be entered approving the Plan of Allocation or the applications of Plaintiffs' Counsel for awards of attorneys' fees and expenses, or from otherwise being heard concerning these subjects in this or any other proceeding, except for good cause shown. Objections raised at the Final Settlement Hearing will be limited to those previously submitted in writing.

29.     **Deadline for Submitting Motion Seeking Final Approval.** Plaintiffs shall submit their papers in support of final approval of the Settlements and the Plan of Allocation no later than September 14, 2010.

30.     **Deadline for Petition for Attorneys' Fees.** Plaintiffs' Counsel shall file with this Court their application for an award of attorneys' fees and litigation expenses no later than September 14, 2010.

31.     **Deadline for Reply Papers to Any Timely-Filed Objections.** All reply papers to any timely-filed objections shall be filed no later than October 6, 2010.

**PROOFS OF CLAIM; CLAIMS ADMINISTRATION**

32.     In order to be entitled to participate in the Net Settlement Funds, in the event the Settlements are effected in accordance with the terms and conditions set forth in the Stipulations, each Settlement Class Member must take the following actions and shall be subject to the following conditions:

(a)     A properly executed Proof of Claim, substantially in the form attached hereto as Exhibit 3, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Settlement Notices, postmarked no later than December 8, 2010.  Such deadline may be further extended by Court Order.  Each Proof of Claim shall be deemed to have been submitted when mailed (if properly addressed and mailed by first-class or overnight U.S. Mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an Order of the Court approving distribution of the Net Settlement Funds.  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Settlement Notices.

(b)     The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions:  (i) it must be properly completed, signed and submitted by the time set forth in the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the holdings reported therein, in the form of mutual fund statements, broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator, subject to the supervision of Class Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Settlement Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein, and must be signed under penalty of perjury.

17

(c)     As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlements) release all Released Claims against any of the released persons or parties, as defined in the respective Stipulations.

33.     The Claims Administrator shall administer the process of receiving, reviewing and approving or denying Proofs of Claim under Class Lead Counsel's supervision and subject to the jurisdiction of the Court. The administration of the proposed Settlements and the determination of all disputed questions of law and fact with respect to the validity of any Proof of Claim or right of any person or entity to participate in the distribution of any of the Net Settlement Funds shall be under the authority of this Court.

34.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an "Authorized Claimant," the following conditions shall apply:

(a)     Each Settlement Class Member must submit a Proof of Claim, supported by such documents as are designated therein, including proof of the transactions or balances, as the case may be, claimed and the losses incurred thereon, or such other documents or proof as the Claims Administrator, in its discretion, may deem acceptable;

(b)     All Proofs of Claim must be submitted by the date set forth in paragraph 32(a) above and specified in the Notice, unless such period is extended by Order of the Court. If a Settlement Class Member fails to submit a Proof of Claim by such date, he, she or its shall be forever barred from receiving any payment from the Net

18

Settlement Funds (unless, by Order of the Court, late-filed Proofs of Claim are accepted), but he, she or it shall in all other respects be bound by all of the terms of the Stipulations and the Settlements, including the terms of the Judgments to be entered in the Actions, and the releases provided for therein, and will be barred from bringing any action asserting any of the Released Claims against any of the released persons or parties, as defined in the respective Stipulations;

(c)     Each timely filed Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Class Lead Counsel;

(d)     The Claims Administrator shall determine in accordance with the Stipulations and the approved Plan of Allocation the extent, if any, to which each timely filed Proof of Claim shall be allowed, subject to review by the Court pursuant to subparagraph (f) below;

(e)     Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejection of a timely filed Proof of Claim, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy the curable deficiencies in such timely submitted Proof of Claim.     The Claims Administrator shall notify, in a timely fashion and in writing, all claimants whose timely submitted Proofs of Claim they propose to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose Proof of Claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of subparagraph (f) below;

(f)     If any claimant whose Proof of Claim has been rejected in whole or in part desires to contest such rejection, the claimant must, within twenty (20) days

19

after the date of mailing of the notice required in subparagraph (e) above, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection, along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Proof of Claim cannot be otherwise resolved, Class Lead Counsel shall thereafter present the request for review to the Court; and

      (g)    The administrative determinations of the Claims Administrator accepting and rejecting Proofs of Claim shall be presented to the Court, on notice to Counsel for the Settling Defendants, for approval by the Court.

      35.    Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Proof of Claim, and the Proof of Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that claimant's status as a Settlement Class Member and the validity and amount of the claimant's Proof of Claim. No discovery shall be allowed on the merits of the Actions or the Settlements in connection with processing of the Proofs of Claim.

      36.    All persons and entities whose Proofs of Claim are not approved by the Court shall be barred from participating in distributions from the Net Settlement Funds, but otherwise shall be bound by all of the terms of this Stipulations and the Settlements to the extent applicable, including the terms of the Judgments to be entered in the Actions and the releases provided for therein, and will be barred from bringing any action asserting any of the Released Claims against any of the released persons or parties, as defined in the respective Stipulations.

37.     The entirety of the Net Settlement Funds shall be distributed to Authorized Claimants by the Claims Administrator only after the Effective Date of each of the Settlements has occurred, and after: (i) all timely submitted Proofs of Claim have been processed, and all claimants whose timely submitted Proofs of Claim have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed timely submitted Proofs of Claim have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; (iii) all matters with respect to attorneys' fees, costs, and disbursements have been resolved by the Court, all appeals therefrom have been resolved or the time therefor has expired; and (iv) all costs of administration have been paid.

## EFFECT OF TERMINATION OF SETTLEMENT

38.     In the event any of the Settlements is properly terminated in accordance with the terms of the relevant Stipulation, that Stipulation, including any amendment(s) thereof, shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as provided in that Stipulation and the parties shall proceed as if they had not entered into that Stipulation.

39.     The Court retains exclusive jurisdiction over the Actions to consider all further matters arising out of or connected with the Settlements.

21

**SO ORDERED:**

Dated:  Baltimore, Maryland
_May ___ 19, 2010_

_____
J. FREDERICK MOTZ
United States District Judge

#425221.20

22

**SCHEDULE A**

PBHG Core Growth Fund

PBHG Emerging Growth Fund

PBHG Growth Fund

PBHG Large Cap 20 Fund (f/k/a PBHG Large Cap Growth Concentrated Fund)

PBHG Large Cap Growth Fund

PBHG Limited Fund (merged into PBHG Emerging Growth Fund)

PBHG Select Growth Fund (f/k/a PBHG Select Equity Fund)

PBHG Small Cap Fund (f/k/a PBHG Small Cap Value Fund)

PBHG Strategic Small Company Fund

PBHG Technology & Communications Fund

PBHG Cash Reserves Fund