## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION | MDL DOCKET 1586 |
| This Documents Relates To: IN RE ALLIANCE, TEMPLETON, BANK OF AMERICA/NATIONS FUNDS, AND PILGRIM BAXTER | Case No. 04-md-15862 (AMD) |
| ***ALLIANCE SUBTRACK*** | |

### AFFIDAVIT OF ERIC SCHACHTER
### REGARDING THE MAILING OF THE NOTICE

STATE OF MINNESOTA  )
                                       )   ss.:
COUNTY OF RICE          )

Eric Schachter, being duly sworn, deposes and says:

1.       I am a Senior Project Administrator at Rust Consulting, Inc. ("Rust").  Pursuant to the Court's Preliminary Order for Notice and Hearing in Connection with Settlement Proceedings in the Alliance Sub-Track (the "Preliminary Order") entered May 19, 2010, Rust was authorized to act as the Claims Administrator in connection with the settlements obtained in the Alliance Sub-track of *In re Mutual Funds Investment Litigation* (MDL 1586) (the "Settlements").  I have personal knowledge of the facts stated herein.

### <u>MAILING OF THE NOTICE</u>

2.       Pursuant to the Preliminary Order, Rust has been responsible for disseminating the Notice of Pendency and Proposed Settlements of Securities Class, Derivative and ERISA Class Actions, Motion For Attorneys' Fees and Expenses and Settlement Hearing (the "Notice") to potential

Class Members.  A true and correct copy of the Notice is attached hereto as Exhibit A.  The Notice

mailed was substantially in the form approved by the Court.

3.     On or about May 21, 2010, Rust received from defendant, Alliance Capital

Management L.P. (n/k/a AllianceBernstein L.P.) ("AllianceBernstein"), two data files containing the

names and addresses of 3,953,848 persons or entities who purchased certain mutual funds in the

AllianceBernstein Family of Mutual Funds advised or managed by AllianceBernstein during the period

from October 1, 1998 to September 30, 2003, inclusive (the "Class Funds").  Rust entered these names

and addresses into the Rust database created for the Settlements.  This data was electronically scrubbed

to ensure adequate addressing and the elimination of duplicate names and addresses, which resulted in

2,509,790 records for mailing.

4.     On June 30, 2010, Rust caused the names and addresses of the 2,509,790 records to be

printed on Notices and mailed by first-class mail.

5.     As in most securities class actions, many of the Investor Class Members are beneficial

holders of AllianceBernstein mutual funds whose shares are held in a "street name" – *i.e.*, the security

is purchased by banks, brokers and other third-party nominees in the name of the nominee, on behalf

of the beneficial holder.  Rust maintains a proprietary database with the names and addresses of

brokerage firms, banks, institutions and other nominee purchasers.  On June 30, 2010, Rust caused

Notices to be mailed to 2,566 of these brokerage firms, banks, institutions and other nominees.

6.     As the Court-appointed Claims Administrator for the Settlements, Rust handles

nominee and shareholder inquiries and communications regarding the Settlements.  In this regard, Rust

has received requests from brokers and other nominees to either send copies of the Notice to them for

distribution to their customers who held AllianceBernstein mutual funds, or to send copies of the

Notice to such customers whose identifying information they sent to Rust.  Through September 10, 2010, Rust has received requests from 42 brokers and other nominees, and an additional 1,905,347 Notices were mailed to potential Investor Class Members, directly or indirectly, and all such requests were complied with in a timely manner.  A schedule of brokers and other nominees who requested Notices is attached hereto as Exhibit B.

7.      As of September 10, 2010, 794,074 Notices have been returned to Rust by the United States Postal Service ("USPS") as undeliverable as addressed ("UAA").  Of those 794,074 Notices returned UAA, 15,166 had a forwarding address provided by the USPS and Rust re-mailed the Notice to these updated addresses.

8.      For Notices returned UAA with no forwarding address, Rust attempted to ascertain an updated address using LexisNexis, an information supplier to which Rust subscribes.  Rust was able to update 518,195 addresses using this service and Rust re-mailed the Notice to each of these updated addresses.

9.      As of September 10, 2010, Rust has mailed an aggregate of 4,951,064 Notices to potential Investor Class Members.

## **WEBSITE AND MAILING OF OTHER DOCUMENTS**

10.      Rust established and maintains a website for the Settlements, www.AllianceMutualFundLitigation.com (the "Website"), that enables Investor Class Members and other individuals, including current shareholders, to access important documents and information related to the Settlements.

11.      Pursuant to the Preliminary Order, on June 30, 2010, Rust caused a copy of the Proof of Claim and Release form ("Proof of Claim") and the Long-Form Notice of Pendency and Proposed

Settlements of Securities Class, Derivative and ERISA Class Actions, Motion for Attorneys' Fees and Expenses, and Settlement Hearing ("Long-Form Notice") to be posted on the Website. True and correct copies of the Proof of Claim and Long-Form Notice are attached hereto as Exhibits C and D.

12.     In addition to the Proof of Claim and Long-Form Notice, the Website also contains links to the mailed Notice, Preliminary Order, and other legal documents related to the Settlements; a listing of the deadlines for submitting requests for exclusion from the Investor Class, objections to the Settlements, and Proofs of Claim; detailed contact information for Rust; and a frequently asked questions section with questions and answers to commonly asked questions. As of September 10, 2010, the Website has had 3,668,584 total hits. Specifically, the web page containing the link to the Proof of Claim has been viewed 84,322 times; the web page containing links to the other legal documents related to the Settlements has been viewed 2,711 times; the web page containing the listing of important deadlines has been viewed 9,785 times; and the frequently asked questions section has been viewed 8,446 times.

13.     Rust, also pursuant to the Preliminary Order, made the Proof of Claim and Long Form-Notice available for mailing upon request from potential Investors Class Members and others, including current shareholders of the AllianceBernstein Funds. As of September 10, 2010, 18,452 Proofs of Claim and 188 Long-Form Notices were mailed to potential Investor Class Members and others upon request.

14.     On or about July 1, 2010, pursuant to the directive of Plaintiffs' Investor Lead Counsel and AllianceBernstein, Rust established a data portal on the Website that enabled potential Investor Class Members who held shares of the Class Funds directly with AllianceBernstein to accesss and print a statement of their year-end share balance positions during the Class Period in each of the Class

Funds ("Holdings Statements").[1]   As of September 10, 2010, the portal has been accessed 34,674 times.

15.     Rust also made the Holdings Statements available for mailing to potential Investor Class Members upon request.  As of September 10, 2010, 8,188 Holdings Statements were mailed to potential Investor Class Members.

## IVR

16.     Rust established a toll-free telephone number (866-759-5122) with an Interactive Voice Response System ("IVR") and live operators to assist potential Class Members with questions about the Settlements.  This system became operational on or about June 30, 2010.  The IVR and recorded information are available 24 hours a day, 7 days a week.  Live operators are available during regular business hours (Monday through Friday 8:00 a.m. to 5:00 p.m. (CST)).  As of September 10, 2010, Rust has received a total of 49,361 calls, of which 16,056 people chose to speak with a Rust administrator for assistance and were assisted in a timely manner.

## REPORT ON REQUESTS FOR EXCLUSION RECEIVED

17.     The Notice informs Investor Class Members that September 21, 2010 is the deadline for requesting exclusion from the Investor Class.  The Notice further advises Investor Class Members who wish to be exluded from the Investor Class to follow the instructions contained in the Long-Form Notice,     annexed     hereto     as     Exhibit     C,     available     on     the     Internet     at www.AllianceMutualFundLitigation.com.  Question 15 of the Long-Form Notice informs potential Investor Class Members that written requests for exclusion are to be mailed by first class mail, received no later than September 21, 2010, addressed to *In re Mutual Funds Investment Litigation – Alliance*

---

[1]   In addition to the data portal, the Website also contains additional suggestions on how potential claimants can obtain the necessary holding documentation for submission with the Proof of Claim.

*Sub-Track*, c/o Rust Consulting, Inc., Claims Administrator, P.O. Box 2308, Faribault, MN 55021-9308. Rust has monitored all mail that has been delivered to this Post Office Box. To date, Rust has received 27 requests for exclusion from the Investor Class. Attached hereto as Exhibit E is a report showing the requests for exclusion received to date. If additional requests for exclusion are received after the date of this affidavit, Rust will notify the parties and the Court.

## REPORT ON PROOFS OF CLAIM RECIEVED

18.     As of September 10, 2010, Rust has received 10,399 Proofs of Claim. Rust continues to receive Proofs of Claim on a daily basis. The deadline for the submission of Proofs of Claim, as set forth in the Notice, is December 8, 2010.

Eric Schachter

Sworn to before me this
*13th* day of September, 2010

Notary Public

MICHELLE D. LYNCH
Notary Public-Minnesota
My Commission Expires Jan 31, 2012

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION | MDL DOCKET 1586 |
| | Case Nos. 1:04-md-15862 (AMD) |
| This Document Relates To: | |
| IN RE ALLIANCE, TEMPLETON, BANK OF AMERICA/NATIONS FUNDS, AND PILGRIM BAXTER | 2:03-CV-5087 (E.D.N.Y.) |
| | 03 Civ. 7765 (S.D.N.Y.) |
| *ALLIANCE SUBTRACK* | 1:04-CV-00586 (S.D.N.Y.) |

### NOTICE OF PENDENCY AND PROPOSED SETTLEMENTS OF SECURITIES CLASS, DERIVATIVE AND ERISA CLASS ACTIONS, MOTION FOR ATTORNEYS' FEES AND EXPENSES AND SETTLEMENT HEARING

**IF YOU: (i) during the period from October 1, 1998 to September 30, 2003, inclusive, purchased and/or held shares in any mutual fund in the AllianceBernstein family of mutual funds advised or managed by Alliance Capital Management, L.P. (the "AllianceBernstein Funds" or "Funds") that was adversely affected by market timing and/or late trading (the "Class Funds") (as defined herein) (the "Investor Class"); or (ii) were a participant in or a beneficiary of the Alliance Plan[1] at any time between October 2, 1998 and September 30, 2003 and whose accounts included investments in the Class Funds (as defined herein) and Alliance Holding Units (the "ERISA Class"), you could receive a payment from the settlement of class action litigation. In addition, if you currently hold shares in one or more of the AllianceBernstein Funds, certain other rights may be affected by a settlement of a derivative action.**

### *A federal court authorized this Notice. This is not a solicitation from a lawyer.*

YOU ARE HEREBY NOTIFIED of a $74,586,650 cash settlement of securities class action, derivative action and ERISA[2] class action lawsuits affecting investors in the AllianceBernstein Funds, consolidated in the actions-captioned: *In re Mutual Funds Investment Litigation*, MDL-1586 (D. Md.), *In re Alliance, Franklin/Templeton, Bank of America, Pilgrim Baxter (Alliance Sub-track)*, No. 1:04-MD-15862-AMD (D. Md.), *Felicia Bernstein v. Alliance Capital Mgmt. Holding, L.P., et al.*, No. 2:03-CV-5087 (E.D.N.Y.) (the "Fund Derivative Action"), *Hindo et al. v. Growth & Income Fund et al.*, 03 Cv. 7765-PKC (S.D.N.Y.) (the "Investor Class Action"), and *Martine Stansbery, Jr. v. AXA Fin., Inc., et al.*, No. 1:04-CV-00586 (S.D.N.Y.) (the "ERISA Class Action") (collectively, the "Actions").[3] You may be eligible for a payment from the settlements (the "Settlements"), or you may act on other legal rights. **Important facts are highlighted below, and explained in detail in the Long-Form Notice of Pendency and Proposed Settlements of Securities Class, Derivative and ERISA Class Actions, Motion for Attorneys' Fees and Expenses and Settlement Hearing (the "Long-Form Notice") available at www.AllianceMutualFundLitigation.com or by calling (866) 759-5122.** The terms of the Settlements are embodied in a series of Stipulations and Agreements of Settlement with the Settling Entities[4] (the "Stipulations") also available on the website.

*NOTE: This Notice (except with respect to the OAG/Canary recovery described below) concerns the settlement of private lawsuits. These Settlements are distinct from the settlements that government regulators, including the Securities and Exchange Commission ("SEC"), previously reached concerning market-timing and late trading in AllianceBernstein mutual funds. Any payment that you may be eligible for under this private settlement is in addition to any payment you may receive or may have already received from the SEC and/or other regulators. For more information about the SEC litigation, see:*

*http://www.sec.gov/divisions/enforce/claims/alliance.htm.*

---

[1]  The Alliance Plan includes any profit sharing plan for the employees of Alliance Capital Management, L.P. or AllianceBernstein L.P. whose participants included members of the ERISA Class.

[2]  "ERISA" refers to the Employee Retirement Income Security Act of 1974, Pub.L. 93-406, 88 Stat. 829.

[3]  Investor Lead Counsel brought the class action, described herein, to represent and pursue the claims of all holders of the AllianceBernstein Funds alleged to have been potentially injured by market-timing or late trading in such Fund(s) during the Class Period. In connection with the settlement, Investor Lead Counsel hired an expert to examine the trading records of the AllianceBernstein Funds and to investigate which of the AllianceBernstein Funds, if any, and thereby their holders, had been potentially affected, and after a thorough review, Investor Lead Counsel's expert determined that only certain mutual funds in the AllianceBernstein family of mutual funds had been potentially damaged (the "Class Funds").

[4]  The "Settling Entities" are: (i) Alliance Capital Management Holding, L.P., Alliance Capital Management L.P. (n/k/a AllianceBernstein L.P.), Alliance Capital Management Corporation (n/k/a AllianceBernstein Corporation), AXA Financial, Inc., AXA S.A., The Equitable Life Assurance Society of the United States, n/k/a AXA Equitable Life Insurance Company, AllianceBernstein Investment Research and Management, Inc. (n/k/a AllianceBernstein Investments, Inc.), Alliance Global Investor Services, Inc. (n/k/a AllianceBernstein Investor Services, Inc.), each of the AllianceBernstein Funds, John D. Carifa, Marc O. Mayer, Michael J. Laughlin, Roger Hertog, Bruce W. Calvert, Hank Brennan, Gerald Malone, Charles Schaffran, Mark D. Gersten and Wayne D. Lyski, and each of the current and former subsidiaries, affiliates, officers, directors and trustees of the foregoing institutions, companies and AllianceBernstein Funds (the "Alliance Settling Defendants"); (ii) Banc of America Securities LLC ("BAS"); (iii) Bear, Stearns & Co. Inc. (n/k/a J.P. Morgan Securities Inc.), Bear, Stearns Securities Corp. (n/k/a J.P. Morgan Clearing Corp.), and The Bear Stearns Companies Inc. (n/k/a The Bear Stearns Companies LLC) (collectively, the "Bear Stearns Defendants"); (iv) Canary Capital Partners, LLC, Canary Capital Partners, Ltd., Canary Investment Management, LLC, and Edward J. Stern (collectively, the "Canary Defendants"); and (v) Daniel G. Calugar and Security Brokerage, Inc. (now known as Symphonic Alpha, LLC) (the "Security Brokerage Defendants"). The proposed Settlements will resolve all claims in the Actions against the Settling Entities as well as other related parties (the "Released Parties").

- **The Mutual Funds** (as defined herein) are the issuers of the Class Funds[4] identified in the **APPENDIX** attached hereto, and are described collectively in this Notice as the "Class Funds."
- **Time Period:** October 1, 1998 through September 30, 2003, inclusive.
- **Total Settlement Amount:** $74,586,650 million (the "Settlement Fund") plus interest earned on the Settlement Fund (the "Gross Settlement Fund"). The Settlement Fund is comprised of: (i) $30,000,000 paid on behalf of the Alliance Settling Defendants, (ii) $6,458,400 paid on behalf of BAS (of which $1,017,900 is targeted for notice related costs), (iii) $1,232,000 paid on behalf of the Bear Stearns Defendants, (iv) $1,065,000 paid on behalf of the Canary Defendants, and (v) $35,831,250 paid on behalf of the Security Brokerage Defendants. In addition to these amounts, Investor Lead Counsel will distribute $2,130,000 plus interest, which was obtained by the Office of the New York Attorney General ("OAG") in a settlement with the Canary Defendants, to the Investor Class. Further details about the Settlements are available in the Long-Form Notice available at www.AllianceMutualFundLitigation.com.
- **Statement of Recovery:** Based on Plaintiffs' estimate of the number of shares in the Class Funds entitled to participate in the Settlements,[5] and assuming that all such shares entitled to participate in the Settlements do so, Plaintiffs estimate that the average recovery per eligible share (before deduction of Court-awarded attorneys' fees and expenses and the costs of providing notice and administering the Settlements, and not including the Canary/OAG payment) for Investor Class Members will be as follows:

### AVERAGE RECOVERY PER ELIGIBLE SHARE

| Class Fund[6] | Average Recovery per Eligible Share |
|---|---|
| Alliance International Fund | $0.3655 |
| AllianceBernstein Americas Government Income Trust | $0.0013 |
| AllianceBernstein Balanced Shares | $0.0076 |
| AllianceBernstein Bond Fund – AllianceBernstein Corporate Bond Portfolio | $0.0037 |
| AllianceBernstein Disciplined Value Fund | $0.0253 |
| AllianceBernstein Emerging Market Debt Fund | $0.0114 |
| AllianceBernstein Global Small Cap Fund | $0.0324 |
| The AllianceBernstein Portfolios – AllianceBernstein Growth Fund | $0.0933 |
| AllianceBernstein Growth and Income Fund | $0.0007 |
| AllianceBernstein High Yield Fund | $0.0046 |
| AllianceBernstein Mid-Cap Growth Fund | $0.0538 |
| Alliance National Municipal Income Fund | $0.0060 |
| AllianceBernstein New Europe Fund | $0.3737 |
| AllianceBernstein Premier Growth Fund | $0.0096 |
| AllianceBernstein Real Estate Investment Fund | $0.0198 |
| AllianceBernstein Quasar Fund | $0.3827 |
| AllianceBernstein Trust – AllianceBernstein Small Cap Value Fund | $0.0103 |
| AllianceBernstein Technology Fund | $0.1588 |
| AllianceBernstein Bond Fund – AllianceBernstein U.S. Government Portfolio | $0.0031 |

**Please note that the foregoing amounts are only estimates.** Further detail is available in the Long-Form Notice. A Class Member's recovery will depend on, among other things: (1) the total number of claims filed; (2) the particular Fund(s) in which the Class Member held shares; (3) the number of shares the Class Member held in the Class Funds during the Class Period; (4) when a Class Member purchased or sold his, her or its shares; (5) administration costs, including the costs of notice, for the Actions; and (6) the amount awarded by the Court for attorneys' fees and expenses. Distributions to members of the Classes and/or the Class Funds will be made based on the Plan of Allocation set forth in the Long-Form Notice on pages 10-14. The derivative recovery will be computed after distribution to the Classes and will be paid to the Class Funds as set forth in the Plan of Allocation set forth in the Long-Form Notice on pages 10-14.

- **Reasons for Settlement:** The settlement of the Actions, among other things, avoids the substantial costs and risks from continuing the lawsuits; pays money to investors; and releases all Settling Entities and certain related parties from other lawsuits based on matters at issue in the Actions. All defendants participating in the Settlements deny any wrongdoing.

---

[5] Plaintiffs estimate that approximately 3,553,948,208 shares in the Class Funds were owned during the Class Period.
[6] Fund names as set forth in the above Table indicate the names of the funds as of the end of the Class Period. For present fund names, as well as prior names existing during the Class Period, please see the **APPENDIX** attached hereto.

- **If the Actions Had Not Settled:** Plaintiffs and the Settling Entities could have faced an uncertain outcome. The parties disagree about, among other things: (1) whether the defendants engaged in market-timing and late trading practices during the Class Period; (2) whether, and to what extent, such conduct was unlawful; (3) whether the Alliance Settling Defendants made any false or misleading statements; (4) whether shares in the Class Funds were adversely affected by any such market-timing and late trading practices; (5) whether the Plaintiffs were damaged by defendants' conduct; and (6) the amount of any such damage. In addition, Plaintiffs and the Settling Entities disagree on how much money could have been awarded even if Plaintiffs had won at a trial.

- **Attorneys' Fees and Expenses:** Plaintiffs' Counsel have performed their work in these Actions on a contingent-fee basis. The Court-appointed lawyers for the Plaintiffs will ask the Court for reimbursement of outstanding expenses in an amount not to exceed $815,000, plus interest. Plaintiffs' Counsel will also jointly apply for an award of attorneys' fees not to exceed 20% of the Gross Settlement Fund, for their efforts in connection with the Actions, including investigating the facts, litigating the case, and negotiating the Settlements. In addition, Court-appointed Plaintiffs' Administrative Chair and Liaison Counsel, Tydings & Rosenberg LLP, will apply for an award of attorneys' fees and expenses of an additional 1.25% of the Gross Settlement Fund for its efforts on behalf of Plaintiffs. If the above requested amounts are approved by the Court, for each of the Class Funds, the average cost of attorneys' fees and expenses per share will be equal to approximately 22% of the average recovery per eligible share as set forth in the table above. **Please note that this amount is only an estimate.**

- **Plaintiffs' Representatives:** Michael K. Yarnoff, Barroway Topaz Kessler Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, Pennsylvania 19087 (610-667-7706) (counsel for the Investor Class Plaintiffs); H. Adam Prussin, Pomerantz Haudek Grossman & Gross LLP, 100 Park Avenue, New York, New York 10017 (212-661-1100) (counsel for the Fund Derivative Plaintiffs); Samuel K. Rosen, Harwood Feffer LLP, 488 Madison Avenue, 8th Floor, New York, New York 10019 (212-935-7400) (counsel for the ERISA Class Plaintiff); and John B. Isbister, Tydings & Rosenberg LLP, 100 East Pratt Street, 26th Floor, Baltimore, Maryland 21202 (410-752-9700) (Plaintiffs' Administrative Chair). If you want to be represented by your own lawyer, you may hire one at your own expense and enter an appearance in the Actions.

- **Summary Description of the Actions:** Starting on October 2, 2003, a series of putative securities class action complaints were filed against Alliance Capital Management L.P. (n/k/a AllianceBernstein L.P.) and related entities in the United States District Court for the Southern District of New York. These actions alleged market-timing and late trading in the AllianceBernstein Funds in violation of the federal securities laws. Market-timing is an investment technique involving short-term, "in and out" trading of mutual fund shares, designed to exploit inefficiencies in the way mutual fund companies price their shares. Late trading is an investment practice whereby investors are permitted to place orders to buy, sell or exchange mutual fund shares using the day's net asset value ("NAV") after the 4:00 p.m. eastern time cut-off, capitalizing on post-4:00 p.m. information. On October 8, 2003, the first derivative action resulting from the same alleged market-timing and late trading practices was filed in the United States District Court for the Eastern District of New York, and subsequently, the first ERISA class action complaint was filed in the United States District Court for the Southern District of New York on October 20, 2003.

In the weeks that followed, numerous additional suits were filed throughout the country against the Alliance Settling Defendants and other of the Settling Entities, as well as various other mutual fund families identified as being involved in regulatory market-timing and late trading investigations. On February 20, 2004, the Judicial Panel on Multi-District Litigation issued an order centralizing all of these actions in one multi-district docket in the United States District Court for the District of Maryland under the caption *MDL-1586 - In re Mutual Funds Investment Litigation* (the "MDL Actions"). On September 29, 2004, consolidated amended complaints were filed in the Actions. Claims were asserted in the Actions against persons and entities affiliated with the AllianceBernstein Funds, including the investment advisor to the AllianceBernstein Funds and its affiliates, as well as unaffiliated entities, including alleged market-timers and other parties that were alleged to have participated in or facilitated the market timers' trading of the AllianceBernstein Funds. On February 25, 2005, defendants moved to dismiss the complaints. On August 25, 2005, the Honorable J. Frederick Motz issued an order addressing common issues presented in the MDL Actions.

Discussions of possible settlements of the Actions proceeded with various groups of defendants at various times throughout the litigation, and agreements to settle the Actions with each group of defendants were reached at various times. When the tentative agreement to settle the Actions with the Alliance Settling Defendants was reached, the Court had not yet ruled on the motions to dismiss filed by the Alliance Settling Defendants.

- **Deadlines:**
  - **Submit a Proof of Claim and Release Form: December 8, 2010**
    - Members of the Investor Class are required to submit a valid and timely Proof of Claim and Release form in order to participate in the Settlements. A copy of the Proof of Claim and Release form can be obtained at www.AllianceMutualFundLitigation.com or by calling (866) 759-5122. With respect to shares purchased through the Alliance Plan, ERISA Class Members need not submit a Proof of Claim in order to receive a payment from the Settlement Fund, but the Alliance Plan must do so. *See* Long-Form Notice for more details.
    - If the Settlements are approved, distributions to eligible members of the Classes will be made pursuant to the Plan of Allocation set forth in the Long-Form Notice. If any settlement funds remain following distribution to the Classes, such funds shall be distributed to the Class Funds in proportion to the harm to each fund as determined by Investor Lead Counsel's expert.
  - **Request Exclusion from the Investor Class: September 21, 2010**
    - Members of the Investor Class may elect to be excluded from the Investor Class. Members of the ERISA Class may not opt-out of the ERISA Class. If you are a member of the Investor Class and you request to be excluded from the Investor Class, you will

not be bound by the Settlements, the Plan of Allocation, or counsel's application for attorneys' fees and reimbursement of expenses. You will not be legally bound by the Settlements or any related events relating to this lawsuit and you may be able to pursue the claims that are being released in the Settlements. This is the only option that allows you to file or participate in another lawsuit against the Settling Entities or their related parties concerning any claims of market-timing, late trading, or short-term or excessive trading in the AllianceBernstein Funds during the Class Period, including all claims that were or could have been brought in these Actions. If you wish to exclude yourself from the Investor Class, please follow the instructions contained in the Long-Form Notice (available at www.AllianceMutualFundLitigation.com). If you choose not to exclude yourself from the Investor Class and the Court approves the Settlements and enters the binding judgments, any claims that you may have against the Settling Entities and their related parties relating to the market-timing or late trading in the AllianceBernstein Funds will be released forever.

- ▪ The Settling Entities shall have the option to withdraw from the Settlements in the event that certain threshold levels of investors who would otherwise be entitled to participate as members of the Investor Class timely and validly exclude themselves from the Investor Class.

o **Submit an Objection to the Settlements: September 21, 2010**

- ▪ Members of the Classes may object to the Settlements, the Plan of Allocation, or counsel's request for attorneys' fees and reimbursement of expenses for any reason. To object, a member of the Investor Class or ERISA Class must notify the Court and counsel for Investor Class Plaintiffs, on behalf of all counsel (at the addresses and in the manner set out in the Long-Form Notice), in writing, of his, her or its reason(s) for the objection. Objections must be *received* no later than September 21, 2010. Members of the Investor Class may object *only if* they remain in the Investor Class. Excluding yourself from the Investor Class constitutes telling the Court that you do not want to be part of the Settlements. If you exclude yourself from the Settlements, you have no basis to object because the case no longer affects you.

- ▪ If you are a current shareholder of one of the AllianceBernstein Funds, and will continue to own shares in one of the AllianceBernstein Funds through the date of the settlement hearing, you also have the right to object to the Settlements of the Derivative Action, the proposed Plan of Allocation, and the request for attorneys' fees and expenses with respect to the Derivative Action. Any such objections must be submitted to the Court and delivered to counsel for Investor Class Plaintiffs, on behalf of all counsel (at the addresses and in the manner set out in the Long-Form Notice) so that they are *received* no later than September 21, 2010.

o **Court Hearing on Fairness of Settlements: October 21 and 22, 2010**

- ▪ The Court will hold a settlement hearing at the United States District Court for the District of Maryland, 101 West Lombard Street, Baltimore, MD 21201, Courtroom 1A, on October 21 and 22, 2010 at 10:00 a.m. At this hearing, the Court will consider whether to grant final approval to the Settlements and Plan of Allocation. The Court may also consider Plaintiffs' Counsel's applications for attorneys' fees and expenses at this time. You may apply to the Court for permission to appear at this hearing. You may retain an attorney, at your own expense, to represent you at this hearing. Further detail is available in the Long-Form Notice. Please note the date of the settlement hearing is subject to change without further notice. If you plan to attend the hearing, you should check the website, www.AllianceMutualFundLitigation.com, or with one of Plaintiffs' Representatives listed above to be sure that no change to the date and time of the hearing has been made.

- • **Special Notice to Nominees:** If you held or purchased shares in one or more of the Class Funds during the period from October 1, 1998 to September 30, 2003, inclusive as nominee for a beneficial owner, then within ten (10) days after you receive this Notice, you must either: (i) send a copy of the Notice by first class mail to all such beneficial owners; or (ii) provide a list of the names and addresses of such beneficial owners to the Claims Administrator, Rust Consulting, Inc. at P.O. Box 2308, Faribault, MN 55021-9308.

  - ▪ If you choose to mail the Notice yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of this document as you will need to complete the mailing. Copies of the Notice can also be obtained from the website www.AllianceMutualFundLitigation.com, or by calling (866) 759-5122.

  - ▪ Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for reasonable administrative costs actually incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

- • **More Information:**
  - ▪ Visit the Website: www.AllianceMutualFundLitigation.com.
  - ▪ Write the Claims Administrator: *In re Mutual Funds Investment Litigation – Alliance Sub-Track*, c/o Rust Consulting, Inc., P.O. Box 2308, Faribault, MN 55021-9308.
  - ▪ Call toll-free: (866) 759-5122.
  - ▪ Email questions to: Info@AllianceMutualFundLitigation.com.
  - ▪ The Stipulations and all other papers filed in the Actions are available for inspection in the Clerk's office at the United States District Court for the District of Maryland, 101 West Lombard Street, Baltimore, MD 21201, during regular business hours.

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE**

DATED: May 19, 2010

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

1. **Alliance International Fund**[7]

2. **Alliance National Municipal Income Fund**[8]

3. **AllianceBernstein Americas Government Income Trust** (f/k/a Alliance Americas Government Income Trust , Alliance North American Government Income Trust)[9]

4. **AllianceBernstein Balanced Shares** (f/k/a Alliance Balanced Shares)

5. **AllianceBernstein Bond Fund – AllianceBernstein Corporate Bond Portfolio** (f/k/a Alliance Bond Fund – Corporate Bond Portfolio)[10]

6. **AllianceBernstein Bond Fund – AllianceBernstein U.S. Government Portfolio** (f/k/a Alliance Bond Fund – U.S. Government Portfolio)[11]

7. **AllianceBernstein Disciplined Value Fund** (f/k/a Alliance Disciplined Value Fund)[12]

8. **AllianceBernstein Emerging Market Debt Fund** (f/k/a Alliance Emerging Market Debt Fund, Alliance Global Dollar Government Fund)[13]

9. **AllianceBernstein Global Small Cap Fund** (f/k/a Alliance Global Small Cap Fund)[14]

10. **AllianceBernstein Growth and Income Fund** (f/k/a Alliance Growth and Income Fund)

11. **AllianceBernstein High Yield Fund** (f/k/a Alliance High Yield Fund)[15]

12. **AllianceBernstein Mid-Cap Growth Fund** (f/k/a The Alliance Fund, Alliance Mid-Cap Growth Fund)[16]

13. **AllianceBernstein New Europe Fund** (f/k/a Alliance New Europe Fund)[17]

14. **AllianceBernstein Premier Growth Fund** (f/k/a Alliance Premier Growth Fund)[18]

15. **AllianceBernstein Real Estate Investment Fund** (f/k/a Alliance Real Estate Investment Fund)[19]

16. **AllianceBernstein Quasar Fund** (f/k/a Alliance Quasar Fund)[20]

17. **AllianceBernstein Technology Fund** (f/k/a Alliance Technology Fund)[21]

18. **AllianceBernstein Trust – AllianceBernstein Small Cap Value Fund**[22]

19. **The AllianceBernstein Portfolios – AllianceBernstein Growth Fund** (f/k/a The Alliance Portfolios – Alliance Growth Fund)

---

[*] Fund names printed in bold indicate the names as of the end of the Class Period
[7] Acquired by AllianceBernstein Trust – AllianceBernstein International Value Fund in May 2002
[8] Now known as AllianceBernstein National Municipal Income Fund
[9] Became AllianceBernstein Global Government Income Trust in February 2006; now known as AllianceBernstein Global Bond Fund
[10] Merged with AllianceBernstein High Yield Fund and AllianceBernstein Emerging Market Debt Fund to form AllianceBernstein High Income Fund in January 2008
[11] Acquired by AllianceBernstein Bond Fund – AllianceBernstein Intermediate Bond Portfolio in November 2007
[12] Now known as AllianceBernstein Focused Growth & Income Fund
[13] Merged with AllianceBernstein High Yield Fund and AllianceBernstein Bond Fund – AllianceBernstein Corporate Bond Portfolio to become AllianceBernstein High Income Fund in January 2008
[14] Liquidated in February 2005
[15] Merged with AllianceBernstein Bond Fund – AllianceBernstein Corporate Bond Portfolio and AllianceBernstein Emerging Market Debt Fund to form AllianceBernstein High Income Fund in January 2008
[16] Now known as AllianceBernstein Small/Mid-Cap Growth Fund
[17] Merged into AllianceBernstein International Research Growth Fund in July 2005
[18] Now known as AllianceBernstein Large Cap Growth Fund
[19] Now known as AllianceBernstein Global Real Estate Fund
[20] Now known as AllianceBernstein Cap Fund – AllianceBernstein Small Cap Growth Portfolio
[21] Became AllianceBernstein Global Technology Fund in December 2004; now known as AllianceBernstein Global Thematic Growth Fund
[22] Now known as AllianceBernstein Trust – AllianceBernstein Small/Mid Cap Value Fund

IN RE MUTUAL FUNDS INVESTMENT LITIGATION - ALLIANCE SUB-TRACK
C/O RUST CONSULTING, INC.
CLAIMS ADMINISTRATOR
PO BOX 2326
FARIBAULT, MN  55021-9026

FIRST-CLASS MAIL
U.S. POSTAGE

**PAID**

Rust Consulting, Inc.

**IMPORTANT LEGAL NOTICE**

# Exhibit B

## Schedule of Brokers and Other Nominees

### Requests for Notices

| Date | Broker | Notices Mailed |
|---|---|---|
| 7/7/2010 | Deutsche Bank | 2,880 |
| 7/12/2010 | Morgan Stanley Smith Barney | 91,992 |
| 7/13/2010 | Morgan Stanley Smith Barney | 2,491 |
| 7/15/2010 | PrimeVest Financial | 6,779 |
| 7/15/2010 | Wells Fargo Investments, LLC | 9,444 |
| 7/15/2010 | J.P. Morgan Chase | 17,820 |
| 7/16/2010 | First Southwest | 385 |
| 7/19/2010 | Fauver Keyse-Walker & Donovan | 12 |
| 7/20/2010 | Mutual of Omaha - N. Palmieri | 3 |
| 7/20/2010 | Deutsche Bank | 7,392 |
| 7/20/2010 | Southwest Securities, Inc. | 6,109 |
| 7/21/2010 | Western Gage Corporation | 28 |
| 7/21/2010 | Fidelity Investments | 105,793 |
| 7/22/2010 | Hilliard Lyons | 2,346 |
| 7/23/2010 | Edward Jones | 48,238 |
| 7/23/2010 | Hilliard Lyons | 31 |
| 7/26/2010 | MetLife Financial | 257 |
| 7/27/2010 | Milberg, LLP | 13 |
| 7/29/2010 | Robert W. Baird & Co | 20,104 |
| 7/29/2010 | Pershing | 236,627 |
| 7/29/2010 | KeyBanc Capital Markets, Inc. | 18,005 |
| 7/30/2010 | Charles Schwab | 97 |
| 8/4/2010 | Ameriprise Financial | 34,371 |
| 8/4/2010 | Piper Jaffray | 28,770 |
| 8/5/2010 | Barroway Topaz Kessler Meltzer Check, LLP | 4 |
| 8/5/2010 | Wells Fargo Investments | 9,448 |
| 8/5/2010 | David Lerner Associates | 9 |
| 8/6/2010 | Charles Schwab | 40,674 |
| 8/6/2010 | RBC Wealth Management | 42,814 |
| 8/9/2010 | Fidelity Investments | 35,529 |
| 8/11/2010 | Peoples Securities | 73 |
| 8/12/2010 | Morgan Stanley Smith Barney | 238,744 |
| 8/12/2010 | Janney Montgomery Scott, LLC | 18,004 |
| 8/13/2010 | AXA Advisors, LLC | 30,726 |
| 8/18/2010 | Goldman Sachs & Co | 82 |
| 8/23/2010 | First Clearing | 444,809 |
| 8/24/2010 | Citigroup | 403,654 |
| 8/24/2010 | William Lyerly | 7 |
| 9/3/2010 | Charles Schwab | 35 |
| **Total** | | **1,904,599** |

### Bulk Requests

| Date | Broker | Notices Mailed |
|---|---|---|
| 8/10/2010 | Goldman, Sachs & Co | 50 |
| 9/2/2010 | USAA Broadridge | 300 |
| | | |
| **Total** | | **350** |

### Labels Received

| Date | Broker | Notices Mailed |
|---|---|---|
| 8/26/2010 | Stern, Agee, & Leach, Inc. | 398 |
| | | |
| **Total** | | **398** |

| **Total Notices Sent to Potential Class Members** | **1,905,347** |
|---|---|

# Exhibit C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION | MDL DOCKET 1586 |
| | Case Nos.  1:04 md-15862 (AMD) |
| This Document Relates To: | 2:03-CV-5087 (E.D.N.Y.) |
| IN RE ALLIANCE, TEMPLETON, BANK OF AMERICA/ NATIONS FUNDS, AND PILGRIM BAXTER | 03 Civ. 7765 (S.D.N.Y.) |
| ***ALLIANCE SUBTRACK*** | 1:04-CV-00586 (S.D.N.Y.) |

## PROOF OF CLAIM AND RELEASE

## I. GENERAL INSTRUCTIONS

A.  To recover as a member of the Investor Class based on your claims in the Alliance Sub-Track of the *In re Mutual Funds Investment Litigation* (MDL No. 1586), No. 1:04-MD-15862 (AMD) (the "Action"), you must complete this Proof of Claim and Release form ("Proof of Claim").  If you fail to submit a Proof of Claim by the deadline, your claim may be rejected and you may be precluded from receiving any recovery from the Settlement Fund created in connection with the proposed Settlements of the Action.[1]

B.  Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement Fund created in this Action.

C.  YOU MUST COMPLETE AND SUBMIT YOUR PROOF OF CLAIM VIA MAIL **POSTMARKED ON OR BEFORE DECEMBER 8, 2010,** ADDRESSED TO THE CLAIMS ADMINISTRATOR AS FOLLOWS:

*In re Mutual Funds Investment Litigation – Alliance Sub-Track*
**c/o Rust Consulting, Inc.**
**Claims Administrator**
**P.O. Box 2308**
**Faribault, MN  55021-9308**

If you are NOT a member of the Investor Class, as defined in the Notice of Pendency and Proposed Settlements of Securities Class, Derivative and ERISA Class Actions  and Settlement Hearing which you may have received in the mail or in the Long-Form Notice of Pendency and Proposed Settlements of Securities Class, Derivative and ERISA Class Actions, Motion for Attorneys' Fees and Expenses and Settlement Hearing (the "Long-Form Notice") found at www.AllianceMutualFundLitigation.com, DO NOT submit a Proof of Claim.

<u>Please Note</u>:  This litigation also involves an ERISA class action.  Members of the ERISA Class are not required to submit a Proof of Claim.  Rather, a Proof of Claim will be sent to the Alliance Plan for it to file a Proof of Claim on behalf of the Alliance Plan and its participants.  To the extent that any ERISA Class Members also owned shares of the Class Funds directly (*i.e.*, not through the Alliance Plan), they will need to follow the claims process required for Investor Class Members in order to be eligible for payment with respect to those shares.

D.  If you are a member of the Investor Class, you are bound by the terms of any final judgments and orders entered in the Action, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

---

[1] Investor Lead Counsel brought the Action to represent and pursue the claims of all holders of the AllianceBernstein Funds who, according to Investor Lead Counsel, had been injured by market-timing or late trading during the Class Period.  In connection with the settlement, Investor Lead Counsel hired an expert to examine the trading records of the AllianceBernstein Funds and to investigate which of the AllianceBernstein Funds, if any, and thus their holders, had been potentially damaged, and after a thorough review, Investor Lead Counsel's expert determined that only certain mutual funds in the AllianceBernstein family of mutual funds had been potentially damaged as a result of market-timing and/or late trading (the "Class Funds").  Only those Funds that were determined to have been potentially damaged are Class Funds, and only the holders of Class Funds are members of the Investor Class.

## II. INSTRUCTIONS FOR CLAIMANT IDENTIFICATION SCHEDULE

A.  If you purchased and/or held shares in one or more of the mutual funds in the AllianceBernstein family of mutual funds advised or managed by Alliance Capital Management, L.P. during the period from October 1, 1998 to September 30, 2003, inclusive (the "Class Period"), and the fund or funds in which you purchased and/or held shares during the Class Period was found by Investor Lead Counsel's expert to have been potentially damaged as a result of market-timing and/or late trading (referred to herein as the "Class Funds," which are set forth in the attached **APPENDIX**), and held the share(s) in your name, you are the beneficial owner as well as the record owner.  If, however, the share(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner and the third party is the record owner.

B.  Use Part I of this form entitled "Claimant Identification" to identify each owner of record ("nominee"), if different from the beneficial owner of the shares of the Class Funds which form the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNER(S), OR THE LEGAL REPRESENTATIVE OF SUCH OWNER(S) OF THE SHARES OF THE CLASS FUNDS UPON WHICH THIS CLAIM IS BASED.

C.  All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons or entities represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in the rejection of your claim.

## III. INSTRUCTIONS FOR SCHEDULE OF TRANSACTIONS

A.  In the space provided below, supply all required details of your holding(s) in the Class Funds.  If you need more space, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

B.  Please provide the requested information with respect to *all* of your holdings in the Class Funds during the period from October 1, 1998 to September 30, 2003, inclusive.  Failure to report all such information may result in the rejection of your claim.

C.  You will also need to submit supporting documentation concerning the number of shares you held in each of the Class Funds during the relevant calendar years.  In most cases, your year-end mutual fund statements from the relevant 1998-2003 period will be sufficient.  Failure to provide this documentation could delay verification of your claim or result in the rejection of your claim.  If you did not hold any shares in a particular Fund during a particular calendar year, you do not need to submit documentation of your lack of holdings.

D.  The requests are designed to provide the minimum amount of information necessary to process the most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses.  In some cases where the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the hiring of an accounting expert at the Claimant's cost.

<table>
<tr><td>

**MUST BE POSTMARKED**

**NO LATER THAN:**

**DECEMBER 8, 2010**
</td><td>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*In re Mutual Funds Investment Litigation -*
*Alliance Sub-Track*
**No. 1:04-MD-15862 (AMD)**
</td><td>

FOR OFFICIAL USE ONLY
</td></tr>
</table>

## PROOF OF CLAIM AND RELEASE

PLEASE TYPE OR PRINT USING BLACK OR BLUE INK.

## PART I. CLAIMANT IDENTIFICATION - *(COMPLETE EITHER SECTION A OR B AND THEN PROCEED TO C. PLEASE TYPE OR PRINT.)*

A. Complete this Section ONLY if the Beneficial Owner is an individual, joint, or IRA account.  Otherwise, proceed to B

Last Name (Beneficial Owner)

First Name (Beneficial Owner)

Last Name (Joint Beneficial Owner, if applicable)

First Name (Joint Beneficial Owner)

*Name of IRA Custodian, if applicable*

If this account is an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA account, please include "IRA" in the "Last Name" box above (e.g., Jones IRA).

B. Complete this Section ONLY if the Beneficial Owner is an Entity; i.e., corporation, trust, estate, etc.  Then, proceed to C.

Entity Name

Name of Representative, if applicable (Executor, administrator, trustee, c/o, etc.)

C. Account/Mailing Information:

Specify one of the following:

☐ Individual(s)   ☐ Joint   ☐ Corporation   ☐ UGMA Custodian   ☐ IRA   ☐ Partnership   ☐ Estate   ☐ Trust

☐ Other:

Number and Street and P.O. Box

City

State

Zip Code

Foreign Province and Postal Code

Foreign Country

Telephone Number (Day)

Telephone Number (Evening)

E-mail Address

Account Number

Enter Taxpayer Identification Number below for the Beneficial Owner(s).

Social Security No. (for individuals)          or     Taxpayer Identification No.

*ALNC*          *1-4*

## PART II: HOLDINGS IN THE CLASS FUNDS

Please report in the Table below the number of shares you held in each of the Class Funds listed below at (or around) the end of each calendar year (which should be contained in your year-end mutual fund statements from the relevant 1998-2003 period).  If you held shares in more than one account, please complete a separate Table for each such account.

Account Number:

Name of Account Holder:

Account Held at :  ☐ AllianceBernstein   or   ☐ Elsewhere *(Name)*:

| Class Fund[1] | Number of Shares Held at (or around) December 31, 1998 | Number of Shares Held at (or around) December 31, 1999 | Number of Shares Held at (or around) December 31, 2000 | Number of Shares Held at (or around) December 31, 2001 | Number of Shares Held at (or around) December 31, 2002 | Number of Shares Held at (or around) December 31, 2003 |
|---|---|---|---|---|---|---|
| Alliance International Fund | | | | | | |
| AllianceBernstein Americas Government Income Trust | | | | | | |
| AllianceBernstein Balanced Shares | | | | | | |
| AllianceBernstein Bond Fund – AllianceBernstein Corporate Bond Portfolio | | | | | | |
| AllianceBernstein Disciplined Value Fund | | | | | | |
| AllianceBernstein Emerging Market Debt Fund | | | | | | |
| AllianceBernstein Global Small Cap Fund | | | | | | |
| The AllianceBernstein Portfolios - AllianceBernstein Growth Fund | | | | | | |
| AllianceBernstein Growth and Income Fund | | | | | | |
| AllianceBernstein High Yield Fund | | | | | | |
| AllianceBernstein Mid-Cap Growth Fund | | | | | | |
| Alliance National Municipal Income Fund | | | | | | |

| Class Fund[1] | Number of Shares Held at (or around) December 31, 1998 | Number of Shares Held at (or around) December 31, 1999 | Number of Shares Held at (or around) December 31, 2000 | Number of Shares Held at (or around) December 31, 2001 | Number of Shares Held at (or around) December 31, 2002 | Number of Shares Held at (or around) December 31, 2003 |
|---|---|---|---|---|---|---|
| AllianceBernstein New Europe Fund | | | | | | |
| AllianceBernstein Premier Growth Fund | | | | | | |
| AllianceBernstein Real Estate Investment Fund | | | | | | |
| AllianceBernstein Quasar Fund | | | | | | |
| AllianceBernstein Trust – AllianceBernstein Small Cap Value Fund | | | | | | |
| AllianceBernstein Technology Fund | | | | | | |
| AllianceBernstein Bond Fund – AllianceBernstein U.S. Government Portfolio | | | | | | |

[1] **If you own more than one class of stock in any Class Fund, sum the amounts for the classes.  Please Note:** Fund names as set forth above indicate the names of the funds as of the end of the Class Period.  For present fund names, as well as prior names existing during the Class Period, please see the **APPENDIX** attached hereto.

YOU MUST READ THE RELEASE AND SIGN THE CERTIFICATION SECTION OF THE PROOF OF CLAIM ON PAGES 3-4.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.

If you require additional space, attach extra tables in the same format as above.  Copies of broker's confirmations or other documentation evidencing your holdings in the Class Funds during the Class Period should be attached.

## PART III: SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGEMENTS

1. I (We) submit this Proof of Claim and Release under the terms of the Stipulations and Agreements of Settlement described in the Long-Form Notice.  I (We) also submit to the jurisdiction of the United States District Court for the District of Maryland with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein and any Final Judgments and Orders which may be entered in the Action.  I (We) further acknowledge that I (we) am (are) bound by and subject to the terms of any Final Judgments and Orders that may be entered in the Action.

2. I (We) agree to furnish additional information to the Claims Administrator to support this claim if required to do so.

3. I (We) am (are) a member of the Investor Class as defined in the Long-Form Notice and am (are) not one of the persons or entities excluded from the Investor Class (*i.e.*, defendants, members of the immediate family of each of the individual defendants, any subsidiary, affiliate, director, officer, or employee of any of the defendants, any entity in which any excluded person or entity has a controlling interest, or the legal representatives, heirs, successors and assigns of any excluded person or entity), and have not requested to be excluded from the Investor Class.

## PART IV: DEFINITIONS AND RELEASE

1. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, relinquish, discharge and release all "Settled Claims" against all "Released Persons," including "Unknown Claims," as those terms are defined, and contained, in the Stipulation and Agreement of Settlement dated November 4, 2009 between plaintiffs and the Alliance Settling Defendants (*i.e.,* Alliance Capital Management Holding, L.P., Alliance Capital Management L.P. (n/k/a AllianceBernstein L.P.), Alliance Capital Management Corporation (n/k/a AllianceBernstein Corporation), AXA Financial, Inc., AXA S.A., The Equitable Life Assurance Society of the United States, n/k/a AXA Equitable Life Insurance Company, AllianceBernstein Investment Research and Management, Inc. (n/k/a AllianceBernstein Investments, Inc.), Alliance Global Investor Services, Inc. (n/k/a AllianceBernstein Investor Services, Inc.), each of the AllianceBernstein Funds, and each of the current and former subsidiaries, affiliates, officers, directors and trustees of the foregoing institutions, companies and AllianceBernstein Funds.

2. I (We) also hereby acknowledge full and complete satisfaction of, and do hereby fully , finally and forever settle, relinquish, discharge and release: (i) all "Released Claims" against the "Bear Stearns Released Parties" including "Unknown Claims," as those terms are defined and contained in the Alliance/Bear Stearns Severed Agreement and Stipulation of Settlement dated January 15, 2010 entered into between plaintiffs and Bear, Stearns & Co. Inc., Bear, Stearns Securities Corp, and The Bear Stearns Companies Inc., currently known as J.P. Morgan Securities Inc., J.P. Morgan Clearing Corp. and The Bear Stearns Companies LLC, respectively; (ii) all "Released Claims" against the "Security Brokerage Released Parties" including "Unknown Claims," as those terms are defined and contained in the AllianceBernstein/Security Brokerage Severed Agreement and Stipulation of Settlement dated January 15, 2010 entered into between plaintiffs and Daniel G. Calugar and Security Brokerage, Inc. (now known as Symphonic Alpha, LLC); (iii) all "Released Claims" against the "Canary Released Parties" including "Unknown Claims," as those terms are defined and contained in the AllianceBernstein/Canary Severed Agreement and Stipulation of Settlement dated January 15, 2010 entered into between plaintiffs and Canary Capital Partners, LLC, Canary Capital Partners, Ltd., Canary Investment Management, LLC, and Edward Stern; and (iv) all "Released Claims" against the "Bank of America Released Parties," including "Unknown Claims," as those terms are defined and contained in the Alliance/BAS Severed Agreement and Stipulation of Settlement dated January 28, 2010 entered into between plaintiffs and Banc of America Securities LLC.  The foregoing settlement agreements can be found by visiting the settlement website, www.AllianceMutualFundLitigation.com.  In addition, for more information regarding the claims released by the Settlements, please visit the settlement website and click on the "Releases" tab.

3. This release shall be of no force or effect unless and until the Court gives final approval to the Settlements and the Effective Dates for the Settlements occur.

## PART V: REPRESENTATIONS

1. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

2. I (We) hereby warrant and represent that I (we) have included information about all of my (our) holdings in the Class Funds during the Class Period and the number of shares of such Class Funds held by me (us) at the end of each calendar year during the Class Period (1998-2003).

3. I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a) (1) (c) of the Internal Revenue Code.

   **NOTE:** If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I declare under penalty of perjury under the laws of the State of Maryland and the United States of America that the foregoing information supplied by the undersigned is true and correct and that this Proof of Claim was executed

this _____ day of _____, ___ ___ ___ in _____, ___ ___, _____.
                *(Month)*                        *(Year)*            *(City, State, Country)*

|  |  |
|---|---|
| *(Sign your name here)* | *(Sign your name here)* |
| *(Type or print your name here)* | *(Type or print your name here)* |
| *(Capacity of persons signing, e.g., Beneficial Purchaser, Executor or Administrator)* | *(Capacity of persons signing, e.g., Beneficial Purchaser, Executor or Administrator)* |

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME
THANK YOU FOR YOUR PATIENCE**



## REMINDER CHECKLIST

1. Please read and sign the certification section of the Proof of Claim and Release on pages 3-4.

2. If this claim is being made on behalf of joint claimants, both must sign.

3. Remember to attach supporting documentation, if available.

4. Do not send original stock certificates.

5. Keep a copy of your Proof of Claim and Release and all documents submitted for your records.

6. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

7. If you move, please send the Claims Administrator your new address.

**THESE FORMS AND YOUR SUPPORTING DOCUMENTATION
MUST BE POSTMARKED NO LATER THAN DECEMBER 8, 2010.**

**APPENDIX\***

1. **Alliance International Fund**[2]

2. **Alliance National Municipal Income Fund**[3]

3. **AllianceBernstein Americas Government Income Trust** (f/k/a Alliance Americas Government Income Trust, Alliance North American Government Income Trust)[4]

4. **AllianceBernstein Balanced Shares** (f/k/a Alliance Balanced Shares)

5. **AllianceBernstein Bond Fund – AllianceBernstein Corporate Bond Portfolio** (f/k/a Alliance Bond Fund – Corporate Bond Portfolio)[5]

6. **AllianceBernstein Bond Fund – AllianceBernstein U.S. Government Portfolio** (f/k/a Alliance Bond Fund – U.S. Government Portfolio)[6]

7. **AllianceBernstein Disciplined Value Fund** (f/k/a Alliance Disciplined Value Fund)[7]

8. **AllianceBernstein Emerging Market Debt Fund** (f/k/a Alliance Emerging Market Debt Fund, Alliance Global Dollar Government Fund)[8]

9. **AllianceBernstein Global Small Cap Fund** (f/k/a Alliance Global Small Cap Fund)[9]

10. **AllianceBernstein Growth and Income Fund** (f/k/a Alliance Growth and Income Fund)

11. **AllianceBernstein High Yield Fund** (f/k/a Alliance High Yield Fund)[10]

12. **AllianceBernstein Mid-Cap Growth Fund** (f/k/a The Alliance Fund, Alliance Mid-Cap Growth Fund)[11]

13. **AllianceBernstein New Europe Fund** (f/k/a Alliance New Europe Fund)[12]

14. **AllianceBernstein Premier Growth Fund** (f/k/a Alliance Premier Growth Fund)[13]

15. **AllianceBernstein Real Estate Investment Fund** (f/k/a Alliance Real Estate Investment Fund)[14]

16. **AllianceBernstein Quasar Fund** (f/k/a Alliance Quasar Fund)[15]

17. **AllianceBernstein Technology Fund** (f/k/a Alliance Technology Fund)[16]

18. **AllianceBernstein Trust – AllianceBernstein Small Cap Value Fund**[17]

19. **The AllianceBernstein Portfolios – AllianceBernstein Growth Fund** (f/k/a The Alliance Portfolios – Alliance Growth Fund)

---

\* Fund names printed in bold indicate the names as of the end of the Class Period

[2] Acquired by AllianceBernstein Trust – AllianceBernstein International Value Fund in May 2002

[3] Now known as AllianceBernstein National Municipal Income Fund

[4] Became AllianceBernstein Global Government Income Trust in February 2006; now known as AllianceBernstein Global Bond Fund

[5] Merged with AllianceBernstein High Yield Fund and AllianceBernstein Emerging Market Debt Fund to form AllianceBernstein High Income Fund in January 2008

[6] Acquired by AllianceBernstein Bond Fund – AllianceBernstein Intermediate Bond Portfolio in November 2007

[7] Now known as AllianceBernstein Focused Growth & Income Fund

[8] Merged with AllianceBernstein High Yield Fund and AllianceBernstein Bond Fund – AllianceBernstein Corporate Bond Portfolio to become AllianceBernstein High Income Fund in January 2008

[9] Liquidated in February 2005

[10] Merged with AllianceBernstein Bond Fund – AllianceBernstein Corporate Bond Portfolio and AllianceBernstein Emerging Market Debt Fund to form AllianceBernstein High Income Fund in January 2008

[11] Now known as AllianceBernstein Small/Mid-Cap Growth Fund

[12] Merged into AllianceBernstein International Research Growth Fund in July 2005

[13] Now known as AllianceBernstein Large Cap Growth Fund

[14] Now known as AllianceBernstein Global Real Estate Fund

[15] Now known as AllianceBernstein Cap Fund – AllianceBernstein Small Cap Growth Portfolio

[16] Became AllianceBernstein Global Technology Fund in December 2004; now known as AllianceBernstein Global Thematic Growth Fund

[17] Now known as AllianceBernstein Trust – AllianceBernstein Small/Mid Cap Value Fund

# Exhibit D

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION | MDL DOCKET 1586 |
| | Case Nos. 1:04-md-15862 (AMD) |
| This Document Relates To: | 2:03-CV-5087 (E.D.N.Y.) |
| IN RE ALLIANCE, TEMPLETON, BANK OF | 03 Civ. 7765 (S.D.N.Y.) |
| AMERICA/NATIONS FUNDS, AND PILGRIM BAXTER | 1:04-CV-00586 (S.D.N.Y.) |
| ***ALLIANCE SUBTRACK*** | |

**LONG-FORM NOTICE OF PENDENCY AND PROPOSED SETTLEMENTS OF SECURITIES CLASS,**
**DERIVATIVE AND ERISA CLASS ACTIONS,**
**MOTION FOR ATTORNEYS' FEES AND EXPENSES, AND SETTLEMENT HEARING**

*TO:  (I) ALL PERSONS WHO, DURING THE PERIOD FROM OCTOBER 1, 1998 TO SEPTEMBER 30, 2003, INCLUSIVE, PURCHASED AND/OR HELD SHARES IN ANY MUTUAL FUND IN THE ALLIANCEBERNSTEIN FAMILY OF MUTUAL FUNDS ADVISED OR MANAGED BY ALLIANCE CAPITAL MANAGEMENT, L.P. (THE "ALLIANCEBERNSTEIN FUNDS" OR "FUNDS") THAT WAS ADVERSELY AFFECTED BY MARKET TIMING AND/OR LATE TRADING (THE "CLASS FUNDS," AS DEFINED HEREIN) (THE "INVESTOR CLASS"), (II) ALL PERSONS WHO WERE PARTICIPANTS IN OR BENEFICIARIES OF THE ALLIANCE PLAN[1] AT ANY TIME BETWEEN OCTOBER 2, 1998 AND SEPTEMBER 30, 2003 AND WHOSE ACCOUNTS INCLUDED INVESTMENTS IN THE CLASS FUNDS AND ALLIANCE HOLDING UNITS (THE "ERISA[2] CLASS"), AND (III) CURRENT SHAREHOLDERS OF THE ALLIANCEBERNSTEIN FUNDS.*

***A federal court authorized this Notice.  This is not a solicitation from a lawyer.***

**The Mutual Funds (or Securities) At Issue In The Class Actions:**  Investor Lead Counsel brought the class action, described herein, to represent and pursue the claims of all holders of shares in those AllianceBernstein Funds alleged to have been damaged by market-timing or late trading during the Class Period.  In connection with settlement, Investor Lead Counsel hired an expert to examine the trading records of the AllianceBernstein Funds and to investigate which of the AllianceBernstein Funds, if any, and thereby their holders, had been potentially damaged, and, after a thorough review, Investor Lead Counsel's expert concluded that only the mutual funds set forth in the **APPENDIX** attached hereto (the "Class Funds") have been potentially damaged as a result of market-timing and/or late trading.

**The Settlement Classes:**  If you purchased and/or held shares in any of the Class Funds from October 1, 1998 to September 30, 2003, inclusive (the "Class Period"), you are a member of the Investor Class.[3]  If you were a participant in or a beneficiary of the Alliance Plan at any time between October 2, 1998 and September 30, 2003, and your account(s) included investments in the Class Funds and Alliance Holding Units, you are a member of the ERISA Class.  Together, the Investor Class and ERISA Class are referred to as the "Classes."  If you are a member of the Investor Class or ERISA Class, your rights will be affected by the proposed settlements described herein (the "Settlements"), and you may be entitled to a payment from the settlement proceeds.

**Derivative Settlement:**  If you currently hold shares in one or more of the AllianceBernstein Funds, certain other rights may be affected.

---

[1]   The Alliance Plan includes any profit sharing plan for the employees of Alliance Capital Management, L.P. or AllianceBernstein L.P. whose participants included members of the ERISA Class.

[2]   "ERISA" refers to the Employee Retirement Income Security Act of 1974, Pub.L. 93-406, 88 Stat. 829.

[3]   Certain persons and entities are excluded from the Investor Class as discussed below in Question 7.

**Total Settlement Amount and Statement of Recovery:**  As more fully described in Question 10 below, the proposed Settlements collectively provide for payment of $74,586,650 in cash (the "Settlement Fund") plus interest earned on the Settlement Fund (the "Gross Settlement Fund").   The Settlement Fund is comprised of: (i) $30,000,000 paid on behalf of the Alliance Settling Defendants (as defined below), (ii) $6,458,400 paid on behalf of Banc of America Securities LLC, (iii) $1,232,000 paid on behalf of the Bear Stearns Defendants (as defined below), (iv) $35,831,250 paid on behalf of the Security Brokerage Defendants (as defined below), and (v) $1,065,000 paid on behalf of the Canary Defendants (as defined below).   In addition to these amounts, Investor Lead Counsel will distribute $2,130,000 plus interest, which was obtained by the Office of the New York Attorney General ("OAG") in a settlement with the Canary Defendants, to the Investor Class.

Based on Investor Class Plaintiffs' estimate of the number of shares in the Class Funds entitled to participate in the Settlements,[4] and assuming that all such shares entitled to participate do so, Investor Class Plaintiffs estimate that the average recovery per eligible share (before deduction of Court-awarded attorneys' fees and expenses and the costs of providing notice and administering the Settlements, and not including the OAG/Canary payment) for Investor Class Members will be as follows:

## TABLE 1:  AVERAGE RECOVERY PER ELIGIBLE SHARE

| Class Fund[5] | Average Recovery per Eligible Share |
|---|---|
| Alliance International Fund | $0.3655 |
| AllianceBernstein Americas Government Income Trust | $0.0013 |
| AllianceBernstein Balanced Shares | $0.0076 |
| AllianceBernstein Bond Fund – AllianceBernstein Corporate Bond Portfolio | $0.0037 |
| AllianceBernstein Disciplined Value Fund | $0.0253 |
| AllianceBernstein Emerging Market Debt Fund | $0.0114 |
| AllianceBernstein Global Small Cap Fund | $0.0324 |
| The AllianceBernstein Portfolios – AllianceBernstein Growth Fund | $0.0933 |
| AllianceBernstein Growth and Income Fund | $0.0007 |
| AllianceBernstein High Yield Fund | $0.0046 |
| AllianceBernstein Mid-Cap Growth Fund | $0.0538 |
| Alliance National Municipal Income Fund | $0.0060 |
| AllianceBernstein New Europe Fund | $0.3737 |
| AllianceBernstein Premier Growth Fund | $0.0096 |
| AllianceBernstein Real Estate Investment Fund | $0.0198 |
| AllianceBernstein Quasar Fund | $0.3827 |
| AllianceBernstein Trust – AllianceBernstein Small Cap Value Fund | $0.0103 |
| AllianceBernstein Technology Fund | $0.1588 |
| AllianceBernstein Bond Fund – AllianceBernstein U.S. Government Portfolio | $0.0031 |

---

[4]    Plaintiffs estimate that approximately 3,553,948,208 shares in the Class Funds were owned during the Class Period.

[5]    Fund names as set forth in Table 1 indicate the names of the funds as of the end of the Class Period.  For present fund names, as well as prior names existing during the Class Period, please see the **APPENDIX** attached hereto.

**Please Note: The average amounts listed above are only estimates**.  A Class Member's actual recovery will depend on, among other things: (i) the total number of claims filed; (ii) the particular Fund(s) in which the Class Member held shares; (iii) the number of shares the Class Member held in the Class Funds during the Class Period; (iv) when a Class Member purchased or sold his, her or its shares; (v) administrative costs, including the costs of notice, for the class action lawsuit, derivative lawsuit and ERISA lawsuit as described below (the "Actions"); and (vi) the amount awarded by the Court for attorneys' fees and expenses.  Distributions to the Classes or the Class Funds will be made based on the Plan of Allocation set forth in this Notice.  Any distribution to the Class Funds in settlement of the derivative litigation will be made following the distribution to the Classes, and will be made in proportion to the harm to each fund as determined by Investor Lead Counsel's expert.  *See* the Plan of Allocation at pages 10-14 below.  Any residual amounts distributed to the Class Funds are considered to be part of the global settlement of both the class and derivative actions.

**Statement of Potential Outcome of Case:**  Plaintiffs and the Settling Entities (as defined below) disagree on the amount of damages per share, if any, that would be recoverable if Plaintiffs prevailed on their claims at trial.  The issues on which the parties disagree are discussed below in *The Circumstances of the Settlement*, on page 5.

**The Securities Class Action Lawsuit:**  This Notice relates to five proposed Settlements of claims in a pending class action lawsuit.  A description of the class action lawsuit and the claims alleged in that lawsuit can be found on page 7.  The "Settling Entities" are:  (i) Alliance Capital Management Holding, L.P., Alliance Capital Management L.P. (n/k/a AllianceBernstein L.P.), Alliance Capital Management Corporation (n/k/a AllianceBernstein Corporation), AXA Financial, Inc., AXA S.A., The Equitable Life Assurance Society of the United States, n/k/a AXA Equitable Life Insurance Company, AllianceBernstein Investment Research and Management, Inc. (n/k/a AllianceBernstein Investments, Inc.), Alliance Global Investor Services, Inc. (n/k/a AllianceBernstein Investor Services, Inc.), each of the AllianceBernstein Funds, John D. Carifa, Marc O. Mayer, Michael J. Laughlin, Roger Hertog, Bruce W. Calvert, Hank Brennan, Gerald Malone, Charles Schaffran, Mark D. Gersten and Wayne D. Lyski, and each of the current and former subsidiaries, affiliates, officers, directors and trustees of the foregoing institutions, companies and AllianceBernstein Funds (the "Alliance Settling Defendants")[6]; (ii) Banc of America Securities LLC ("BAS"); (iii) Bear, Stearns & Co. Inc. (n/k/a J.P. Morgan Securities Inc.), Bear, Stearns Securities Corp. (n/k/a J.P. Morgan Clearing Corp.), and The Bear Stearns Companies Inc. (n/k/a The Bear Stearns Companies LLC) (collectively, the "Bear Stearns Defendants"); (iv) Daniel G. Calugar and Security Brokerage, Inc. (now known as Symphonic Alpha, LLC) (the "Security Brokerage Defendants"); and (v) Canary Capital Partners, LLC, Canary Capital Partners, Ltd., Canary Investment Management, LLC, and Edward J. Stern (collectively, the "Canary Defendants").  The proposed Settlements will resolve all claims in the Actions against the Settling Entities as well as other released parties (the "Released Parties").  *See* Question 2 below for more information.

**The ERISA Class Action Lawsuit:**  In addition, the Settlements resolve class action litigation over whether the Alliance Settling Defendants, as fiduciaries of the Alliance Plan, breached their duties to participants and beneficiaries of the Alliance Plan in violation of the Employee Retirement Income Security Act by playing an active role in implementing unlawful mutual fund trading methods utilized at Alliance Capital Management Corporation to artificially dilute the value of certain investment alternatives within the Alliance Plan, namely, the Class Funds (and ultimately, the Alliance Holding Units) or had intimate knowledge of these activities.  *See* Question 2 below for more information.

**The Derivative Lawsuit:**  The proposed Settlements also resolve derivative litigation against many of the same parties over whether certain managers, investment advisers and trustees of the AllianceBernstein Funds breached their fiduciary and contractual duties to the AllianceBernstein Funds by allowing improper trading practices to occur in the Funds, and whether other defendants violated applicable laws by engaging in or facilitating such trading.  The derivative lawsuit is brought derivatively on behalf of the AllianceBernstein Funds, and not on behalf of the individual shareholders of the Funds.  *See* Questions 2 and 4 below for more information.

---

[6]   The term "Alliance Settling Defendants" includes all individuals currently or formerly associated with any of the Alliance Settling Defendants or any of the AllianceBernstein Funds and all registrants that issued shares in each of the aforesaid mutual funds, and the successors, predecessors and assigns of each of the foregoing.

**Attorneys' Fees and Expenses:**  Investor Lead Counsel, ERISA Class Counsel and Fund Derivative Counsel (together, "Plaintiffs' Lead Counsel") have litigated their respective Actions on a contingent-fee basis and have advanced the expenses of litigation with the expectation that if they were successful in recovering money for the Classes and the Funds, they would receive fees and be reimbursed for their litigation expenses from the Gross Settlement Fund, as is customary in this type of litigation.  Court-appointed Plaintiffs' Lead Counsel will apply to the Court for attorneys' fees not to exceed 20% of the Gross Settlement Fund and reimbursement of litigation expenses not to exceed $815,000, plus interest on this amount at the same rate and for the same time period as earned by the Gross Settlement Fund, also to be paid from the Gross Settlement Fund.  In addition, Court-appointed Plaintiffs' Administrative Chair and Liaison Counsel, which has also performed its work on a contingent basis, will apply for an award of attorneys' fees and expenses of 1.25% of the Gross Settlement Fund.  If the above amounts are approved by the Court, for each of the Class Funds the average cost of attorneys' fees and expenses per share will be equal to approximately 22% of the average cost per eligible share as set forth in Table 1 above.  **Please note that this amount is only an estimate.**

***NOTE: This Notice (except with respect to the OAG/Canary recovery described above) concerns the settlement of private lawsuits.  These Settlements are distinct from the settlements that government regulators, including the Securities and Exchange Commission ("SEC"), previously reached concerning market-timing and late trading in AllianceBernstein mutual funds.  Any payment that you may be eligible for under this private settlement is in addition to any payment you may receive or may have already received from the SEC and/or other regulators.  For more information about the SEC litigation, see:***

### ***http://www.sec.gov/divisions/enforce/claims/alliance.htm***

**Deadlines:**

| | |
|---|---|
| **Submit Proof of Claim:** | **December 8, 2010** |
| **Request Exclusion:** | **September 21, 2010** |
| **Submit Objection:** | **September 21, 2010** |
| **Court Hearing on Fairness of Settlement:** | **October 21 and 22, 2010** |

**More Information:**

**Claims Administrator:**
Rust Consulting, Inc.
P.O. Box 2308
Faribault, MN  55021-9308
(866) 759-5122

**Investor Lead Counsel:**
Michael K. Yarnoff, Esq.
Jennifer L. Enck, Esq.
**Barroway Topaz Kessler
  Meltzer & Check, LLP**
280 King of Prussia Road
Radnor, PA  19087
Telephone:  (610) 667-7706

**Fund Derivative Counsel:**
Stanley M. Grossman, Esq.
H. Adam Prussin, Esq.
**Pomerantz Haudek Grossman
  & Gross LLP**
100 Park Avenue
New York, NY  10017
Telephone:  (212) 661-1100

**ERISA Class Counsel:**
Robert I. Harwood, Esq.
Samuel K. Rosen, Esq.
Matthew M. Houston, Esq.
Peter W. Overs, Jr., Esq.
**Harwood Feffer LLP**
488 Madison Avenue, 8th Floor
New York, NY  10019
Telephone:  (212) 935-7400

**Plaintiffs' Administrative Chair
and Liaison Counsel:**
John B. Isbister, Esq.
**Tydings & Rosenberg LLP**
100 East Pratt Street, 26th Floor
Baltimore, MD  21202
Telephone:  (410) 752-9700

***Your legal rights are affected whether you act or do not act.  Please read this Notice carefully.***

### The Circumstances of the Settlement

The principal reason for Plaintiffs' consent to the Settlements is to provide a benefit to the Classes and, with respect to the derivative litigation, the Class Funds or their successor funds. This benefit must be compared to the risk that a lesser recovery, or even no recovery at all, might be achieved after contested motions, a trial and likely appeals, possibly years into the future. While Plaintiffs' Lead Counsel believe Plaintiffs' claims were meritorious, they also recognize that further litigation of complex claims such as the ones brought in those Actions, including a trial, is a risky proposition and that Plaintiffs, the Classes, and the AllianceBernstein Funds, might not prevail on all their claims. Moreover, the claims advanced involve numerous complex legal and factual issues, including complicated trading practices, which would require voluminous discovery and extensive expert discovery and testimony, and would add considerably to the expenses and duration of the litigation. If the Actions were to proceed, Plaintiffs would have to overcome significant defenses. Among other things, the parties disagree about: (i) the method for determining whether shares in the AllianceBernstein Funds, or Class Funds, were damaged during the relevant period; (ii) the amount, if any, of any such damage, and the extent to which such shares had already been compensated for such damages; (iii) the extent, if any, to which various facts alleged by Plaintiffs influenced the trading price of such shares during the relevant period; (iv) whether the Alliance Settling Defendants made false or misleading statements; and (v) whether the Settling Entities acted with scienter and are liable under the federal securities laws. If the Actions went to trial, the extent of the Settling Entities' liability, if any, to the extent a jury found them liable, and the measure of the Classes' and the AllianceBernstein Funds' damages, if any, would be contested. These Settlements therefore enable the Classes to recover a substantial cash payment without incurring any additional risk or costs. As a result, Plaintiffs believe the Settlements provide a fair, reasonable, and adequate recovery for the Classes and the Class Funds or their successor funds.

In agreeing to the Settlements, the Settling Entities do not concede that the claims are valid or have merit. The Settling Entities have denied and continue to deny each and all of the claims and contentions alleged by the Plaintiffs in the Actions. The Settling Entities expressly have denied and continue to deny each and all charges of wrongdoing or liability against them arising out of any of the conduct alleged, or that could have been alleged, in the Actions. The Settling Entities have also denied and continue to deny, *inter alia*, any allegation that the Plaintiffs, the Classes or any of the AllianceBernstein Funds have suffered damages by reasons of alleged conduct by the Settling Entities or otherwise, and that the Plaintiffs, the Classes or any of the AllianceBernstein Funds were harmed by the conduct alleged in the Actions.

### YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENTS

| | |
|---|---|
| **SUBMIT A CLAIM** | The only way for Investor Class Members to receive a payment from the Settlement Fund. With respect to shares purchased through the Alliance Plan, ERISA Class Members need not submit a claim in order to receive a payment from the Settlement Fund, but the Alliance Plan must do so. |
| **EXCLUDE YOURSELF** | Receive no payment from the Settlement Fund. This is the only option that allows Investor Class Members to file or participate in another lawsuit against the Settling Entities, their related parties, Released Parties or Released Persons concerning the Settled Claims and Released Claims (as those terms are defined in the Stipulations described herein). |
| **OBJECT** | Unless you exclude yourself from the Investor Class, you may write to the Court if you do not like the Settlements, the proposed Plan of Allocation, or Plaintiffs' Counsel's request for attorneys' fees and expenses. |
| **GO TO A HEARING** | Unless you exclude yourself from the Investor Class, you may ask to speak in Court about the fairness of the Settlements, the proposed Plan of Allocation, or Plaintiffs' Counsel's request for attorneys' fees and expenses. |
| **DO NOTHING** | Investor Class Members will receive no payment from the Settlement Fund and will give up their rights with regard to the claims in this lawsuit. *See* Question 27 below. |

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice. Please note the date of the Settlement Hearing – currently scheduled for October 21 and 22, 2010 – is subject to change without further notice. If you plan to attend the hearing, you should check the website, www.AllianceMutualFundLitigation.com, or with Investor Lead Counsel, Fund Derivative Counsel or ERISA Class Counsel as set forth above to be sure that no change to the date and time of the hearing has been made.

- The Court in charge of the Actions still has to decide whether to approve the Settlements. Payments will be made to members of the Classes or the Class Funds if the Court approves the Settlements and that approval is upheld if any appeals are filed. Please be patient.

### BASIC INFORMATION

**PAGE**

1.   What is the purpose of this Long-Form Notice?......................................................................................7
2.   What is this lawsuit about?........................................................................................................................7
3.   Why is the Class Action a class action?...................................................................................................8
4.   Why is the Derivative Action a derivative action?.................................................................................8
5.   Why is there a settlement?........................................................................................................................8
6.   How do I know if I am part of the Settlements?.....................................................................................9
7.   What are the exceptions to being included?............................................................................................9
8.   Who is affected by the Settlements of the Derivative Action?..............................................................9
9.   I am still not sure if I am included?..........................................................................................................9
10.  What do the Settlements provide?............................................................................................................9
11.  How much will my payment be?.............................................................................................................10
12.  How will I receive a payment?................................................................................................................14
13.  When will I receive my payment?...........................................................................................................14
14.  What am I giving up by staying in the Investor Class?.......................................................................15
15.  How do I exclude myself from the Investor Class?..............................................................................15
16.  If I do not exclude myself, can I sue the Settling Entities for the same thing later?.........................15
17.  Can I exclude myself from the Derivative Action?..............................................................................16
18.  If I exclude myself, can I receive a payment from these Settlements?...............................................16
19.  Do I have a lawyer in this case?..............................................................................................................16
20.  How will the lawyers be paid?................................................................................................................16
21.  How do I tell the Court that I do not like the Settlements?.................................................................16
22.  What is the difference between objecting and excluding?...................................................................17
23.  How can I object to the Settlements of the Derivative Action?..........................................................17
24.  When and where will the Court decide whether to approve the Settlements?...................................17
25.  Do I have to come to the Settlement Hearing?......................................................................................17
26.  May I speak at the Settlement Hearing?................................................................................................17
27.  What happens if I do nothing at all?.......................................................................................................18
28.  Are there more details about the Settlements?.....................................................................................18

**BASIC INFORMATION**

## 1.  What Is the Purpose of This Long-Form Notice?

You or someone in your family (i) may have purchased and/or held shares during the period from October 1, 1998 to September 30, 2003, inclusive, in a mutual fund in the AllianceBernstein family of mutual funds advised or managed by Alliance Capital Management, L.P. that was adversely affected by market timing and/or late trading, (ii) may have been a participant in or beneficiary of the Alliance Plan at any time between October 2, 1998 and September 30, 2003 and your account included investments in the Class Funds and Alliance Holding Units, or (iii) may currently hold shares in one of the AllianceBernstein Funds.

If one of the foregoing descriptions applies to you, you have a right to know about proposed Settlements of the Actions, and about all of your options, before the Court decides whether to approve the Settlements.  If the Court approves the Settlements and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlements allow.

This Long-Form Notice explains the lawsuits, the Settlements, your legal rights, what benefits are available, who is eligible for them, and how to receive them.

## 2.  What Is This Lawsuit About?

On October 2, 2003, the first in a series of putative securities class action complaints to be filed against Alliance Capital Management L.P. (n/k/a AllianceBernstein L.P.) and related entities was filed in the United States District Court for the Southern District of New York, alleging market-timing and late trading in the AllianceBernstein family of mutual funds in violation of the federal securities laws.  Market-timing is an investment technique involving short-term, "in and out" trading of mutual fund shares, designed to exploit inefficiencies in the way mutual fund companies price their shares. Late trading is an investment practice whereby investors are permitted to place orders to buy, sell or exchange mutual fund shares using the day's net asset value ("NAV") after the 4:00 p.m. eastern time cut-off, capitalizing on information obtained after the close of the market.  On October 8, 2003, the first derivative action resulting from the same alleged market-timing and late trading practices was filed in the United States District Court for the Eastern District of New York, and subsequently, the first ERISA class action complaint was filed in the United States District Court for the Southern District of New York on October 20, 2003.

In the weeks that followed, numerous additional suits were filed in courts throughout the country against the Alliance Settling Defendants as well as various other mutual fund families identified as being involved in regulatory market-timing and late trading investigations.  On February 20, 2004, the Judicial Panel on Multi-District Litigation issued an order centralizing all of these actions in one multi-district docket in the United States District Court for the District of Maryland under the caption *MDL-1586 - In re Mutual Funds Investment Litigation* (the "MDL Actions").  By letters to counsel in the MDL Actions dated April 9, 2004 and April 12, 2004, the Court assigned four Judges to separate tracks of the MDL Actions, with multiple mutual fund families assigned to sub-tracks within each track.

On May 25, 2004, the Court issued a case management order coordinating all class actions and other direct cases involving Alliance, Franklin/Templeton, Bank of America/Nation Funds and Pilgrim Baxter mutual funds, as well as all cases filed on behalf of purchasers or holders of shares of the corporate parents of any of these entities or their investment advisors (including all cases brought nominally on behalf of the funds or corporate parents of the funds or their investment advisors and styled as derivative actions), for pretrial purposes under the caption *In re Alliance, Franklin/Templeton, Bank of America/Nations Funds, and Pilgrim Baxter*, Civil No. 04-md-15862.  By this same case management order, the Court appointed Philip Erickson as lead plaintiff for the consolidated class claims and Schiffrin & Barroway, LLP as lead class counsel for the MDL Alliance Sub-track ("Investor Lead Counsel"), and Pomerantz Haudek Block Grossman & Gross LLP as lead fund derivative counsel for the MDL Alliance Sub-track ("Fund Derivative Counsel").[7]   Additionally, Wechsler Harwood LLP has served as counsel for the ERISA class plaintiff in the MDL Alliance Sub-track ("ERISA Class Counsel").[8]

---

[7]  Since this appointment, Schiffrin & Barroway, LLP has changed its name to Barroway Topaz Kessler Meltzer & Check, LLP, and Pomerantz Haudek Block Grossman & Gross LLP has changed its name to Pomerantz Haudek Grossman & Gross, LLP.

[8]  Wechsler Harwood LLP has since changed its name to Harwood Feffer LLP.

On September 29, 2004, consolidated amended complaints were filed in the Actions (the "Complaints").  Claims were asserted in the Actions against persons and entities affiliated with the AllianceBernstein Funds, including the investment advisor to the AllianceBernstein Funds and its affiliates, as well as unaffiliated entities, including alleged market-timers and other parties that were alleged to have participated in or facilitated the market timers' trading of the AllianceBernstein Funds.  Specifically, plaintiffs in the securities class action asserted claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 ("Securities Act"), Sections 34(b), 36(a), 36(b) and 48(a) of the Investment Company Act of 1940 ("ICA"), and state law.  Likewise, the plaintiffs in the derivative action asserted claims under Sections 36(a), 36(b), 47 and 48 of the ICA, Sections 206 and 215 of the Investment Advisors Act of 1940 ("IAA"), and state law, and the plaintiff in the ERISA class action asserted claims under Sections 404, 405 and 406 of the Employee Retirement Income Security Act.  On February 25, 2005, defendants moved to dismiss the Complaints.

On August 25, 2005, the Honorable J. Frederick Motz issued an order addressing common issues presented in motions to dismiss filed by various defendants in the MDL Actions.  When the parties reached a tentative agreement to settle the Actions, executing their Memorandum of Understanding on April 21, 2006, the Court had not specifically ruled on the motions to dismiss filed by the Alliance Settling Defendants.  On May 12, 2006, the parties in the Alliance Sub-track submitted a proposed order to the Court, which deferred ruling on the motions filed by the Alliance Sub-track Defendants due to a motion to stay filed on May 5, 2006.

Discussions of possible settlements of the Actions proceeded with various groups of defendants at various times throughout the litigation.  The Canary Defendants reached the first agreement in principle to settle and provided cooperation to Plaintiffs in pursuing their claims against the other defendants.  Subsequently, agreements in principle to settle were reached with the other Settling Entities.

### 3.   Why is the Class Action a class action?

In a class action, one or more individuals or entities called class representatives (in the securities class action, the court-appointed lead plaintiff, Philip L. Erickson, and additional plaintiff Nadine Geller (together, the "Investor Class Plaintiffs") and in the ERISA class action, Martine Stansbery, Jr. (the "ERISA Class Plaintiff")) sue on behalf of individuals and entities who have similar claims.  All of these individuals and entities who have similar claims are referred to collectively as a class, or individually as a class member.  One court resolves the issues for all class members, except for those who exclude themselves from the settlement.  Here, the United States District Court for the District of Maryland, the Honorable J. Frederick Motz and the Honorable Catherine C. Blake, is in charge of the securities and ERISA Class Actions as well as the Derivative Action.

### 4.   Why is the Derivative Action a derivative action?

In a derivative action, one or more individuals or entities who are shareholders of a corporation, or as here, the AllianceBernstein Funds (in this case, Ira Newman, Jean L. Taylor, Jennifer Taylor, Robert J. Saelens, Anthony Antoniello, Nancy Ann Antoniello, James W. Burns, Thomas C. Burns, Jean Iezza, Pat Iezza, Linda D. Ames-Weiner, Felicia Bernstein, custodian for Danielle Brooks Bernstein, Mun Hung, Martin Goldberg, Robert Finnell, Simon J. Denenberg, Trustee for the Beverly Kaufman Trust, Rena Jarolawicz, Dr. Siegel Morton, Gail Craven, Richard Busch, Steve Burda, Virgnia Wilcox, JoAnne Schnieder, Elaine F. Platt, Harry Schipper, and Jose Diaz (collectively, the "Fund Derivative Plaintiffs")), sue on behalf of the corporation, alleging that the corporation was injured, and seek to enforce the corporation's legal rights.  In a derivative action, the corporation and not the individual shareholders of the corporation usually receives the benefit of the settlement.  In the mutual fund context, payments to the Class Funds may increase the NAV of present shareholders of shares in the Class Funds.

### 5.   Why Is There a Settlement?

The Court did not decide in favor of Plaintiffs or the Settling Entities.  Instead, in order to avoid the risks and costs of further litigation and trial, all parties agreed to a series of Settlements.  As explained above, Investor Class Plaintiffs and ERISA Class Plaintiff and their attorneys believe the Settlements are best for all Class Members and likewise, Fund Derivative Plaintiffs and their counsel believe the Settlements are best for the AllianceBernstein Funds.

## WHO IS PART OF THE SETTLEMENTS

To see if you will receive money from the Settlements or if the Fund(s) in which you currently hold shares may receive a distribution, you first have to determine if you are a member of the Investor or ERISA Class, or a current shareholder in one or more of the Class Funds.

### 6.  How Do I Know if I Am Part of the Settlements?

The Classes include: (i) all persons who purchased and/or held shares during the period from October 1, 1998 to September 30, 2003, inclusive, in a mutual fund in the AllianceBernstein family of mutual funds advised or managed by Alliance Capital Management, L.P. that was adversely affected by market timing and/or late trading (*i.e.*, the Class Funds), and (ii) all persons who were participants in or beneficiaries of the Alliance Plan at any time between October 2, 1998 and September 30, 2003 and whose accounts included investments in the Class Funds and Alliance Holding Units, ***except those persons and entities that are excluded, as described below.***

For purposes of the derivative litigation, you are a "holder" if you currently hold shares in one of the AllianceBernstein Funds, or a successor fund of one of the AllianceBernstein Funds, on the date of this Notice.

### 7.  What Are the Exceptions to Being Included?

Excluded from the Classes are defendants, members of the immediate family of each of the individual defendants, any subsidiary, affiliate, director, officer, or employee of any of the defendants, any entity in which any excluded person or entity has a controlling interest, and the legal representatives, heirs, successors and assigns of any excluded person or entity.  Also excluded from the Investor Class are all persons and entities who exclude themselves from the Settlements by timely requesting exclusion in accordance with the requirements set forth herein.

### 8.  Who is Affected by the Settlement of the Derivative Action?

The Derivative Action was brought on behalf of the AllianceBernstein Funds.  The Class Funds or their successor funds, and not the individual shareholders (except insofar as the value of their shares increase), will receive the benefit of the Settlements of the Derivative Action.

### 9.  I Am Still Not Sure if I Am Included.

If you are still not sure whether you are included, you can ask for free help.  You can call the Claims Administrator, Rust Consulting, Inc., at 1-866-759-5122, for more information.  Or you can fill out and return the Proof of Claim and Release form ("Proof of Claim") described in Question 11 below, to see if you qualify.

## THE SETTLEMENT BENEFITS — WHAT YOU RECEIVE

### 10. What Do the Settlements Provide?

The proposed Settlements provide for a total payment of $74,586,650 in cash, plus interest, comprised of: (i) $30,000,000 paid on behalf of the Alliance Settling Defendants for the benefit of the Classes and the Class Funds; (ii) $6,458,400 paid on behalf of BAS for the benefit of the Investor Class and the Class Funds;[9] (iii) $1,232,000 paid on behalf of the Bear Stearns Defendants for the benefit of the Investor Class; (iv) $35,831,250 paid on behalf of the Security Brokerage Defendants for the benefit of the Investor Class; and (v) $1,065,000 paid on behalf of the Canary Defendants for the benefit of the Investor Class and the Class Funds.  Investor Lead Counsel will also distribute to the Investor Class a total of $2,130,000 plus interest which was obtained by the OAG in a settlement with the Canary Defendants.

---

[9]  The $6,458,400 paid on behalf of BAS is comprised of a $5,440,500 principal settlement amount and a $1,017,900 contribution by BAS towards the costs of notice and administration of the settlement.  Any portion of the $1,017,900 that is not used for payment of notice and administration costs (including any interest earned or accrued thereon) shall be added to the $6,458,400 principal settlement amount and distributed to members of the Classes in accordance with the terms of the Plan of Allocation set forth in Question 11 below.

The balance of the Gross Settlement Fund, after payment of taxes owed on any income earned by the Settlement Fund, Court-approved attorneys' fees and litigation expenses and the costs of claims administration, including the costs of printing and mailing the settlement notices, the cost of publishing notice and the costs of processing claims (the "Net Settlement Fund"), will be divided among all members of the Investor Class who submit timely and valid Proofs of Claim as well as members of the ERISA Class provided that the Alliance Plan submits a valid and timely Proof of Claim. Any funds remaining in the Net Settlement Fund following the distribution to the Classes, will be returned to the Class Funds in proportion to the harm to each fund as determined by Investor Lead Counsel's expert. *See* Question 11 below for more details regarding the allocation of the Settlement Fund.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND

### 11. How Much Will My Payment Be?

The proposed Plan of Allocation set forth below provides for the distribution of the Net Settlement Fund to members of the Classes or Class Funds as follows:

Each eligible member of the Investor Class ("Authorized Claimant")[10] shall be required to submit a Proof of Claim (*see* Question 12 below) signed under penalty of perjury and supported by such documents as specified in the Proof of Claim as are reasonably available to the Authorized Claimant. Members of the Investor Class who purchased, owned or held shares in any of the Class Funds (as set forth in the **APPENDIX** attached hereto) may receive a direct payment from the Net Settlement Fund.[11]

Members of the ERISA Class are not required to submit Proofs of Claim. Rather, a Proof of Claim will be sent to the Alliance Plan for it to file on behalf of the Alliance Plan and its participants. To the extent that any ERISA Class Members also owned shares of the Class Funds directly (*i.e.*, not through the Alliance Plan), they will need to follow the claims process required for Investor Class Members in order to be eligible for payment with respect to those shares.

If you are entitled to a payment, your share of the Net Settlement Fund will depend on: (i) the number of valid Proofs of Claim that members of the Investor Class submit, (ii) the particular Fund(s) in which you held shares, (iii) the number of shares in the Class Funds you purchased and/or held during the Class Period, and (iv) when you purchased and sold your shares. By following the Plan of Allocation described herein, you can calculate your "Recognized Claim." The Claims Administrator will distribute the Net Settlement Fund to Authorized Claimants according to the Plan of Allocation after all Proofs of Claim have been processed and the Court has finally approved the Settlements. The $2,130,000 (plus interest) OAG/Canary recovery described in Question 10 above, will also be distributed to Authorized Claimants pursuant to the Plan of Allocation.

All Proofs of Claim must be postmarked or received by **December 8, 2010**, addressed as follows:

***In re Mutual Funds Investment Litigation – Alliance Sub-Track***
**c/o Rust Consulting, Inc.**
**Claims Administrator**
**P.O. Box 2308**
**Faribault, MN 55021-9308**

Unless otherwise ordered by the Court, any member of the Investor Class who fails to submit a properly completed and signed Proof of Claim within such period, or such other period as may be ordered by the Court, shall be forever barred from receiving any payments pursuant to the Settlements, but will in all other respects be subject to the provisions of the Stipulations (as described herein) and the final judgments entered by the Court.

---

[10] An "Authorized Claimant" means a member of the Investor Class who submits a timely and valid Proof of Claim and Release form ("Proof of Claim") to the Claims Administrator.

[11] Investor Lead Counsel brought the class action to represent and pursue the claims of all holders of the AllianceBernstein Funds alleged to have been injured by market-timing or late trading during the Class Period. In connection with the settlement, Investor Lead Counsel hired an expert to examine the trading records of the AllianceBernstein Funds, to determine which of the AllianceBernstein Funds, and thereby which holders, had suffered potential damages, and, after a thorough review, Investor Lead Counsel's expert determined that only the "Class Funds" have been potentially damaged.

## CALCULATION OF RECOGNIZED CLAIMS

The objective of the Plan of Allocation is to equitably distribute the settlement proceeds to those members of the Classes who were damaged by the alleged fraud.  The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund and the OAG/Canary recovery based upon each Authorized Claimant's "Recognized Claim."  The Recognized Claim formula is not intended to be an estimate of the amount a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlements.  The Recognized Claim formula is the basis upon which the Net Settlement Fund and the OAG/Canary recovery will be proportionately allocated to the Authorized Claimants.  No distribution will be made on a claim where the potential distribution amount is less than $10.00 in cash.

Under the Plan of Allocation, a "Recognized Claim" will be calculated for each member of the Investor Class who submits an acceptable Proof of Claim.  Recognized Claims are based on Investor Lead Counsel's expert's analysis of transaction records in the Class Funds during the Class Period.  Based on its analysis of the trading data, Investor Lead Counsel's expert has estimated the potential uncompensated dilution, which are monies allegedly drained from a fund and thereby taken from shareholders, due to alleged market-timing and/or late trading suffered by shareholders in each Class Fund in each calendar year of the Class Period, or part thereof.  In formulating the Plan of Allocation, Investor Lead Counsel's expert has examined and considered payments from regulatory settlements that have been or will be paid to certain shareholders concerning alleged market-timing and late trading in certain of the Class Funds.

**Information Required on the Proof of Claim Applies to Investor Class Members and the Alliance Plan only**.  As described below, to determine your "Recognized Claim" amount, the Claims Administrator will need you to submit information and supporting documentation concerning the number of shares you held in the Class Funds during the Class Period.  Specifically, it will be necessary for you to determine and submit the number of shares of each Class Fund you held at (or around) each year-end in order for you to fill out a Proof of Claim, consistent with the formulas set forth below. In most cases, information contained in your year-end mutual fund statements from the relevant 1998-2003 period will be sufficient.  If you did not hold any shares as of a particular date, you do not need to submit documentation of your lack of holdings.  For the convenience of Investor Class Members, the number of shares a claimant held at (or around) December 31, 2003 may be submitted by a claimant to demonstrate his, her or its holdings in the Class Funds at the end of the Class Period.

An Authorized Claimant's Recognized Claim will be calculated as follows:

(i)    For each Class Fund, the Claims Administrator will calculate the Authorized Claimant's "Average Share Holdings" for each calendar year during the Class Period by ***averaging*** the claimant's starting share count for the year and the claimant's ending share count for the year.  For calendar year 1998 only, a claimant's Average Share Holdings will be deemed to be the number of shares held by the Authorized Claimant (if any) at the end of calendar year 1998 (*i.e.*, December 31, 1998), and the Authorized Claimant need not submit its holding information prior to the end of calendar year 1998.  If an Authorized Claimant did not hold shares in a particular Class Fund during a particular calendar year, his, her, or its Average Share Holdings for that Fund and for that year shall be zero.

(ii)   For each Class Fund, the Claims Administrator will calculate the Authorized Claimant's "Annual Losses" for each calendar year during the Class Period by multiplying the Authorized Claimant's Average Share Holdings by the Estimated Uncompensated Dilution Per Share as set forth in Table 2 below.  A claimant's total Annual Losses for a particular Class Fund across all years during the Class Period shall equal the Authorized Claimant's "Total Losses" for that Fund.

(iii)  The Authorized Claimant's Recognized Claim will equal the sum of the claimant's Total Losses across all Class Funds.

**TABLE 2: ESTIMATED UNCOMPENSATED DILUTION PER SHARE**[12]

| Class Fund[13] | 1998 | 1999 | 2000 | 2001 | 2002 | 2003 |
|---|---|---|---|---|---|---|
| **Alliance International Fund** | $0.0067 | $0.0569 | $0.0514 | $0.2450 | $0.1303 | - |
| **AllianceBernstein Americas Government Income Trust** | $0.0001 | - | $0.0017 | - | - | $0.0001 |
| **AllianceBernstein  Balanced Shares** | $0.0069 | $0.0013 | $0.0139 | - | - | - |
| **AllianceBernstein Bond Fund – AllianceBernstein Corporate Bond Portfolio** | - | - | $0.0012 | $0.0003 | - | $0.0040 |
| **AllianceBernstein Disciplined Value Fund** | - | - | - | $0.0005 | $0.0227 | - |
| **AllianceBernstein Emerging Market Debt Fund** | - | $0.0039 | - | $0.0003 | $0.0103 | $0.0006 |
| **AllianceBernstein Global Small Cap Fund** | - | - | $0.0250 | $0.0095 | $0.0039 | - |
| **The AllianceBernstein Portfolios - AllianceBernstein Growth Fund** | $0.0025 | $0.0156 | $0.0726 | $0.0180 | - | - |
| **AllianceBernstein Growth and Income Fund** | - | $0.0002 | $0.0003 | $0.0002 | $0.0003 | - |
| **AllianceBernstein High Yield Fund** | - | $0.0002 | - | - | $0.0029 | $0.0024 |
| **AllianceBernstein Mid-Cap Growth Fund** | $0.0002 | $0.0089 | $0.0235 | $0.0079 | $0.0273 | $0.0008 |

---

[12]   Where Table 2 presents a "-", this means that the Plan of Allocation, consistent with Investor Lead Counsel's expert's analysis of mutual funds trading in those funds and during those time periods, does not provide for payment.

[13]   Fund names as set forth in Table 2 indicate the names of the funds as of the end of the Class Period.  For present fund names, as well as prior names existing during the Class Period, please see the **APPENDIX** attached hereto.

| Class Fund[13] | 1998 | 1999 | 2000 | 2001 | 2002 | 2003 |
|---|---|---|---|---|---|---|
| **Alliance National Municipal Income Fund** | - | - | - | $0.0074 | $0.0007 | - |
| **AllianceBernstein New Europe Fund** | $0.0222 | $0.0133 | $0.1143 | $0.1290 | $0.1839 | $0.0345 |
| **AllianceBernstein Premier Growth Fund** | - | $0.0029 | $0.0040 | $0.0008 | $0.0048 | - |
| **AllianceBernstein Real Estate Investment Fund** | $0.0002 | $0.0006 | $0.0108 | - | - | $0.0155 |
| **AllianceBernstein Quasar Fund** | $0.0451 | $0.1488 | $0.2163 | $0.0047 | - | - |
| **AllianceBernstein Trust - AllianceBernstein Small Cap Value Fund** | - | - | - | $0.0352 | - | - |
| **AllianceBernstein Technology Fund** | $0.0104 | $0.0257 | $0.0724 | $0.0275 | $0.0578 | $0.0140 |
| **AllianceBernstein Bond Fund – AllianceBernstein U.S. Government Portfolio** | - | - | - | - | $0.0031 | $0.0001 |

*You do not need to have held shares for the entire 1998-2003 period in order to have a Recognized Claim.* However, Class Members who held shares in the Class Funds for a relatively short period of time (*i.e.*, less than a year) may not have a Recognized Claim.

<u>**ADDITIONAL PROVISIONS**</u>

The Settling Entities do not have any responsibility or liability with respect to claims administration, the management, investment or distribution of the Settlement Fund, the Net Settlement Fund or the OAG/Canary recovery, or the Plan of Allocation. The Plan of Allocation is a matter separate and apart from the proposed Settlements, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlements if approved by the Court. The Plan of Allocation may be modified in connection with, among other things, a ruling by the Court, or an objection submitted by a member of the Investor Class or ERISA Class or a current shareholder of one of the AllianceBernstein Funds, without further notice.

If any funds remain in the Net Settlement Fund because of uncashed distributions or other reasons, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their distribution checks, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be distributed to the Class Funds, in proportion to the harm to each fund as determined by Investor Lead Counsel's expert.

Each Authorized Claimant shall be paid the percentage that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants.  The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any member of the Classes.  Each claimant is deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, and the claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a member of the Classes and the validity and amount of the claimant's claim under the Plan of Allocation.  No discovery shall be allowed on the merits of the Actions.

Authorized Claimants that are ERISA Plans, retirement plans or other fiduciaries that have submitted a claim on behalf of their beneficiaries may treat any monies received by them pursuant to the Plan of Allocation in any manner that is consistent with their fiduciary, contractual, and/or legal obligations (as applicable), including: (i) allocating the settlement proceeds they may receive to their current participants on a *pro rata* basis, or (ii) using all or part of the settlement proceeds they may receive to pay reasonable administrative expenses.

Payments will be final and conclusive against all members of the Classes. All members of the Investor and ERISA Classes whose claims are not approved by the Court will be barred from participating in distributions from the Net Settlement Fund, as well as from the OAG/Canary recovery, but otherwise shall be bound by all of the terms of the Settlements, including the terms of the final judgments to be entered in the Actions and will be barred from bringing any Settled Claim or Released Claim against any of the Settling Entities, their related parties and the Released Persons or Released Parties, including Unknown Claims (as those terms are defined in the settlement agreements for the respective Settlements, which are available on the Internet, or through the mail upon request).  Further, no person shall have any claim against Plaintiffs, Plaintiffs' Counsel or Plaintiffs' Counsel's experts, the Claims Administrator or other agent designated by Plaintiffs' Counsel arising from distributions made substantially in accordance with the Stipulations, the Plan of Allocation, or further order of the Court.

### HOW YOU RECEIVE A PAYMENT — SUBMITTING A CLAIM FORM

### 12. How Will I Receive a Payment?

To qualify for a payment, you must be an eligible member of the Investor Class or ERISA Class.  If you are a member of the Investor Class, you must submit a Proof of Claim to be eligible to receive a payment from the Settlement Fund.  The Proof of Claim is available at www.AllianceMutualFundLitigation.com.  You may also obtain a Proof of Claim by calling the Claims Administrator at 1-866-759-5122.  Read the instructions carefully, fill out the Proof of Claim, include all the documents requested, sign it, and mail it in an envelope postmarked no later than **December 8, 2010**.  Please retain a copy of everything you mail, in case the materials are lost or destroyed during shipping.

All claims and payments to the ERISA Class Members will be processed automatically through the Alliance Plan provided that the Alliance Plan files a timely and valid Proof of Claim and is eligible for payment from the Net Settlement Fund.  ERISA Class Members do not need to submit a Proof of Claim with respect to any Class Funds that they owned through the Alliance Plan.  To the extent that any ERISA Class Members also owned shares of the Class Funds directly (*i.e.*, not through the Alliance Plan), they will need to follow the claims process required for Investor Class Members, described above, in order to be eligible for payment with respect to those shares.

### 13. When Will I Receive My Payment?

The Court will hold a hearing on October 21 and 22, 2010, to decide whether to approve the Settlements.  If the Court approves the Settlements, there may be appeals.  It is always uncertain in what manner appeals, if any, will be resolved, and resolving them can take time, perhaps several years.  In addition, the Claims Administrator must process all of the Proofs of Claim.  The processing is complicated and will take many months.  Please be patient.

**14. What Am I Giving Up By Staying in the Investor Class?**

Unless you exclude yourself from the Investor Class in accordance with the procedures below, you will remain in the Investor Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Settling Entities or certain parties related to the Settling Entities concerning any claims of market-timing, late trading, or short-term or excessive trading in the AllianceBernstein Funds during the Class Period, including all claims that were or could have been brought in the Complaints. It also means that all of the Court's orders will apply to you and legally bind you, and you will release forever your claims in the Actions against the Settling Entities and their related parties.  If you are interested in more information regarding the release of claims, please visit the website, www.AllianceMutualFundLitigation.com, and click on the "Releases" tab.

**EXCLUDING YOURSELF FROM THE SETTLEMENTS**

If you are a member of the Investor Class and you do not want a payment from the Settlements, but you want to keep the right to sue the Settling Entities on your own about the same claims being released in these Settlements, then you must take steps to exclude yourself from the Investor Class.  This is referred to as "opting out" of the class.  Members of the ERISA Class may not opt-out of the ERISA Class.

**15. How Do I Exclude Myself from the Investor Class?**

To exclude yourself from the Investor Class, you must send a letter by mail stating that you want to be excluded from the Investor Class in the *In re Mutual Funds Investment Litigation – Alliance Sub-Track*, 1:04-md-15862 (AMD).  Your request for exclusion must include your name, address, telephone number, signature, and information or documents concerning your holding(s) of shares in the Class Funds during the Class Period, including the amount of shares you held at the beginning of the Class Period, the end of the Class Period, and at the end of each calendar quarter during the Class Period.  If you represent to the Claims Administrator (subject to verification) that this information is not available, you may provide the number of shares that you held in the Class Funds at the end of each year ended 1998-2003.  You must mail your exclusion request so that it is received no later than **September 21, 2010** to:

***In re Mutual Funds Investment Litigation – Alliance Sub-Track***
**c/o Rust Consulting, Inc.**
**Claims Administrator**
**P.O. Box 2308**
**Faribault, MN  55021-9308**

Please keep a copy of everything you send by mail, in case it is lost or destroyed during shipping.

You cannot exclude yourself over the phone or by e-mail.  If you request to be excluded, you will not be eligible to receive any payment from the Net Settlement Fund, and you cannot object to the Settlements.  You will not be legally bound by anything that happens in this lawsuit and you will be able to pursue the claims that are being released in these Settlements.

Pursuant to separate supplemental and letter agreements, the Settling Entities shall have the option to withdraw from the Settlements in the event that certain threshold levels of investors who would otherwise be entitled to participate as members of the Investor Class timely and validly request exclusion from the Investor Class.

**16. If I Do Not Exclude Myself, Can I Sue the Settling Entities for the Same Thing Later?**

No.  Unless you exclude yourself from the Investor Class, you give up any right to sue the Settling Entities or any of the Released Persons or Released Parties (as those terms are defined in the Stipulations) for the claims being released by the Investor Class Settlement.  If you have a pending lawsuit or arbitration relating to the claims being released in the Actions against any of the Settling Entities, speak to your lawyer in that case immediately.  Remember, the exclusion deadline is **September 21, 2010**.

**17. Can I exclude Myself from the Derivative Action?**
No.  Because the Derivative Action was brought on behalf of the AllianceBernstein Funds, you cannot exclude yourself from the settlement of the Derivative Action.  As discussed below in Question 23, current shareholders of the AllianceBernstein Funds may object to the Settlements of the Derivative Action.

Any amounts distributed to the Class Funds may benefit current holders of shares in the Class Funds or their successor funds to the extent that such payments may increase share value.

**18. If I Exclude Myself, Can I Receive a Payment from These Settlements?**
No.  If you exclude yourself, do not send in a Proof of Claim.  But, you may sue, continue to sue, or be part of a different lawsuit or arbitration asserting the claims being released in these Settlements against the Settling Entities or any of the Released Persons or Released Parties.

THE LAWYERS REPRESENTING YOU

**19. Do I Have a Lawyer in This Case?**
The Court appointed the law firms of Barroway Topaz Kessler Meltzer & Check, LLP (formerly, Schiffrin & Barroway, LLP) and Harwood Feffer LLP (formerly, Wechsler Harwood LLP) as lead class counsel to represent the members of the Investor Class and ERISA Class, respectively.  These lawyers are called Investor Lead Counsel and ERISA Class Counsel.  The Court also appointed the law firm of Pomerantz Haudek Grossman & Gross LLP (formerly, Pomerantz Haudek Block Grossman & Gross LLP) as lead Fund Derivative Counsel, and the law firm of Tydings & Rosenberg LLP as Plaintiffs' Administrative Chair and Liaison Counsel.  You will not be individually charged for the services of these lawyers beyond your *pro rata* share of any attorneys' fees and expenses awarded by the Court that will be paid from the Gross Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**20. How Will the Lawyers Be Paid?**
Plaintiffs' Lead Counsel will apply to the Court for attorneys' fees not to exceed 20% of the Gross Settlement Fund and for reimbursement of their expenses advanced in connection with the Actions up to an amount of $815,000, plus interest.  In addition, Court-appointed Plaintiffs' Administrative Chair and Liaison Counsel, Tydings & Rosenberg LLP, will apply for an award of attorneys' fees and expenses of an additional 1.25% of the Gross Settlement Fund for its efforts on behalf of the Plaintiffs.  *Such sums as may be approved by the Court will be paid from the Gross Settlement Fund.*  Members of the Classes are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payments to Plaintiffs' Counsel for their efforts in achieving the Settlements and for their risk in undertaking this representation on a wholly contingent basis and advancing the money necessary to pursue the Actions.  To date, Plaintiffs' Counsel have not been paid for their services or for their substantial litigation expenses.  The fee requested will compensate Plaintiffs' Counsel for their work in achieving the Settlements and Plaintiffs' Counsel believe that it is well within the range of fees awarded to counsel under similar circumstances in other cases of this type.  The Court has discretion, however, to award less than this amount.

OBJECTING TO THE SETTLEMENTS

You can tell the Court that you do not agree with the Settlements or some parts of them.

**21. How Do I Tell the Court that I Do Not Like the Settlements?**
If you are a member of the Investor or ERISA Class, you can object to the Settlements if you do not like any part of them, the Plan of Allocation, or the application for attorneys' fees and reimbursement of litigation expenses.  To object, you must send a letter saying that you object to one or more of the Settlement in the *In re Mutual Funds Investment Litigation – Alliance Sub-Track*, 1:04-md-15862 (AMD), and the reasons why you object to the Settlements.  Be sure to include your name, address, telephone number and signature.  You must also include information or documents concerning your holding(s) of shares in the Class Funds during the Class Period or a statement attesting to the fact that you held or purchased shares in one or more of the Class Funds during the Class Period.  You must submit any objection to the

16

Clerk's Office at the United States District Court for the District of Maryland at the address set forth below on or before **September 21, 2010**. You must also serve any objections on Investor Lead Counsel, on behalf of all counsel, at the address set forth below, so that the objections are received by **September 21, 2010**:

| COURT | INVESTOR LEAD COUNSEL |
|---|---|
| Clerk of the Court<br>United States District Court<br>District of Maryland<br>101 W. Lombard Street<br>Baltimore, MD  21201 | Michael K. Yarnoff, Esq.<br>Jennifer L. Enck, Esq.<br>**BARROWAY TOPAZ KESSLER MELTZER & CHECK, LLP**<br>280 King of Prussia Road<br>Radnor, PA 19087 |

### 22. What is the Difference Between Objecting and Excluding?

Objecting means telling the Court that you do not like something about the Settlements, the Plan of Allocation, or the application for attorneys' fees and litigation expenses, and that you want the Court to disapprove one or more of the Settlements or modify them in some way. Please note: if you are a member of the Investor Class, you can object *only if* you stay in the Investor Class. Excluding yourself is telling the Court that you do not want to be part of the Settlements. If you exclude yourself, you have no basis to object because the case no longer affects you.

### 23. How Can I Object to the Settlements of the Derivative Action?

If you are a current shareholder of one of the AllianceBernstein Funds, or a successor fund of one of the AllianceBernstein Funds, and will continue to own shares in one of the AllianceBernstein through the date of the Settlement Hearing, you also have the right to object to the Settlements of the Derivative Action, the proposed Plan of Allocation, and the request for attorneys' fees and expenses with respect to the Derivative Action. To object, you must send a letter saying that you object to one or more of the Settlements in the *In re Mutual Funds Investment Litigation – Alliance Sub-Track*, 1:04-MD-15862(AMD), and the reasons why you object to the Settlements. Be sure to include your name, address, telephone number and signature. You must also include information concerning your current holdings of shares in one or more of the AllianceBernstein Funds. Any such objections must be submitted to the Court and counsel listed above in Question 21 such that the objection is *received* no later than **September 21, 2010**. You may retain an attorney at your own expense to object on your behalf, but you are not required to do so, and you can object without retaining a lawyer.

### THE COURT'S SETTLEMENT FAIRNESS HEARING

### 24. When and Where Will the Court Decide Whether to Approve the Settlements?

The Court will hold a fairness hearing at 10:00 a.m., on October 21 and 22, 2010, at the United States District Court for the District of Maryland, 101 W. Lombard Street, Baltimore, MD 21201, Courtroom 1A (the "Settlement Hearing"). At this hearing, the Court will consider whether the Settlements and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have requested in writing by **September 21, 2010** to speak at the hearing. The Court may also consider Plaintiffs' Counsel's application for attorneys' fees and reimbursement of expenses.

### 25. Do I Have to Come to the Settlement Hearing?

No. Plaintiffs' Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection so that it is received on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not required.

### 26. May I Speak at the Settlement Hearing?

Yes, but you must first ask the Court for permission to speak at the Settlement Hearing. To do so, you must send a letter stating your intention to appear in the *In re Mutual Funds Investment Litigation – Alliance Sub-Track*, 1:04-md-15862 (AMD). Be sure to include your name, address, telephone number, signature, and also identify (i) information or documents concerning your holding(s) in the Class Funds during the Class Period, including the amount of shares you held at the beginning of the Class Period, the end of the Class Period, and at the end of each calendar year during the Class

Period, or (ii) information concerning your current holdings of shares in the AllianceBernstein Funds.  Your notice of intention to appear must be received no later than **September 21, 2010**, and be sent to the Clerk of the Court and Investor Lead Counsel, on behalf of all counsel, at the addresses listed in Question 21.  You cannot speak at the hearing if you exclude yourself from the Investor Class.

## IF YOU DO NOTHING

### 27. What Happens if I Do Nothing at All?

If you do nothing, claims that you may have that relate to the subject matter of these lawsuits will be released, and you will receive no money from these Settlements but nonetheless will be bound by their terms.  But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Settling Entities or the Released Persons or Released Parties (as defined in the Stipulations for the Settlements) about the same claims being released in the Settlements.

## OBTAINING MORE INFORMATION

### 28. Are There More Details About the Settlements?

This Long-Form Notice summarizes the proposed Settlements.  More details can be found in a series of stipulations dated November 4, 2009, January 15, 2010, and January 28, 2010 (the "Stipulations").  All terms used in this Long-Form Notice (unless otherwise defined) shall have the same meanings as in the Stipulations.  You can obtain copies of the Stipulations or more information about the Settlements by visiting www.AllianceMutualFundLitigation.com or by calling (866) 759-5122.  You can also obtain copies of the Stipulations and other papers filed in the Actions from the Clerk's office at the United States District Court for the District of Maryland, 101 W. Lombard Street, Baltimore, MD 21201, during regular business hours.  If you have other questions, you may contact the Claims Administrator, Investor Lead Counsel, Fund Derivative Counsel or ERISA Class Counsel at the addresses and telephone numbers listed on page 4.  You may also email your questions to the Claims Administrator at Info@AllianceMutualFundLitigation.com.

### DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE

DATED:   May 19, 2010                         BY ORDER OF THE COURT
                                              UNITED STATES DISTRICT COURT
                                              DISTRICT OF MARYLAND

### APPENDIX[*]

1. **Alliance International Fund**[14]
2. **Alliance National Municipal Income Fund**[15]
3. **AllianceBernstein Americas Government Income Trust** (f/k/a Alliance Americas Government Income Trust, Alliance North American Government Income Trust)[16]
4. **AllianceBernstein Balanced Shares** (f/k/a Alliance Balanced Shares)
5. **AllianceBernstein Bond Fund – AllianceBernstein Corporate Bond Portfolio** (f/k/a Alliance Bond Fund – Corporate Bond Portfolio)[17]
6. **AllianceBernstein Bond Fund – AllianceBernstein U.S. Government Portfolio** (f/k/a Alliance Bond Fund – U.S. Government Portfolio)[18]
7. **AllianceBernstein Disciplined Value Fund** (f/k/a Alliance Disciplined Value Fund)[19]
8. **AllianceBernstein Emerging Market Debt Fund** (f/k/a Alliance Emerging Market Debt Fund, Alliance Global Dollar Government Fund)[20]
9. **AllianceBernstein Global Small Cap Fund** (f/k/a Alliance Global Small Cap Fund)[21]
10. **AllianceBernstein Growth and Income Fund** (f/k/a Alliance Growth and Income Fund)
11. **AllianceBernstein High Yield Fund** (f/k/a Alliance High Yield Fund)[22]
12. **AllianceBernstein Mid-Cap Growth Fund** (f/k/a The Alliance Fund, Alliance Mid-Cap Growth Fund)[23]
13. **AllianceBernstein New Europe Fund** (f/k/a Alliance New Europe Fund)[24]
14. **AllianceBernstein Premier Growth Fund** (f/k/a Alliance Premier Growth Fund)[25]
15. **AllianceBernstein Real Estate Investment Fund** (f/k/a Alliance Real Estate Investment Fund)[26]
16. **AllianceBernstein Quasar Fund** (f/k/a Alliance Quasar Fund)[27]
17. **AllianceBernstein Technology Fund** (f/k/a Alliance Technology Fund)[28]
18. **AllianceBernstein Trust – AllianceBernstein Small Cap Value Fund**[29]
19. **The AllianceBernstein Portfolios – AllianceBernstein Growth Fund** (f/k/a The Alliance Portfolios – Alliance Growth Fund)

---

[*] **Fund names printed in bold indicate the names as of the end of the Class Period**

[14] Acquired by AllianceBernstein Trust – AllianceBernstein International Value Fund in May 2002

[15] Now known as AllianceBernstein National Municipal Income Fund

[16] Became AllianceBernstein Global Government Income Trust in February 2006; now known as AllianceBernstein Global Bond Fund

[17] Merged with AllianceBernstein High Yield Fund and AllianceBernstein Emerging Market Debt Fund to form AllianceBernstein High Income Fund in January 2008

[18] Acquired by AllianceBernstein Bond Fund – AllianceBernstein Intermediate Bond Portfolio in November 2007

[19] Now known as AllianceBernstein Focused Growth & Income Fund

[20] Merged with AllianceBernstein High Yield Fund and AllianceBernstein Bond Fund – AllianceBernstein Corporate Bond Portfolio to become AllianceBernstein High Income Fund in January 2008

[21] Liquidated in February 2005

[22] Merged with AllianceBernstein Bond Fund – AllianceBernstein Corporate Bond Portfolio and AllianceBernstein Emerging Market Debt Fund to form AllianceBernstein High Income Fund in January 2008

[23] Now known as AllianceBernstein Small/Mid-Cap Growth Fund

[24] Merged into AllianceBernstein International Research Growth Fund in July 2005

[25] Now known as AllianceBernstein Large Cap Growth Fund

[26] Now known as AllianceBernstein Global Real Estate Fund

[27] Now known as AllianceBernstein Cap Fund – AllianceBernstein Small Cap Growth Portfolio

[28] Became AllianceBernstein Global Technology Fund in December 2004; now known as AllianceBernstein Global Thematic Growth Fund

[29] Now known as AllianceBernstein Trust – AllianceBernstein Small/Mid Cap Value Fund

# Exhibit E

# Requests for Exclusion

| | |
|---|---|
| 1. | Harriette J Gallagher |
| 2. | Benjamin Gorbea |
| 3. | Mrs Mary Kleiner |
| 4. | Norma A Foerster & Fred G Foerster |
| 5. | Elizabeth L Withers |
| 6. | Theodore V Allen & Emilenan P Allen |
| 7. | Emily P Gordon |
| 8. | Nicholas V Petrou Family Trust |
| 9. | Estate of Bertha Lawrence Swann |
| 10. | James O Browning Cust Elizabeth H Browning UTMA NM |
| 11. | James O Browning CUST Eli G. Browning |
| 12. | James O Browning Cust Elizabeth H Browning |
| 13. | Roger R Smith |
| 14. | Kenneth A Gazdag |
| 15. | James O Browning |
| 16. | Joeseph Arens |
| 17. | Paula E Orsa |
| 18. | Eugenio Nibot |
| 19. | Gayle L Reed |
| 20. | Elizabeth L Withers |
| 21. | James Browning FMT CO CUST IRA FBO JAN RAMEY BROWNING |
| 22. | Julie Atkinson |
| 23. | Mary L Gazdag |
| 24. | Jan Ramey Browning |
| 25. | Mary Kliener |
| 26. | Jacob R. Browning |
| 27. | Madeline Beck |