

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION | ) ) ) | MDL 1586 |
| This Document Relates To: *Pilgrim Baxter Sub-Track*, 04-md-15862-04 | ) ) ) ) ) | Case No. 04-MD-15862-04 (Hon. J. Frederick Motz) |

## [~~PROPOSED~~] ORDER AND FINAL JUDGMENT WITH RESPECT TO PILGRIM BAXTER FUNDS DEFENDANTS

J. FREDERICK MOTZ, District Judge

This matter came for a hearing on October 21, 2010 before this Court (the "Final Settlement Hearing") to determine: (1) whether the terms and conditions of the a Stipulation and Agreement of Settlement (Pilgrim Baxter Funds Defendants) dated and executed as of July 31, 2009 (the "Stipulation"), are fair, reasonable and adequate for the settlement of all claims asserted by the Plaintiffs against the PBHG Funds, John R. Bartholdson, Jettie M. Edwards and Albert A. Miller (collectively, the "PB Funds Defendants") in the Pilgrim Baxter sub-track in MDL-1586, and should be approved; (2) whether judgment should be entered dismissing, among other things, Plaintiffs' claims against the PB Funds Defendants on the merits and with prejudice; and (3) whether the Released Claims should be released in favor of the PB Funds Released Parties, including as against all persons or entities who are members of the Settlement Class. This Order and Final Judgment incorporates by reference the definitions in this Court's May 19, 2010 Preliminary Order for Notice and Hearing in Connection with Settlement Proceedings in the Pilgrim Baxter Sub-Track (the "Preliminary Approval Order"), and all terms used herein shall have the same meanings as set forth in the Preliminary Approval

Order. Any capitalized terms herein that are not defined in the Preliminary Approval Order shall have the same meanings as set forth in the Stipulation.

And it appearing that, pursuant to the specifications of the Court in the Preliminary Approval Order, the Long-Form Notice of the proposed Settlement and Final Settlement Hearing, substantially in the form approved by the Court, was posted on the Settlement website, www.mutualfundssettlements.com/pb, and was made available for mailing to Settlement Class Members and current shareholders in any of the mutual funds that are successors to PBHG Funds, Inc. upon request; that the Notice was mailed to all Settlement Class Members reasonably identifiable as shown by the records of DST Systems, Inc., which maintains trading data and records concerning the PBHG Funds, at the respective addresses set forth in such records; that the Long-Form Notice was mailed to all Settlement Class Members and current shareholders in any of the mutual funds that are successors to PBHG Funds, Inc. who so requested; that the Proof of Claim form was posted on the Settlement website, www.mutualfundssettlements.com/pb, was made available for mailing to Settlement Class Members upon request, and was mailed to all Settlement Class Members who so requested; and that the Publication Notice, substantially in the form approved by the Court, was published in accordance with the Preliminary Approval Order;

And the Court, having considered all matters submitted to it at the Final Settlement Hearing, along with all prior submissions by the Parties and others, and otherwise having determined the fairness and reasonableness of the proposed Settlement;

2

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction to enter this Order and Final Judgment. The Court has jurisdiction over the subject matter of the Actions and all matters relating thereto, and over all parties to the Actions.

2. The Court hereby affirms its findings in its Preliminary Approval Order, that for purposes of settlement only, the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Class Lead Plaintiff are typical of the claims of the Class it seeks to represent; (d) Class Lead Plaintiff and Class Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. The Court further affirms its determinations in the Preliminary Approval Order and hereby finally certifies, for purposes of settlement only, a Settlement Class consisting of every natural person or any legal entity (including, without limitation, individuals, corporations, employee pension or other benefit or ERISA plans, and trusts) ("Person") who, during the period between and including July 30, 1999 and November 13, 2003, held, purchased or otherwise acquired shares in any of the PBHG Funds set forth on Exhibit 1 hereto. Excluded from the Settlement Class are: (i) any and all

3

Case 1:04-md-15862-JFM  Document 1366-2   Filed 10/22/10  Page 4 of 53

defendants in the Actions (the "Defendants"); (ii) members of the immediate family (*i.e.*, parents, current or former spouses, siblings, and children) of each Defendant that is a natural person; (iii) the officers, directors, parents, subsidiaries, and affiliates of each Defendant that is not a natural person; and (iv) the legal representatives, agents, heirs, predecessors, successors and assigns of any of the foregoing excluded parties. Also excluded from the Settlement Class are the persons and/or entities who timely and validly requested exclusion from the Settlement Class as listed on Exhibit 2 annexed hereto.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of settlement only, this Court affirms its findings in the Preliminary Approval Order and hereby finally certifies Class Lead Plaintiff Ohio Public Employees Deferred Compensation Plan as Class Representative, and finally certifies the law firm of Bernstein Litowitz Berger & Grossmann LLP as Class Counsel.

5. The Court hereby finds that notice of the pendency of this action as a class action and of the proposed Settlement was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

6. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was


directed to all persons and entities who are Settlement Class Members, advising them of the Settlement, the Plan of Allocation, and Plaintiffs' Counsel's intent to apply for attorneys' fees and reimbursement of litigation expenses associated with the Actions, and of their right to object thereto, and a full and fair opportunity was accorded to all persons and entities who are Settlement Class Members to be heard with respect to the foregoing matters. Thus, it is hereby determined that all Settlement Class Members who did not timely and properly elect to exclude themselves by written communication postmarked or otherwise delivered on or before the date set forth in the Settlement Notices and the Preliminary Approval Order, are bound by this Order and Final Judgment.

7. The Court hereby finds that the form and method of providing notice of the Settlement of the Derivative Action to current shareholders in any of the mutual funds that are successors to PBHG Funds, Inc. was reasonable and adequate and in compliance with Rule 23.1(c) of the Federal Rules of Civil Procedure and due process.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Stipulation, and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the Settlement Class Members. Further, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement of the Derivative Action. The Court has reviewed all objections filed with the Court and overrules all such objections. The Court hereby finds, after reviewing the objections submitted by Theodore Bechtold in the Strong Sub-Track of MDL-1586 and the objections that Theodore Bechtold attempts to raise in this Sub-Track, that Theodore Bechtold has no standing to object in the Pilgrim Baxter Sub-Track. This Court further finds that the Settlement set forth in the

Stipulation is the result of extensive arm's-length negotiations between experienced counsel representing the interests of the respective Parties. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

9. Upon the Effective Date:

(a) all claims brought by Class Lead Plaintiff (on behalf of itself and all other Settlement Class Members) and Derivative Plaintiffs (individually and derivatively on behalf of the PBHG Funds and all individual series of the PBHG Funds) against the PB Funds Defendants in the respective Actions are to be dismissed with prejudice;

(b) Plaintiffs and all Settlement Class Members, on behalf of themselves, their heirs, executors, administrators, successors and assigns, shall be deemed to have released and forever discharged the Released Claims, and shall forever be enjoined from prosecuting the Released Claims, against the PB Funds Released Parties;

(c) the PB Funds Released Parties shall be deemed to have released and forever discharged the Released PB Funds Claims, and shall forever be enjoined from prosecuting the Released PB Funds Claims, against the Plaintiff Released Parties;

(d) the Cross-Claim Releases attached hereto as Exhibit 3 shall become effective.

10. Upon the Effective Date, the Court (a) discharges, to the full extent provided for under the PSLRA, each of the PB Funds Released Parties from all claims

for contribution by any Person arising out of the Actions, and (b) discharges, to the full extent provided for by any applicable law (whether state, federal, local or statutory law or any other law, rule or regulation) all claims against any PB Funds Released Party by any Person for contribution or indemnification, however styled (and whether arising under state, federal, local, statutory or common law or any other law, rule or regulation) based upon, arising out of, relating to, or in connection with the Released Claims. To the full extent provided for by the PSLRA or other applicable law (whether state, federal, local, statutory or common law, or any other law, rule or regulation), this bar order will bar all claims for contribution or indemnification, however styled, based upon, arising out of, relating to, or in connection with the Released Claims or the Actions: (x) by any Person against any PB Funds Released Party; and (y) by the PB Funds Released Parties against any Person, other than a Person whose liability to Plaintiffs or the Settlement Class has been extinguished pursuant to the Settlements and this Order and Final Judgment, or any other settlement of the PB Funds Released Parties in the MDL.

11.  Neither this Order and Final Judgment, the Stipulation, nor any of their terms and provisions, nor any of the negotiations or proceedings connected with them, nor any of the documents or statements referred to therein:

(a)  shall be offered or received against any of the PB Funds Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the PB Funds Released Parties with respect to the truth of any fact alleged by any of the Plaintiffs or the validity of any claim that was or could have been asserted against any of the PB Funds Released Parties in the Actions in this Sub-Track or in any other litigation, or of

7

any liability, negligence, fault, or other wrongdoing of any kind of the PB Funds Released Parties;

(b) shall be offered or received against any of the PB Funds Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the PB Funds Released Parties, or against the Plaintiffs or any Settlement Class Members as evidence of any infirmity in the claims of Plaintiffs or the Settlement Class Members;

(c) shall be offered or received against any of the PB Funds Released Parties, or against the Plaintiffs or any Settlement Class Members, as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the PB Funds Released Parties, in any other civil, criminal or administrative action or proceeding, in any forum, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the PB Funds Released Parties may refer to the Stipulation and this Order and Final Judgment to effectuate the protection from liability granted them hereunder;

(d) shall be construed against any of the PB Funds Released Parties, or the Plaintiffs or any Settlement Class Members, as an admission, concession, or presumption that the consideration for the Settlement of the Actions given in this Sub-Track represents the amount which could be or would have been recovered after trial; or

(e) shall be construed against the Plaintiffs or any Settlement Class Members as an admission, concession, or presumption that any of their claims are without merit or that damages recoverable against the PB Funds Defendants in the Actions in this Sub-Track would not have exceeded the settlement proceeds recovered in this Sub-Track.

12. The Court reserves jurisdiction, without affecting in any way the finality of this Order and Final Judgment, over (a) implementation and enforcement of the Settlement; (b) consideration and approval of the proposed Plan of Allocation; (c) hearing and determining Plaintiffs' Counsel's applications for attorneys' fees, costs, interest and expenses, including fees and costs of experts and/or consultants; (d) enforcing and administering this Order and Final Judgment; (e) enforcing and administering the Stipulation including any releases executed in connection therewith; and (f) other matters related or ancillary to the foregoing.

13. The Court finds that throughout the course of the Actions, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act.

14. Separate orders shall be entered regarding approval of the Plan of Allocation and of Plaintiffs' Counsel's applications for attorneys' fees and reimbursement of litigation expenses as allowed by the Court. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on the Plan of Allocation; and/or the applications of Plaintiffs' Counsel for awards of attorneys' fees and reimbursement of expenses.

15. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated to the extent provided by the Stipulation and, in such event:

(a) the Settlement shall be deemed null and void with respect to the Parties and shall have no further force and effect with respect to any of the Parties;

(b) the Parties to the Stipulation shall be deemed to have reverted to their respective status in the Actions immediately prior to the Parties' agreement in principle to settle the Actions and, except as otherwise expressly provided, the Parties shall proceed as if the Stipulation and any related orders entered in connection with the contemplated settlement of the claims against the PB Funds Released Parties in this Sub-Track, had not been executed or entered; and

(c) the Stipulation (including any of the attachments ehereto), the Settlement Notices and forms of orders and judgments contemplated by the Stipulation, and any communications or negotiations with respect to the Stipulation (including the negotiation of any term sheet or any term sheet itself), shall not be used or referred to in this Sub-Track by any of the parties to the Actions in this Sub-Track.

16. Without further Order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**SO ORDERED:**

Dated: Baltimore, Maryland
October 25, 2010

_____
J. FREDERICK MOTZ
United States District Judge