THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION<br><br>ALLIANCE, FRANKLIN/TEMPLETON BANK OF AMERICA/NATIONS FUND, AND PILGRIM BAXTER<br><br>(ALLIANCE) | Civ. No. 04-md-15862<br><br>The Honorable J. Frederick Motz<br><br>____ FILED ____ ENTERED<br>____ LODGED ____ RECEIVED<br><br>AUG 1 0 2011<br><br>AT BALTIMORE<br>CLERK U.S. DISTRICT COURT<br>DISTRICT OF MARYLAND<br>BY _____ DEPUTY |
| LOGUE v. CALVERT, ET AL. | Civ. No. 04-md-00859 |

## [PROPOSED] ORDER AND FINAL JUDGMENT

The above-captioned matter, having come before the Court for hearing, as noticed, on August 10, 2011, at 12:30 p.m., pursuant to the Order of this Court, dated May 27, 2011 (the "Preliminary Approval Order"), to consider and determine the matters set forth in the Preliminary Approval Order, and due and sufficient notice having been given in accordance with the provisions of the Preliminary Approval Order, and all Persons having any objection to the proposed settlement (the "Settlement") of the above-captioned action (the "Derivative Action") embodied in the Stipulation of Settlement, dated as of March 9, 2011 (the "Stipulation") or the request for attorneys' fees and reimbursement of expenses in this action having been given an opportunity to present such objections to the Court; the Court having heard and considered the matter, including all papers filed in connection therewith, and the oral presentations of counsel and any objections raised at said hearing, and good cause appearing therefore:

THE COURT HEREBY FINDS, DETERMINES AND ORDERS AS FOLLOWS:

1. Unless otherwise defined below, all terms that are capitalized herein shall have the same definitions as used in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Derivative Action and the Settling Parties.

3. Based upon the evidence submitted by Plaintiff's Counsel, this Court finds that the form and the method of dissemination of both the Settlement Notice and the Summary Notice, as previously preliminarily approved by the Court, complied with the requirements of Rule 23.1 of the Federal Rules of Civil Procedure, satisfied the requirements of due process, and any other applicable law, and constituted due and sufficient notice of the matters set forth therein. A full opportunity has been offered to AllianceBernstein Holding Unitholders to object to the proposed Settlement and to participate in the hearing thereon.

4. The Court finds that the terms of the Stipulation and Settlement are fair, reasonable, and adequate, and in the best interests of AllianceBernstein Holding and its unitholders. In making this determination, the Court has considered the substantial benefits the Settlement provides AllianceBernstein Holding, taking into account, among other factors, the risks of establishing liability and proving damages, the complexity, expense, and likely duration of the litigation, and the stage of the proceedings.

5. The Court finds, for settlement purposes, that: (i) the Derivative Action was properly brought as a unitholder derivative suit pursuant to Federal Rule of Civil Procedure 23.1;

and (ii) the Plaintiff adequately represents the interests of AllianceBernstein Holding Unitholders in enforcing the rights of AllianceBernstein Holding.

6. The Stipulation and the terms of the proposed Settlement are, in all respects, approved. The Settling Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7. Subject to the provisions herein, the Court hereby dismisses the Derivative Action with prejudice and in its entirety, on the merits, as against all of the Settling Defendants, with each Settling Party to bear its own costs, except as set forth in Paragraph 10 below.

8. Upon the Effective Date, each of the Releasing Parties on behalf of himself, herself, and/or itself and each and all members of their families, and any current or former parent entities, affiliates, or subsidiaries, and each and all of their respective past, present, or future officers, directors, employees, attorneys, accountants, insurers, auditors, heirs, executors, personal representatives, estates, administrators, predecessors, successors, custodians, agents, representatives, trusts, trustees, trust beneficiaries, and assigns, and all Persons acting in concert with any of the aforementioned persons and entities, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims as against the Released Parties, and will be forever barred and enjoined from commencing, instituting, or prosecuting any of the Released Claims.

9. Upon the Effective Date, each of the Released Parties, and each and all members of their families, and any current or former parent entities, affiliates, or subsidiaries, and each and all of their respective past, present, or future officers, directors, employees, attorneys,

accountants, insurers, auditors, heirs, executors, personal representatives, estates, administrators, predecessors, successors, custodians, agents, representatives, trusts, trustees, trust beneficiaries and assigns, and other individual or entity in which it, he or she has a controlling interest or which is related to or affiliated with any of them or any of the parties listed above, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Releasing Parties and Plaintiff's Counsel from all claims or demands relating to or arising out of, or connected with the institution, prosecution, assertion, settlement, or resolution of the Derivative Action and/or the Released Claims.

10. Plaintiff's Counsel are hereby awarded attorneys' fees of $ 5.75 million, and $ 59,710 in unreimbursed expenses, plus interest as set forth in the Stipulation of Settlement. This Court finds that these amounts are fair and reasonable under the facts and circumstances of this case. Payment of such award shall be made in accordance with the provisions of the Stipulation.

11. Without in any way affecting the finality of this Order and Final Judgment, this Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Stipulation.

12. Neither the Stipulation, nor any of its terms or provisions, nor entry of the Judgment, nor any document or exhibit referred or attached to the Stipulation, nor any action taken to carry out the Stipulation, is, may be construed as or may be used as evidence of the validity of any of the Released Claims or an admission by or against the Settling Defendants of any fault, wrongdoing or concession of liability whatsoever.

13. Neither the Stipulation nor the attached exhibits shall be offered or received into evidence in any action or proceeding in any court or other tribunal for any purpose whatsoever other than to enforce the provisions of the Stipulation, except that the Stipulation and the attached exhibits may be filed as evidence of the Settlement or in any action against any Released Party to support a defense of *res judicata*, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense.

14. This Settlement shall be a final and complete resolution of all disputes among the Settling Parties with respect to the Derivative Claims. No Settling Party may assert in any forum that the Derivative Action was brought, commenced, or prosecuted by Plaintiff or his counsel, or defended by the Settling Defendants or their counsel, in bad faith or that the Derivative Action was not filed or raised in good faith or was not settled voluntarily after negotiating at arm's-length and in good faith after consultation with competent legal counsel. No claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Derivative Action may be brought by any Settling Party.

15. The provisions of this Order and Final Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The Clerk is hereby directed to enter judgment in accordance with this Order and Final Judgment as a final judgment with respect to all matters ordered, judged, and decreed. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16. Entry of the Order and Final Judgment settles and disposes of and discharges all of the Released Claims. In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated and the Settlement and all orders entered in connection therewith shall be rendered null and void, and all negotiations, proceedings, documents prepared, and statements made in connection with the Settlement shall be deemed without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by any Settling Party of any act, matter or proposition, and may not be used in any manner or for any purpose in the litigation of any of the Derivative Action or in any other action or proceeding.

Dated: August 10, 2011
Baltimore, Maryland

SO ORDERED.

_____
Honorable J. Frederick Motz