Fred L. Smith and Frances B. Smith
2039 New Hampshire Ave. NW
Apartment 206
Washington, DC 20009-3414
(202) 232-4009
fsmith@cei.org

September 29, 2011

Clerk of the Court
United States District Court
District of Maryland
101 W. Lombard Street
Baltimore, MD 21201

Chet B. Waldman, Esq.
Andrew E. Lencyk, Esq.
WOLF POPPER LLP
845 Third Avenue
New York, NY 10022

**VIA FEDERAL EXPRESS**

    Re:    MDL-1586 - *In re Mutual Funds Investment Litigation*, 1:04-MD-15862-JFM
                Franklin Templeton Sub-Track, Case 1:04-cv-01310-JFM

To the Honorable J. Frederick Motz:

    As class members, we wish to register our objection. We object to the Settlements and the Stipulation in the *In re Mutual Funds Investment Litigation – Franklin Templeton Sub-Track*, 1:04-MD-15862-JFM. This is a class action settlement designed for the benefit of class counsel, rather than the class. Under the terms of the settlement and fee request, the attorneys and the representative plaintiff will receive $2,168,867.41, while the class itself will receive, at most, only slightly more than that, $2,268,501—and class members like us, who own over 2000 shares of a mutual fund, receive exactly zero under the current plan of allocation. That sort of 48.3% contingency fee for a nuisance settlement is not only a violation of the law, but a breach of class counsel's fiduciary duty to the class that raises legitimate questions about whether the attorneys are adequate representatives of the class, and the sort of self-serving abuse of the class action process that courts should not countenance. I further object that the notice process was so shoddy that it did not provide me adequate time to retain Maryland counsel by the objection deadline—which was set on Saturday, October 1, a day when the court is closed. I reserve the right to either appear at the fairness hearing or retain counsel who will appear at the fairness hearing.

### I. We are Class Members.

Our names are Fred L. Smith and Frances B. Smith. We reside at 2039 New Hampshire Ave. NW, Apartment 206, Washington, DC 20009-3414. Our phone number is (202) 232-4009. On May 11, 2001, we purchased shares of Templeton Growth Fund for our IRA. We attach a copy of our February 2004 statement to demonstrate class membership. Under the settlement, we are entitled to under $10, and will therefore receive zero; it is therefore not worth the expenditure of time to even fill out the claim form. It is unclear where this money will go, if not to us. We object that we are required to "authorize the financial intermediary to disclose records of [our] holdings to the Claims Administrator," though we have no chance of receiving money under the paltry settlement; we give that authorization.

### II. The Attorney Fee Request Is Illegal.

The attorneys are asking for $1,800,000 in fees and $341,982 in expenses.

The Private Securities Litigation Reform Act states that the "total attorneys' fees and expenses shall not exceed a reasonable percentage of the amount of any damages and prejudgment interest actually paid to the class." 15 U.S.C. §§ 77z-1(a)(6); 78u-4(a)(6). But the attorneys here are asking for a 25% commission on the notice and administration costs, though there is no statutory authority for such a request for moneys paid to third parties. (Indeed, the attorneys fail to even mention the relevant statute in their request for fees.) Moreover, they ask for 100% of their expenses to be paid separate from the fee calculation, in direct contradiction to the statutory language.

The class has not been given notice of what will actually be paid to the class. If notice and administration costs exceed $2,750,000, then the excess will be deducted from the $4,437,368 settlement fund. (If, on the other hand, the costs are under $2,750,000, then that extra amount will revert to the defendant—but the class counsel is still seeking a 25% commission on that returned amount.)

Even if the PSLRA somehow permitted recovery for payment to unrelated third parties, it would be bad public policy to do so. *First*, as a matter of law, post-settlement notice is carried out almost exclusively for the benefit of *defendants*, rather than the class, and thus should not be double-counted as a class benefit. *Second*, the theory that notice and settlement administration should be counted as a class benefit for purposes of evaluating the settlement would lead to absurd results that contradict the Class Action Fairness Act. *Third*, awarding attorneys' fees regardless of whether settlement money is paid to settlement administrators, to the postal service, or to the class members who are the attorneys' actual putative clients creates poor incentives that contradict the purposes behind the D.C. Circuit's "percentage of the recovery" fee approach.

The consideration that defendants receive for settling a class action is a waiver of all claims by class members. But if an individual class member "later claims he did not receive adequate notice and therefore should not be bound by the settlement, he can litigate that issue on an individual basis

when the settlement is raised as a bar to a lawsuit he has brought." *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993). *See also In re Diet Drugs Prods. Liability Litig.*, 385 F.3d 386, 396 (3rd Cir. 2004) (countenancing "a collateral attack on the order approving the Settlement" for claims of inadequate notice). Defendants therefore have every incentive to ensure that classwide notice meets constitutional requirements. This is far from a hypothetical concern: defendants have found themselves on the wrong end of repeat litigation when class members failed to receive constitutionally-adequate notice. *See, e.g., Besinga v. United States*, 923 F.2d 133, 137 (9th Cir. 1991) (reversing dismissal of plaintiff's case because no notice was given in prior class action). *Cf. Coppolino v. Total Call Intern., Inc.*, 588 F. Supp. 2d 594 (D. N.J. 2008) (holding that plaintiff's claim was not barred by *res judicata* when class notice in earlier settlement was constitutionally inadequate). Notice benefits defendants when it creates claim preclusion that would not otherwise exist. As such, the expense of class notice cannot simply be entered as a benefit on the class's side of the ledger.

Indeed, if the Court adopted the view that notice benefited the class, the very act of settlement could be considered "consideration"—even if class members got nothing in exchange for waiving their rights—simply because those class members received a letter in the mail notifying them of the settlement. For example, imagine a settlement against Franklin that provided only a token $100 *cy pres* award, but in which the defendant was entitled to deduct half the cost of notice from individual customers' accounts to pay for attorneys' fees. Such a settlement would normally be prohibited by 28 U.S.C. § 1713's prohibition against settlements that create a loss to class members. But if a court adopted the proposition that $1 million of notice expenditures is equal to $1 million in benefits to the class, the skimming of all class members' accounts would be permissible, because the $500,000 expense to the class would be outweighed by the $1 million "benefit" of notice of the skimming. Because such a result would be flatly unjust and impossible to square with the plain import of the Class Action Fairness Act, this suggests that counting notice as a class benefit generally is insupportable and unfair. The Seventh Circuit recently adopted a similar proposition of law in *In re Aqua Dots Prods. Liab. Litig.*, when it noted that the costs of notice and settlement administration are not so much a benefit to the class as a ***social cost*** that is a factor that weighs against the decision to certify a class. --- F.3d ---, 2011 U.S. App. LEXIS 17039 (7th Cir. Aug. 16, 2011) (Easterbrook, J.).

These principles are not solely a matter of common-sense economics; Judge Vaughn Walker made precisely this point when he was evaluating competing bids for lead class counsel, one which used a denominator that included settlement-administration expenses, and another that did not: "First, an attorney generally has no incentive to minimize litigation expenses unless his fee award is inversely related to such expenses. Second, when an attorney treats a resource devoted to litigation as a reimbursable expense, the attorney has a clear incentive to substitute that resource for those paid for out of the attorney fee, even if it increases the overall cost of the litigation to the client." *In re Wells Fargo Securities Litigation*, 157 F.R.D. 467, 470 (N.D. Cal. 1994). Put another way, institutional safeguards against running up significant administrative costs are lacking in this context, and there is a related danger of class counsel substituting reimbursable work for work that is otherwise not

reimbursable. Conversely: "If an attorney risks losing some portion of his fee award for each additional dollar in expenses he incurs, the attorney is sure to minimize expenses." *Id.* at 471. This principle of the need to align attorney incentives with maximizing class benefit is what lies behind the D.C. Circuit's adoption of the "percentage-of-the-fund" approach in calculating fee awards. *Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1265-71 (D.C. Cir. 1993). *Cf. also Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005) (attorney fee calculations should use methods that align the interests of attorney and client).

Meanwhile, the class representative is seeking $26,885. (It is unclear why the class representative's time should be compensated at over $100/hour when the lawsuit achieved such a tiny level of success, and no class member could possibly receive that much money. Judge Frank Easterbrook has elsewhere called such an incentive award several times the recovery available to the class "untenable." *Murray v. GMAC*, 434 F.3d 948, 952 (7th Cir. 2006).) If we assume the notice and administration costs are under $2.75 million, then the most the class can receive is $4.41 million. Yet the attorneys have made a request for $2.142 million in "total attorneys' fees and expenses," leaving only about $2.27 million for the class That 48.3% figure is not the "reasonable percentage" discussed in the PSLRA. The plaintiffs make no attempt to justify a 48.3% figure. The total fees and expenses should not exceed 25%, or $1.1 million. But even that amount is too high, given how little success the attorneys achieved for their putative clients.

### III. The Attorneys Are Not Adequate Class Representatives.

The attorneys have gone through the class action process to force Franklin to incur over $5 million in notice and administration expense and class counsel fees (plus untold millions more in their own defense attorney expenses) to pay out less than $2.3 million to class members.

Plaintiffs sought damages of $1.48/mutual fund share; they are settling for less than 1 cent per mutual fund share, and are taking nearly half of that for themselves. As in *Murray v. GMAC*, one of two things is happening. If plaintiffs have a meritorious claim, then they are selling the class short to benefit themselves. The more likely scenario is that the defendants had more than a 99% chance of winning, and that this is a nuisance litigation brought for the benefit of class counsel at the class's expense.

Lawsuits like this hurt class members. If a reasonable average class member had been asked before the lawsuit "Should we mutual fund shareholders bring a lawsuit that will raise expenses by millions of dollars but has less than a 1% chance of success?", that reasonable class member would have rejected the idea of bringing a lawsuit that effectively takes money from the class's right-hand pocket and returns money to the class's left-hand pocket with attorneys taking a huge commission. (Our pockets are simply being picked, because we get $0 under the settlement.) The class members are getting less than 1% of what the lawsuit asks, but the attorneys are asking for approximately a quarter of what seems to be an exaggerated lodestar. Why should the attorneys make out so much better than the class—especially when the class will end up paying the costs of this litigation through

higher expenses? Class representatives and class counsel who bring socially wasteful litigation that cannot benefit the class for their own self-serving benefit are not adequate class representatives under Fed. R. Civ. Proc. 23(a)(4). *Aqua Dots, supra,* 2011 U.S. App. LEXIS 17039 (7th Cir. Aug. 16, 2011) (affirming denial of class certification where the purpose of bringing the lawsuit was to benefit the attorneys through a nuisance settlement of socially wasteful litigation). The class should be decertified; the class counsel and class representative should not be allowed to profit from bringing meritless litigation where they are the primary beneficiaries.

### IV. The Notice Has Misled the Class into Artificial Acquiescence.

Though the attorneys are asking for 48.3% of the settlement fund, the notice claims that they are only asking for 25%. If a mutual fund had that sort of misleading disclosure, they would be put through millions of dollars of litigation for fraud. Why should class counsel be rewarded for something they would be sued over if they were a mutual fund company?

Because we consulted with a family friend who is an expert in class action settlements and who helped us draft this objection, we have not been fooled by the misleading disclosure of 25% in the settlement, but there is no telling how many other class members might have objected had they received accurate disclosure that the attorneys would be asking for approximately half of the settlement fund. The parties have asked the court to consider the class's reaction to the settlement in approving it, but given how they have artificially depressed the number of objections through a misleading class notice, an abbreviated time for objection, and a burdensome objection process, the court should not give this factor any weight.

In any event, it is poor public policy to rule that a low number of objections is the equivalent of class approval. Silence is simply *not* consent. *Grove v. Principal Mut. Life Ins. Co.*, 200 F.R.D. 434, 447 (S.D. Iowa 2001), *citing In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 789 (3d Cir. 1995). "Silence may be a function of ignorance about the settlement terms or may reflect an insufficient amount of time to object. But most likely, silence is a rational response to any proposed settlement even if that settlement is inadequate. For individual class members, objecting does not appear to be cost-beneficial. Objecting entails costs, and the stakes for individual class members are often low." Christopher R. Leslie, *The Significance of Silence: Collective Action Problems and Class Action Settlements*, 59 FLA. L. REV. 71, 73 (2007).

"[A] combination of observations about the practical realities of class actions has led a number of courts to be considerably more cautious about inferring support from a small number of objectors to a sophisticated settlement." *In re GMC Pick-Up Litig.*, 55 F.3d at 812 (*citing In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 217–18 (5th Cir. 1981)). "Acquiescence to a bad deal is something quite different than affirmative support." *In re General Motors Corp. Engine Interchange Litigation*, 594 F.2d 1106, 1137 (7th Cir. 1979) (reversing approval of settlement).

Hon. J. Frederick Motz
September 29, 2011
Page 6

The reason this case is being pursued as a class action is because individual class members cannot economically pursue this case without aggregation. We have so little at stake in this litigation, given how little the settlement pays us, that it is economically irrational for us to object: the expense of two Federal Express mailings overwhelms any possible recovery we could obtain. If we were not so offended by the outrageous attorneys' fees from a nuisance settlement, we would not have objected. Others may well have been offended, but reasonably decided it was not worth the expense and effort to object. They should not be viewed as having approved of the settlement when there is no evidence that silent class members would agree to such socially wasteful litigation that harmed the class.

### V.  The Settlement Violates Rule 23(e) in Another Particular.

Fed. R. Civ. Proc. 23(e)(3) requires "parties seeking approval [of a settlement to] file a statement identifying any agreement made in connection with the proposal." Yet this settlement has a secret side agreement that has not been disclosed to the court or the parties. This is a facial violation of the Rule 23(e) prerequisite for settlement approval.

### Conclusion

For the above reasons, we request that the court decertify the class and reject the settlement.

If the court nevertheless approves the settlement, then the award of attorneys' fees and expenses must comply with the PSLRA. Because the plaintiffs achieved less than 1% success for the class, a "reasonable percentage" should not be more than 1% of their lodestar and expenses, or approximately $76,000 in total fees and expenses. In no event should the "total fees and expenses" exceed 25% of the $4.4 million (or less, if notice and administration costs do exceed $2.75 million) "actually paid" to the class in damages and prejudgment interest.

Very truly yours,

*Fred L. Smith*
Fred L. Smith

*Frances B. Smith /d.r.*
Frances B. Smith

Attachment

1:04-MD-15862-JFM
Objection of Fred L. and Frances B. Smith and Notice of Intent to Appear

# Morgan Stanley

**ACTIVE ASSETS ACCOUNT ®**
**FOR MONTH ENDING FEBRUARY 29, 2004**

PAGE 1 OF 11

Account Number
642 160965 509

AAA Customer Service
1-800-869-3326
Householding Anniv. Date:
10/26/2002

Access Your Account at:
www.morganstanley.com/online

Your Financial Advisor
DEBORAH DENOOY
SENIOR VICE PRESIDENT
MORGAN STANLEY
1775 EYE STREET, NW   SUITE 200
WASHINGTON, DC    20006
(202) 862-9000

(200093479998)

FRANCES B SMITH &
FRED L SMITH JT TEN
2039 NEW HAMPSHIRE AVE NW APT 206
WASHINGTON DC 20009-3479

## Asset Summary

| | Value | % of Assets |
|---|---|---|
| Money Market Funds | $72,701.03 | 16.5% |
| Stocks | 10,477.71 | 2.5 |
| Municipal Bonds | 0.00 | 0.0 |
| Corporate Fixed Income | 0.00 | 0.0 |
| Government Securities | 0.00 | 0.0 |
| Mutual Funds | 354,853.83 | 81.0 |
| Unit Investment Trusts | 0.00 | 0.0 |
| Certificates of Deposit | 0.00 | 0.0 |
| Annuities/Insurance | 0.00 | 0.0 |
| Other | 0.00 | 0.0 |
| Asset Value | $438,032.57 | |
| Cash | 0.00 | |
| **Total Asset Value** | **$438,032.57** | **100.0%** |

## Activity Summary

| | | |
|---|---|---|
| Total Asset Value January 31 2004 | | $430,775.62 |
| Cash/Money Market Activity for February | | |
| Closing Balance 1/31 | | $71,164.20 |
| **Credits To Your Account** | | |
| Dividend and Interest | 455.14 | |
| Deposits | 1,500.00 | |
| Sales Proceeds/Redemptions | 0.00 | |
| Other Credits | 0.00 | |
| Total Credits | 1,955.14 | |
| **Debits To Your Account** | | |
| Checking | 0.00 | |
| Debit Card | 0.00 | |
| Withdrawals | 0.00 | |
| Funds to Purchase Securities | -418.31 | |
| Other Debits | 0.00 | |
| Total Debits | | -418.31 |
| Closing Balance 2/29 | | 72,701.03 |
| Net Change Cash/Money Market Activity | | 1,536.83 |
| Changes in Asset Value for February | | |
| Value of Priced Assets 1/31 | $359,611.42 | |
| Securities Bought | 418.31 | |
| Securities Received | 0.00 | |
| Securities Sold/Redeemed | 0.00 | |
| Securities Delivered | 0.00 | |
| Transactions at Fund Company | 0.00 | |
| Change in Value of Priced Assets | 5,301.81 | |
| Value of Priced Assets 2/29 | 365,331.54 | |
| Net Change in Asset Value | | 5,720.12 |
| **Total Asset Value as of February 29, 2004** | | **$438,032.57** |

## Income Summary

| | This Month | Year-To-Date |
|---|---|---|
| Money Market Funds | $36.83 | $68.76 |
| Stocks | 0.00 | 0.00 |
| Municipal Bonds | 0.00 | 0.00 |
| Corporate Fixed Income | 0.00 | 0.00 |
| Government Securities | 0.00 | 0.00 |
| Mutual Funds | 418.31 | 554.60 |
| Unit Investment Trusts | 0.00 | 0.00 |
| Certificates of Deposit | 0.00 | 0.00 |
| Other | 0.00 | 0.00 |
| **Total Income** | **$455.14** | **$623.36** |
| Taxable Income | $88.70 | $157.22 |
| Tax Exempt Income | $366.44 | $466.14 |

Investments and services are offered through Morgan Stanley DW Inc., member SIPC.

# Morgan Stanley

**ACTIVE ASSETS ACCOUNT®**
**FOR MONTH ENDING FEBRUARY 29, 2004**

FRANCES B SMITH &
FRED L SMITH JT TEN

PAGE 2 OF 11
Account Number
642 160965 509

## ASSET DETAILS

### Cash and Money Market Funds

| | Amount | Pct of Assets | Est Yrly Income | Annualized 30 Day Yields |
|---|---|---|---|---|
| CASH | .00 | --- | --- | |
| ACTIVE ASSETS MONEY TRUST | 72,701.03 | 16.5% | 487 | Active Assets Money Trust............0.67% |

**Total Cash and Money Market Funds** $72,701.03   16.5%   $487

Net Change Since Last Statement   $1,536.83

### Stocks

| | Current Price | Value | Pct of Assets | Est Yrly Income | Dividend Yield | Symbol | Additional Information |
|---|---|---|---|---|---|---|---|
| **Common Stocks** | | | | | | | |
| 63  ISHARES NASDAQ BIOTECH FUND | 77.50 | 4,882.50 | 1.2% | 0 | 0.00% | IBB | |
| 153 NASDAQ-100 TRUST SERIES I | 36.57 | 5,595.21 | 1.3% | 2 | .03% | QQQ | |

**Total Stocks** $10,477.71   2.5%   $2   .02%

Net Change Since Last Statement   -35.55

### Mutual Funds

| | Current Price | Value | Pct of Assets | Est Yrly Income | Distribution Rate | Symbol | Fund Plan Number | Dividend/ Cap Gains Option |
|---|---|---|---|---|---|---|---|---|
| **Morgan Stanley Mutual Funds** | | | | | | | | |
| 2,444.027 TAX-EXEMPT SECURITIES TRT A | 12.1300 | 29,646.05 | 6.8% | 1,308 | 4.41% | TAXAX | 171454612 | Reinv/Reinv |
| **Other Mutual Funds** | | | | | | | | |
| 2,277.366 T ROWE PRICE INTL STOCK FUND | 11.9200 | 27,146.20 | 6.2% | N/A | N/A | PRITX | | Reinv/Reinv |

# Morgan Stanley

FRANCES B SMITH &
FRED L SMITH JT TEN

## ACTIVE ASSETS ACCOUNT®
### FOR MONTH ENDING FEBRUARY 29, 2004

PAGE 3 OF 11

Account Number
642 160965 509

### Mutual Funds

#### Other Mutual Funds

| | | Current Price | Value | Pct of Assets | Est Yrly Income | Distribution Rate | Fund Plan Number | Symbol | Dividend/ Cap Gains Option |
|---|---|---|---|---|---|---|---|---|---|
| 960.085 | SB DIVER LRG CAP GRTH A | 14.3500 | 13,777.22 | 3.1% | N/A | N/A | | CFLGX | Reinv/Reinv |
| 7,201.650 | SALOMON NATIONAL TAX FR INC A | 12.0900 | 87,067.95 | 19.9% | N/A | N/A | | SBTFA | Reinv/Reinv |
| 797.725 | T ROWE PRICE NEW AMER GWTH FD | 30.8100 | 24,577.91 | 5.6% | N/A | N/A | | PRWAX | Reinv/Reinv |
| 1,106.962 | T ROWE PRICE GROWTH & INCOME | 22.4900 | 24,895.58 | 5.7% | N/A | N/A | | PRGIX | Reinv/Reinv |
| 400.351 | T ROWE PRICE NEW HORIZONS FD | 26.3600 | 10,553.25 | 2.4% | N/A | N/A | | PRNHX | Reinv/Reinv |
| 2,061.038 | SCUDDER TARGET 2010 A | 9.7900 | 20,177.56 | 4.6% | N/A | N/A | | KRFAX | Reinv/Reinv |
| 352.428 | MFS TOTAL RETURN A | 15.5300 | 5,473.21 | 1.2% | N/A | N/A | | MSFRX | Reinv/Reinv |
| 2,384.900 | MFS CAPITAL OPPORTUNITY A | 12.4500 | 29,692.01 | 6.8% | N/A | N/A | | MCOFX | Reinv/Reinv |
| 2,472.761 | SCUDDER SHORT DURATION C | 10.1400 | 25,073.80 | 5.7% | N/A | N/A | | SDUCX | Reinv/Reinv |
| 138.604 | MFS RESEARCH A | 18.5100 | 2,565.56 | 0.6% | N/A | N/A | | MFRFX | Reinv/Reinv |
| 237.759 | MFS INVESTORS TRUST A | 16.0000 | 3,804.14 | 0.9% | N/A | N/A | | MITTX | Reinv/Reinv |
| 2,330.254 | TEMPLETON GROWTH FUND A | 21.6300 | 50,403.39 | 11.5% | N/A | N/A | | TEPLX | Reinv/Reinv |

**Total Other Mutual Funds**     325,207.78    74.2%

**Total Mutual Funds**     $354,853.83    81.0%    $1,308    .36%

Net Change Since Last Statement    $5,755.67

### Asset Summary

| | Value | | Est Yrly Income |
|---|---|---|---|
| **Total Asset Value** | $438,032.57 | | $1,797 |

Total Net Change In Priced Assets Since Last Statement    $5,720.12

Investments and services are offered through Morgan Stanley DW Inc., member SIPC.

# Morgan Stanley

FRANCES B SMITH &
FRED L SMITH JT TEN

## ACTIVE ASSETS ACCOUNT ®
### FOR MONTH ENDING FEBRUARY 29, 2004

PAGE 4 OF 11

Account Number
642 160965 509

---

## Authorized Limit

Your Authorized Limit equals:
- 72,701.03 + Money Market Trust balance cash balance
- 210,092.00 + loan amount available to you based on a percent of the assets in your margin account (identified by asterisk)
- .00 - debit balance.
- $282,794.00  Authorized Limit

## Morgan Stanley Margin Loan Rates

| Loan Amount | Rate |
|---|---|
| $0 – 9,999 | 7.875% |
| $10,000 – 24,999 | 7.750% |
| $25,000 – 49,999 | 6.750% |
| $50,000 – 99,999 | 6.625% |
| $100,000 – 499,999 | 5.375% |
| $500,000 – 999,999 | 4.875% |
| $1,000,000 & over | 4.500% |

EFFECTIVE DATE:    July 8, 2003
PREVIOUS CHANGE:   May 15, 2003

---

## CREDITS TO YOUR ACCOUNT

### Dividends and Interest

#### Taxable Income

| Date | Activity | Description | Amount | Income Category |
|---|---|---|---|---|
| 02-03 | Dividend | MFS TOTAL RETURN A DIV PAYMENT AS OF 01/30/04 | 10.54 | Mutual Funds |
| 02-25 | Dividend | SCUDDER SHORT DURATION C DIV PAYMENT AS OF 02/23/04 | 41.33 | Mutual Funds |
| 02-26 | Dividend | ACTIVE ASSETS MONEY TRUST | 36.83 | Money Market Funds |
|  |  | Sub Total Taxable Income | 88.70 |  |

#### Tax Exempt Income

| Date | Activity | Description | Amount | Income Category |
|---|---|---|---|---|
| 02-02 | Tax Exempt Dividend | SALOMON NATIONAL TAX FR INC A DIV PAYMENT AS OF 01/30/04 | 266.36 | Mutual Funds |
| 02-25 | Tax Exempt Dividend | TAX-EXEMPT SECURITIES TRT A | 100.08 | Mutual funds |
|  |  | Sub Total Tax Exempt Income | 366.44 |  |

Investments and services are offered through Morgan Stanley DW Inc., member SIPC.

# Morgan Stanley

**FRANCES B SMITH &**
**FRED L SMITH JT TEN**

ACTIVE ASSETS ACCOUNT ®
*FOR MONTH ENDING FEBRUARY 29, 2004*

PAGE 5 OF 11

Account Number
642 160965 509

Total Dividends and Interest         455.14

*See Income Summary on page 1 for the month-to-date and year-to-date amounts per income category.*

*For information about how the Jobs and Growth Tax Relief Reconciliation Act of 2003 may affect your assets and be reported for you by Morgan Stanley, please visit www.morganstanley.com/online or contact your Financial Advisor.*

## Deposits

| Date | Activity | Description | Amount | Additional Information |
|---|---|---|---|---|
| 02-13 | Branch Deposit | FUNDS RECEIVED | 1,500.00 | ACH CITIBANK |
| | | Total Deposits | $1,500.00 | Year-To-Date   $3,000.00 |

**Total Credits To Your Account**                    $1,955.14    Year-To-Date   $70,487.34

## DEBITS TO YOUR ACCOUNT

### ichoice Platinum Rewards Information

| Rewards Points Summary | Rewards Points | Expiring Rewards Points Summary | |
|---|---|---|---|
| Opening Balance 01/01 | 0 | 1st Quarter | 0 |
| Points Earned | 0 | 2nd Quarter | 0 |
| Points Redeemed | 0 | 3rd Quarter | 0 |
| Closing Point Balance 01/31 | 0 | 4th Quarter | 0 |

*For questions about your Platinum Rewards points, please call 1-800-869-3326. Please have your card number ready.*

### Funds to Purchase Securities

| Trade Date | Settle Date | Activity | Quantity | Description | Price | Amount | Additional Information |
|---|---|---|---|---|---|---|---|
| 01-30 | 01-30 | Bought | .689 | MFS TOTAL RETURN A | 15.2900 | 10.54 | REINVESTMENT |
| 01-30 | 01-30 | Bought | 22.327 | SALOMON NATIONAL TAX FR INC A | 11.9300 | 266.36 | REINVESTMENT |
| 02-23 | 02-23 | Bought | 4.076 | SCUDDER SHORT DURATION C | 10.1400 | 41.33 | REINVESTMENT |
| 02-25 | 02-25 | Direct Purchase | 8.251 | TAX-EXEMPT SECURITIES TRT A | 12.1300 | 100.08 | DIVIDEND REINVESTMENT |
| | | | | Total Funds to Purchase Securities | | -418.31 | Year-To-Date   -883.52 |

**Total Debits To Your Account**                      -418.31    Year-To-Date   -883.52

Investments and services are offered through Morgan Stanley DW Inc., member SIPC.

# Morgan Stanley

FRANCES B SMITH &
FRED L SMITH JT TEN

ACTIVE ASSETS ACCOUNT ®
FOR MONTH ENDING FEBRUARY 29, 2004

PAGE 6 OF 11

Account Number
642 160965 509

## ADDITIONAL ACCOUNT INFORMATION

### Money Market

| Date  | Activity              | Description                  | Amount      | Additional Information |
|-------|-----------------------|------------------------------|-------------|------------------------|
|       |                       | Closing Balance 1/31         | $71,164.20  |                        |
| 02-17 | Automatic Investment  | ACTIVE ASSETS MONEY TRUST    | 1,500.00    |                        |
| 02-26 | Automatic Reinvestment| ACTIVE ASSETS MONEY TRUST    | 36.83       | Dividend Reinvested    |
|       |                       | Closing Balance 2/29         | $72,701.03  |                        |

### Morgan Stanley Fund Summary

|                              | YTD Dividends | YTD Cap Gains | YTD Taxes | Features                                      |
|------------------------------|---------------|---------------|-----------|-----------------------------------------------|
| TAX-EXEMPT SECURITIES TRT A  | 199.78        | 0.00          | 0.00      | Reinvest Dividends and Capital Gains          |
| Totals                       | $199.78       | $0.00         | $0.00     |                                               |

### Messages

Is your retirement nest egg where it needs to be? To find out, schedule a complimentary review with your Morgan Stanley Financial Advisor today.

Investments and services are offered through Morgan Stanley DW Inc., member SIPC.

# Morgan Stanley

ACTIVE ASSETS ACCOUNT ®
FOR MONTH ENDING FEBRUARY 29, 2004

Account Number
642 160965 509

AAA Customer Service
1-800-869-3326
Householding Anniv. Date:
10/26/2002

Access Your Account at:
www.morganstanley.com/online

Your Financial Advisor
DEBORAH DENOOY
SENIOR VICE PRESIDENT
MORGAN STANLEY
1775 EYE STREET, NW  SUITE 200
WASHINGTON, DC     20006
(202) 862-9000

(200093479998)

FRANCES B SMITH &
FRED L SMITH JT TEN
2039 NEW HAMPSHIRE AVE NW APT 206
WASHINGTON DC 20009-3479

## GAIN AND LOSS SUMMARY

The Gain and Loss information is provided for informational purposes only. We recommend that you contact your tax advisor to determine the appropriate information to be used in the preparation of your tax return. This Gain and Loss Summary is not a substitute 1099 form (or any other appropriate tax form) and should not be filed with your taxes.

For most securities purchased after 1985 through Morgan Stanley DW Inc., the necessary data, including cost basis (purchase price), is provided to estimate gain or loss. Please note that although Morgan Stanley DW Inc. makes every effort to adjust the cost basis for such securities' capital changes, it does not adjust the cost basis for all events, including amortization of non-municipal bond premiums; exercise of stock options; securities deemed to have been sold and simultaneously repurchased; receipt of cash in lieu of fractional shares; or the net effect of wash sales and/or short sales against the box.

For securities not purchased through Morgan Stanley DW Inc., for example, securities purchased elsewhere and later transferred to it, you will need to supply the relevant information either to your Financial Advisor or directly onto ClientServ, independently of Morgan Stanley DW Inc. In either case, it is your responsibility to ensure the accuracy of this information, since Morgan Stanley DW Inc. has no knowledge of such assets' cost basis. To correct any information supplied by Morgan Stanley DW Inc., please inform your Financial Advisor; to correct any information supplied by you, you may either inform your Financial Advisor or input the data directly yourself through ClientServ.

For Managed Futures funds, these funds may typically be redeemed only once monthly, at the fund's final net asset value ("NAV") as of each month's end. The fund's final NAV for each month - and therefore the exact amount of any investor's gain or loss realized that month- becomes available, however, only midway into the following month.  Separately, all unrealized gain and loss figures are only estimates. Morgan Stanley DW Inc. does not guarantee nor will it independently verify the accuracy of the information in the Gain and Loss Summary.

| Unrealized Gain/(Loss) | Quantity | Date Acquired | Unit Cost | Adjusted Total Cost | Market Value | Unrealized Gain/(Loss) | Additional Information |
|---|---|---|---|---|---|---|---|
| **Stocks** | | | | | | | |
| **Common Stocks** | | | | | | | |
| ISHARES NASDAQ BIOTECH FUND | 63 | 09-18-01 | 78.0857 | 4,919.40 | 4,882.50 | (36.90) | Long Term |
| NASDAQ-100 TRUST SERIES I | 153 | 09-18-01 | 32.7327 | 5,008.11 | 5,595.21 | 587.10 | Long Term |

This summary is not part of your account statement. It is for information purposes only and should not be used for tax preparation.

# Morgan Stanley

FRANCES B SMITH &
FRED L SMITH JT TEN

ACTIVE ASSETS ACCOUNT®
FOR MONTH ENDING FEBRUARY 29, 2004

PAGE 8 OF 11

Account Number
642 160965 509

## Mutual Funds

### Morgan Stanley Mutual Funds

| Quantity | Date Acquired | Unit Cost | Adjusted Total Cost | Market Value | Unrealized Gain/(Loss) | Additional Information |
|---|---|---|---|---|---|---|
| TAX-EXEMPT SECURITIES TRT A | | | | | | |
| 606 | 08-21-02 | 12.3600 | 7,490.16 | 7,350.78 | (139.38) | Long Term |
| .796 | 08-21-02 | 12.3618 | 9.84 | 9.65 | (.19) | Long Term |
| 119 | 09-16-02 | 12.5400 | 1,492.26 | 1,443.47 | (48.79) | Long Term |
| .617 | 09-16-02 | 12.5445 | 7.74 | 7.48 | (.26) | Long Term |
| 121 | 10-16-02 | 12.3800 | 1,497.98 | 1,467.73 | (30.25) | Long Term |
| .163 | 10-16-02 | 12.3926 | 2.02 | 1.97 | (.05) | Long Term |
| .951 | 11-18-02 | 12.3028 | 11.70 | 11.53 | (.17) | Long Term |
| 121 | 11-18-02 | 12.3000 | 1,488.30 | 1,467.73 | (20.57) | Long Term |
| 141 | 12-16-02 | 12.3200 | 1,737.12 | 1,710.33 | (26.79) | Long Term |
| .234 | 12-16-02 | 12.3076 | 2.88 | 2.83 | (.05) | Long Term |
| 122 | 01-29-03 | 12.2800 | 1,498.16 | 1,479.86 | (18.30) | Long Term |
| .150 | 01-29-03 | 12.2666 | 1.84 | 1.81 | (.03) | Long Term |
| .753 | 02-18-03 | 12.3200 | 9.28 | 9.13 | (.15) | Long Term |
| 121 | 02-18-03 | 12.3240 | 1,490.72 | 1,467.73 | (22.99) | Long Term |
| 120 | 03-17-03 | 12.4199 | 1,490.39 | 1,455.60 | (34.79) | Short Term |
| .773 | 03-17-03 | 12.4320 | 9.61 | 9.37 | (.24) | Short Term |
| 121 | 04-16-03 | 12.3700 | 1,496.77 | 1,467.73 | (29.04) | Short Term |
| .261 | 04-16-03 | 12.3754 | 3.23 | 3.16 | (.07) | Short Term |
| 78 | 05-28-03 | 12.6900 | 989.82 | 946.14 | (43.68) | Short Term |
| .802 | 05-28-03 | 12.6932 | 10.18 | 9.72 | (.46) | Short Term |
| 150 | 06-20-03 | 12.6499 | 1,897.49 | 1,819.50 | (77.99) | Short Term |
| .198 | 06-20-03 | 12.6767 | 2.51 | 2.40 | (.11) | Short Term |
| 120 | 07-16-03 | 12.4299 | 1,491.59 | 1,455.60 | (35.99) | Short Term |
| .676 | 07-16-03 | 12.4408 | 8.41 | 8.19 | (.22) | Short Term |
| 124 | 08-18-03 | 12.0900 | 1,499.16 | 1,504.12 | 4.96 | Short Term |
| .069 | 08-18-03 | 12.1739 | 0.84 | 0.83 | (.01) | Short Term |
| 130 | 09-23-03 | 12.2800 | 1,596.40 | 1,576.90 | (19.50) | Short Term |
| .293 | 09-23-03 | 12.2866 | 3.60 | 3.55 | (.05) | Short Term |
| 122 | 10-16-03 | 12.2100 | 1,489.62 | 1,479.86 | (9.76) | Short Term |
| .850 | 10-16-03 | 12.2117 | 10.38 | 10.31 | (.07) | Short Term |
| DIVIDEND REINVESTMENT 27.031 | 08-28-02 | 11.8426 | 320.12 | 327.84 | 7.72 | Long Term |
| DIVIDEND REINVESTMENT 93.410 | 03-27-03 | 11.9075 | 1,112.28 | 1,133.20 | 20.92 | Short Term |
| 2,444.027 | | 12.3453 | 30,172.40 | 29,646.05 | (526.35) | |

### Other Mutual Funds

| | | | | | | |
|---|---|---|---|---|---|---|
| T ROWE PRICE INTL STOCK FUND 2,244 | 08-05-03 | | please provide | 26,748.45 | | |

This summary is not part of your account statement. It is for information purposes only and should not be used for tax preparation.

Investments and services are offered through Morgan Stanley DW Inc., member SIPC.

## Morgan Stanley

FRANCES B SMITH &
FRED L SMITH JT TEN

### ACTIVE ASSETS ACCOUNT®
### FOR MONTH ENDING FEBRUARY 29, 2004

PAGE 9 OF 11

Account Number
642 160965 509

| Unrealized Gain/(Loss) | Quantity | Date Acquired | Unit Cost | Adjusted Total Cost | Market Value | Unrealized Gain/(Loss) | Additional Information |
|---|---|---|---|---|---|---|---|
| T ROWE PRICE INTL STOCK FUND | .656 | 08-05-03 | | please provide | 7.81 | | |
| DIVIDEND REINVESTMENT | 32.710 | 12-17-03 | 10.9798 | 359.15 | 389.94 | 30.79 | Short Term |
| | 2,277.366 | | | N/A | 27,146.20 | N/A | |
| SB DIVER LRG CAP GRTH A | 957 | 08-07-03 | | please provide | 13,732.95 | | |
| | .822 | 08-07-03 | | please provide | 11.79 | | |
| DIVIDEND REINVESTMENT | 2.263 | 12-30-03 | 14.0521 | 31.80 | 32.48 | .68 | Short Term |
| | 960.085 | | | N/A | 13,777.22 | N/A | |
| SALOMON NATIONAL TAX FR INC A | 7,068 | 08-07-03 | | please provide | 85,452.12 | | |
| | .963 | 08-07-03 | | please provide | 11.64 | | |
| DIVIDEND REINVESTMENT | 132.687 | 08-29-03 | 11.8227 | 1,568.73 | 1,604.19 | 35.46 | Short Term |
| | 7,201.650 | | | N/A | 87,067.95 | N/A | |
| T ROWE PRICE NEW AMER GWTH FD | 797 | 08-05-03 | | please provide | 24,555.57 | | |
| | .725 | 08-05-03 | | please provide | 22.34 | | |
| | 797.725 | | | N/A | 24,577.91 | N/A | |
| T ROWE PRICE GROWTH & INCOME | 1,100 | 08-05-03 | | please provide | 24,739.00 | | |
| | .917 | 08-05-03 | | please provide | 20.62 | | |
| DIVIDEND REINVESTMENT | 6.045 | 09-26-03 | 20.0628 | 121.28 | 135.96 | 14.68 | Short Term |
| | 1,106.962 | | | N/A | 24,895.58 | N/A | |
| T ROWE PRICE NEW HORIZONS FD | 400 | 08-05-03 | | please provide | 10,543.99 | | |
| | .351 | 08-05-03 | | please provide | 9.26 | | |
| | 400.351 | | | N/A | 10,553.25 | N/A | |
| SCUDDER TARGET 2010 A | 1,019.706 | 06-08-00 | | please provide | 9,982.91 | | |
| DIVIDEND REINVESTMENT | 903.599 | 12-21-00 | 9.3821 | 8,477.69 | 8,846.16 | 368.47 | Long Term |
| DIVIDEND REINVESTMENT | 137.733 | 12-15-03 | 9.3999 | 1,294.69 | 1,348.49 | 53.80 | Short Term |
| | 2,061.038 | | | N/A | 20,177.56 | N/A | |
| MFS TOTAL RETURN A | 296.486 | 06-09-00 | | please provide | 4,604.42 | | |
| DIVIDEND REINVESTMENT | 47.852 | 06-30-00 | 14.4775 | 692.78 | 742.97 | 50.19 | Long Term |
| DIVIDEND REINVESTMENT | 8.090 | 03-31-03 | 14.1013 | 114.08 | 125.82 | 11.74 | Short Term |
| | 352.428 | | | N/A | 5,473.21 | N/A | |
| MFS CAPITAL OPPORTUNITY A | 2,096.384 | 06-09-00 | | please provide | 26,099.98 | | |

*This summary is not part of your account statement. It is for information purposes only and should not be used for tax preparation.*

Investments and services are offered through Morgan Stanley DW Inc., member SIPC.

# Morgan Stanley

FRANCES B SMITH &
FRED L SMITH JT TEN

## ACTIVE ASSETS ACCOUNT ®
### FOR MONTH ENDING FEBRUARY 29, 2004

PAGE 10 OF 11

Account Number
642 160965 509

| Unrealized Gain/(Loss) | Quantity | Date Acquired | Unit Cost | Adjusted Total Cost | Market Value | Unrealized Gain/(Loss) | Additional Information |
|---|---|---|---|---|---|---|---|
| MFS CAPITAL OPPORTUNITY A | .305 | 02-14-01 | 18.7541 | 5.72 | 3.79 | (1.93) | Long Term |
|  | 53 | 02-14-01 | 18.7600 | 994.28 | 659.88 | (334.40) | Long Term |
| DIVIDEND REINVESTMENT | 235.211 | 12-18-00 | 17.9600 | 4,224.40 | 2,928.36 | (1,296.04) | Long Term |
|  | 2,384.900 |  |  | N/A | 29,692.01 | N/A |  |
| SCUDDER SHORT DURATION C | 1,984 | 07-30-03 | 10.0799 | 19,998.71 | 20,117.76 | 119.05 | Short Term |
|  | .127 | 07-30-03 | 10.1574 | 1.29 | 1.28 | (.01) | Short Term |
|  | 459 | 08-18-03 | 10.0500 | 4,612.95 | 4,654.26 | 41.31 | Short Term |
|  | .104 | 08-18-03 | 10.0961 | 1.05 | 1.05 |  |  |
| DIVIDEND REINVESTMENT | 29.530 | 08-25-03 | 10.0907 | 297.98 | 299.45 | 1.47 | Short Term |
|  | 2,472.761 |  |  | 24,911.98 | 25,073.80 | 161.82 |  |
| MFS RESEARCH A | 119.911 | 06-09-00 |  | please provide | 2,219.55 |  |  |
| DIVIDEND REINVESTMENT | 17.747 | 12-04-00 | 23.7797 | 422.02 | 328.47 | (93.55) | Long Term |
| DIVIDEND REINVESTMENT | .946 | 12-02-03 | 16.8604 | 15.95 | 17.54 | 1.59 | Short Term |
|  | 138.604 |  |  | N/A | 2,565.56 | N/A |  |
| MFS INVESTORS TRUST A | 224.478 | 06-09-00 |  | please provide | 3,591.64 |  |  |
| DIVIDEND REINVESTMENT | 11.781 | 06-28-00 | 18.6096 | 219.24 | 188.43 | (30.81) | Long Term |
| DIVIDEND REINVESTMENT | 1.500 | 03-26-03 | 14.3533 | 21.53 | 24.07 | 2.54 | Short Term |
|  | 237.759 |  |  | N/A | 3,804.14 | N/A |  |
| TEMPLETON GROWTH FUND A | 1,848.774 | 06-09-00 |  | please provide | 39,988.96 |  |  |
|  | 130 | 08-07-03 |  | please provide | 2,811.89 |  |  |
|  | .964 | 08-07-03 |  | please provide | 20.85 |  |  |
| DIVIDEND REINVESTMENT | 296.184 | 10-20-00 | 17.1322 | 5,074.30 | 6,406.29 | 1,331.99 | Long Term |
| DIVIDEND REINVESTMENT | 54.332 | 10-24-03 | 19.0324 | 1,034.07 | 1,175.40 | 141.33 | Short Term |
|  | 2,330.254 |  |  | N/A | 50,403.39 | N/A |  |

**Totals for positions with cost data available**           $89,683.60       $90,155.80       $472.20

**Total Market Value for all positions**                                    $365,331.54

*The "Total Cost" and "Unit Cost" for Fixed Income Unit Trusts, Mortgage-Backed Securities, and Zero Coupon Bonds has been adjusted to reflect any partial return of principal or capital that may have been paid to you, or accreted interest earned, since your purchase date. In the event that the accumulated total return of principal or capital is greater than the provided original cost, the adjusted cost will be "0.00".*

*This summary is not part of your account statement. It is for information purposes only and should not be used for tax preparation.*

Investments and services are offered through Morgan Stanley DW Inc., member SIPC.

# Morgan Stanley

FRANCES B SMITH &
FRED L SMITH JT TEN

### ACTIVE ASSETS ACCOUNT ®
### FOR MONTH ENDING FEBRUARY 29, 2004

**Summary**

|  | Short Term | Long Term | Total |
|---|---|---|---|
| Unrealized gain.................. | $480.32 | $2,345.47 | $2,825.79 |
| Unrealized (loss).................. | ($251.99) | ($2,101.60) | ($2,353.59) |
| Realized gain YTD.................. | $0.00 | $0.00 | $0.00 |
| Realized (loss) YTD.................. | $0.00 | $0.00 | $0.00 |

Investments and services are offered through Morgan Stanley DW Inc., member SIPC.

# Morgan Stanley

| | |
|---|---|
| **Errors & Inquiries** | If you do not understand an entry on your statement or suspect an error, it is essential that you immediately contact the manager of the office servicing your account or, if you have a self-directed account, please call 800-688-6896. We will consider your statement correct unless we receive a written inquiry from you about the suspected error within 10 calendar days from the day on which you received your statement. It is your responsibility to review your statement promptly and to seek immediate clarification about entries that you do not understand. |
| **SIPC Protection** | Securities and cash held in Morgan Stanley accounts are protected up to their full net equity value by a combination of coverage provided by the Securities Investor Protection Corporation ("SIPC") a non-profit organization created by an Act of Congress and additional protection purchased from a private insurer by Morgan Stanley (the "Excess Coverage"). SIPC protects up to $500,000 of each customer's securities of which up to $100,000 may be uninvested cash. Excess Coverage provides additional protection up to the full net equity value of each account including unlimited coverage for uninvested cash. SIPC and Excess Coverage apply only to securities and cash in the exclusive possession and control of Morgan Stanley and do not protect against losses due to market fluctuations. Detailed information is available upon request. |
| **Transaction Dates** | All transaction dates on this statement are the transactions' settlement dates. In the case of unsettled trades, we list the trade date instead of settlement date with a notation that the trade is unsettled. |
| **Pricing of Securities** | The prices of securities displayed on your statement are derived from various sources and in some cases may be higher or lower than the price that you would actually receive in the market. For securities listed on an exchange or trading continually in an active marketplace, the price reflects the market quotations at the close of your statement period. The prices of securities not actively traded may not be available. These are indicated by "N/A" (not available). For bonds trading less frequently, we rely on outside pricing services or a computerized pricing model, which cannot always give us actual market values. Similarly, some annuity values provided by outside sponsors are estimates. The amounts on this statement for limited partnerships are typically obtained from a third party or from the investments' general partners unless Morgan Stanley DW Inc. has obtained other information such as an independent appraisal. Since many partnership valuations are provided only annually, they do not always represent current values. Furthermore, limited partnerships and non-traded Real Estate Investment Trusts (REITs) are illiquid and have no public markets, so the amounts shown on this statement may not equal the amounts you would receive if you sold your investment. The value of mutual fund shares is determined by multiplying the Net Asset Value (NAV) by the number of shares or units held as reported to Morgan Stanley DW Inc. by the correspondent custodian. If we cannot obtain a price or estimate, "N/A" appears. For more detailed current information on prices, speak to your Financial Advisor or, if you have a self-directed account, please call 800-688-6896. |
| **Account Valuation** | This figure represents the approximate value of your account on a settlement date basis and is computed by adding (1) the market value of all priced positions and (2) market values provided by pricing services and correspondent custodians for other positions: and by adding any credit or subtracting any debit to your closing cash or money market balance. Please note, this valuation may be adjusted for the net change in priced asset values for securities held or for the net change in money market balances in your account during the statement period. Your closing cash and/or money market balance represents the cash and/or money market funds available in your account and reflects the net month end balance of all deposits, credits and debits (including checking and MasterCard activity in Active Assets accounts). |
| **Margin Privileges** (not available for IRAs or retirement accounts) | If you have applied for margin privileges and have been approved, you may borrow money from Morgan Stanley DW Inc. in exchange for pledging assets in your account as collateral for any outstanding margin loan. The amount you may borrow is based on the value of the eligible securities in your margin account, which are identified by an asterisk (*) on your statement. |
| **Margin Interest Charges** | We calculate interest charges on margin loans as follows: (1) Multiply the applicable margin interest rate times the average daily balance of your margin loan. (2) Multiply the result of Step (1) times the number of days your loan was outstanding. (3) Divide the result of Step (2) by 360 (days). We add the accrued interest to your debit balance and start a new calculation each time the applicable interest rate changes and at the close of every statement month. |
| **Availability of Free Credit Balances and Financial Statements** | Under the customer protection rules of the SEC [17 CFR §240.15c3-2 & -3], Morgan Stanley DW Inc. may use free credit balances in your account which are payable to you on demand, in the ordinary course of its business. We send summary Morgan Stanley DW Inc. financial statements to you semiannually: copies are also available on request, by mail. |
| **Taxes** | Under Federal Income Tax law, we are required to report the gross proceeds of sales transactions, entering into short sales and redemptions done in your account. Although your statement may describe certain items as (federally) tax-free, this is for information purposes only: when reporting your taxes please rely exclusively on the 1099 forms you will receive at the end of the year. (For IRAs, 1099s report distributions from the account rather than income or proceeds from sales.) Federal law subjects you to penalties and withholding if you fail to provide us with your Social Security or Tax ID Number. |
| **Listed Options** | Information with respect to commissions and to other charges related to the execution of options transactions has been included in confirmations of such transactions previously furnished to you. A summary of such information will be made available to you promptly at your request. |
| **Estimated Annual Income and Yields** | Estimated annual income and yields are calculated by annualizing the most recent distribution and do not reflect historic experience or projected future results. Since the rates are subject to change at any time, they should not be entirely relied on for making investment or trading decisions. You are advised to consult with your Financial Advisor before making decisions. Your Financial Advisor will be able to assist you with accurate up-to-date information so that you can make an informed decision. If you have a self-directed account, please call 800-688-6896. |
| **Accrued Bond Interest YTD** | This figure represents the taxable accrued interest received on bond sale transactions and credited to your account during the calendar year. As required by law, Morgan Stanley DW Inc. will report to the Internal Revenue Service the total year-to-date figure indicated on the last statement you receive for the calendar year. |
| **Dividend/Interest (Month/YTD)** | These figures represent dividends and/or interest on securities received by Morgan Stanley DW Inc. and credited to your account during the calendar year. As required by law, Morgan Stanley DW Inc. reports taxable dividends and bond interest credited to your account to the Internal Revenue Service. The totals reported are indicated as the year-to-date figures on the last statement for the calendar year. In the case of REITs, Real Estate Limited Partnerships and Regulated Investment Company Unit Investment Trusts, the Sponsor may reclassify income and return of principal into a different ratio for the prior year. |
| **Certain Assets Not Held at Morgan Stanley DW Inc.** | You may purchase certain assets through Morgan Stanley DW Inc. which will be held at a custodial institution other than Morgan Stanley DW Inc. Assets held in custodial positions are not covered by SIPC protection. Where available, we include information about these assets on your Morgan Stanley DW Inc. statement. The custodial institution is responsible for providing year-end tax reporting (1099s) and separate periodic statements, which may vary from our information due to different reporting periods. In the case of Morgan Stanley, Van Kampen and external networked mutual funds, Morgan Stanley DW Inc. will provide all year-end tax reporting (1099's). In the case of IRA accounts, Morgan Stanley DW Inc. performs all tax reporting. |
| **Client's Investment Objectives and Financial Situation** | It is essential to advise your Financial Advisor or for self-directed accounts, call 800-688-6896, immediately if there is a material change in your investment objectives or financial situation. |

Investments and services are offered through Morgan Stanley DW Inc., member SIPC.