IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION _____ | MDL 1586 |
| IN RE ALLIANCE, FRANKLIN/TEMPLETON, BANK OF AMERICA/NATIONS FUNDS, and PILGRIM BAXTER _____ | Case No. 04-md-15862 (Judge Motz) |
| [Franklin Templeton Sub-Track] _____ | |
| Sharkey IRO/IRA v. Franklin Resources, *et al.* _____ | Case No. 04-md-1310 |

**FINAL ORDER AND JUDGMENT APPROVING SETTLEMENTS AND THE STIPULATION AND RELEASES AND DISMISSING ACTIONS AGAINST THE DEFENDANTS**

J. FREDERICK MOTZ, District Judge

On this ____ day of _____, 2011, a hearing having been held before

this Court to determine:

(1) whether the resolution embodied in the Stipulation and Releases, dated

March 14, 2011 (the "Stipulation") is fair, reasonable and adequate for the resolution of

all claims asserted by the Plaintiff against the Franklin Defendants (together, with the

Third Party Settling Defendants (defined below), the "Defendants")[1] in the Action;

(2) whether the settlements embodied in (a) the Franklin-Templeton/Bear

Stearns Severed Agreement and Stipulation of Settlement dated January 15, 2010 (the

_____

[1] Unless otherwise noted, all capitalized terms shall have the same definition as in the Stipulation.

"Bear Stearns Severed Settlement"), entered into between Plaintiff, on the one hand, and

Bear, Stearns & Co. Inc., Bear, Stearns Securities Corp. and The Bear Stearns Companies

Inc., currently known as J.P. Morgan Securities Inc., J.P. Morgan Clearing Corp. and The

Bear Stearns Companies LLC, respectively (the "Bear Stearns Entities"), on the other

hand; (b) the Franklin-Templeton/Canary Severed Agreement and Stipulation of

Settlement dated January 26, 2010 (the "Canary Severed Settlement"), entered into

among Plaintiff, and Fund Derivative Plaintiffs (defined below), on the one hand, and

Canary Capital Partners, LLC, Canary Capital Partners, Ltd., Canary Investment

Management, LLC, and Edward Stern (the "Canary Entities"), on the other hand; (c) the

Franklin-Templeton/BAS Severed Agreement and Stipulation of Settlement dated May

17, 2011 (the "BAS Severed Settlement"), entered into among Plaintiff, Fund Derivative

Plaintiffs and Banc of America Securities LLC ("BAS"); and the settlement reached with

Security Brokerage, Inc., DCIP, L.P., RCIP, L.P., the Security Brokerage, Inc. Profit

Sharing Trust, now known as the Calugar Corporation Profit Sharing Trust, and any

successors thereto, and Daniel G. Calugar (collectively, "Security Brokerage") (the

"Security Brokerage Settlement")[2] are fair, reasonable and adequate for the settlements of

---

[2] The Bear Stearns Entities, the Canary Entities, BAS, and Security Brokerage are collectively referred to herein as the "Third Party Settling Defendants." The Bear Stearns Severed Settlement, the Canary Severed Settlement, the BAS Severed Settlement, and the Security Brokerage Settlement are referred to herein jointly as the "Third Party Settlements." The "Fund Derivative Action" means *McAlvey et al. v. Franklin Resources Inc. et al.*, No. 04-cv-01274, and all constituent actions (including *Banner, et al. v. Franklin Resources, Inc., et al.*, 04-cv-1452; *Marcus, et al. v. Franklin Resources, Inc.*, 04-cv-1451; and *Denenberg v. Franklin Resources Inc., et al.*, 04-cv-1453), as to which a consolidated amended fund derivative complaint was filed on or about September 29, 2004 in the Franklin Sub-Track. The "Fund Derivative Plaintiffs" are the named plaintiffs who purport to sue derivatively on behalf of certain Franklin Funds in the Fund Derivative Action. The Action and the Fund Derivative Action shall be referred to herein collectively as the "Actions."

all claims asserted by the Plaintiff against the Third Party Settling Defendants, and the claims asserted by Fund Derivative Plaintiffs against the Canary Entities and BAS;

(3) whether judgment should be entered dismissing all Released Claims (including as that term is defined in the Third Party Settlements) brought by or on behalf of the Plaintiff Releasing Parties (and, with respect to the Third Party Settlements, the "Releasing Plaintiffs Parties") against the Franklin Released Parties (and, with respect to the Third Party Settlements, the Released Parties[3]) in any case or complaint transferred to or filed in the Franklin Sub-Track with prejudice, and all other claims brought by the Plaintiff Releasing Parties/Releasing Plaintiffs Parties against the Franklin Released Parties or other Released Parties (with respect to the Third Party Settlements) in any case or complaint transferred to or filed in the Franklin Sub-Track without prejudice, it being understood that nothing in this Order shall be deemed to affect the claims asserted in the Fund Derivative Action, other than the claims asserted therein against the Canary Entities and BAS;

(4) whether the Plaintiff Releasing Parties, and (with respect to the Third Party Settlements) the Releasing Plaintiffs Parties, on behalf of themselves, their heirs, executors, administrators, successors, and assigns, shall be deemed to have released and forever discharged the Released Claims, and shall forever be enjoined from prosecuting the Released Claims, against the Franklin Released Parties, or (with respect to the Third Party Settlements), the Released Parties;

---

[3] The "Released Parties" are the Bank of America Released Parties, the Bear Stearns Released Parties, and the Canary Released Parties, and Security Brokerage, as defined in the respective Third Party Settlements.

(5) whether the Franklin Released Parties and/or the Released Parties shall be deemed to have released and forever discharged the Released Franklin Claims or Released Parties' Claims (as that term is defined in the Third Party Settlements), and shall forever be enjoined from prosecuting the Released Franklin Claims or (with respect to the Third Party Settlements) Released Parties' Claims, against the Plaintiff Released Parties or (with respect to the Third Party Settlements) the Releasing Plaintiffs Parties and Plaintiff's Counsel and, with respect to the claims asserted in the Derivative Action against the Canary Entities and BAS, Derivative Plaintiffs' counsel;

and it appearing that a Summary Notice of the Final Settlement Hearing, substantially in the form approved by the Court, was mailed to all Class Members except those persons and entities excluded from the definition of the Class, as shown by the records of Franklin or its transfer agents, or the records of nominees, at the respective addresses set forth in such records, which specifically directed putative Class Members to obtain the Long Form Notice from the "Website", maintained by the Claims Administrator at www.mutualfundsettlements.com/franklin, and that the Claims Administrator used all reasonable efforts to mail or email copies of the Long Form Notice to potential Class Members and current shareholders of the Franklin Funds who requested it;

and it appearing that a Publication Notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* (*"WSJ"*), *Investor's Business Daily*, as well as a press release issued through *PR Newswire* to both its US1 and Financial Markets newslines, pursuant to the specifications of the Court;

4

and the Court, having considered all matters submitted to it at the Final

Settlement Hearing, along with all prior submissions by the parties to the Third Party

Settlements and the Stipulation, and by others, and otherwise having determined the

fairness and reasonableness of the proposed Third Party Settlements and the Stipulation;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      For purposes of this Judgment, the Court adopts all defined terms

as set forth in the Stipulation.  Capitalized terms used herein, unless otherwise defined,

shall have the meaning set forth in the Stipulation and, with respect to the Third Party

Settling Defendants, their respective Third Party Settlements.

2.      This Court has jurisdiction over the subject matter of the Actions

and of any case or complaint transferred to or filed in the Franklin Sub-Track, and all

matters relating thereto.  The Court also has jurisdiction over the Parties in the Actions

and said other cases.

3.      The Third Party Settlements and the Stipulation are approved as

fair, reasonable and adequate, and in the best interests of the Class Members and the

Class Funds (defined below).  The parties to the Third Party Settlements and the

Stipulation are directed to consummate the Third Party Settlements and the Stipulation in

accordance with their terms.

4.      The Court reaffirms that all elements for maintenance of the

Action as a class action solely for the purposes of effectuating the Third Party

Settlements and the Stipulation have been met.  Specifically, the Class satisfies the

numerosity requirement of Rule 23(a)(1); there are common issues of fact and law

sufficient to satisfy Rule 23(a)(2); the claims of the Class Lead Plaintiff are typical of the

claims of other Class Members, satisfying Rule 23(a)(3); the Class Lead Plaintiff is an

adequate representative of the Class, satisfying Rule 23(a)(4); common issues

predominate over individual issues, satisfying Rule 23(b)(3)(i); and class action treatment

of the Class Action is a superior method of proceeding in this matter, satisfying

Rule 23(b)(3)(ii).

        5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the

Court hereby finally certifies, solely for the purposes of effectuating the Third Party

Settlements and the Stipulation, the Action as a class action on behalf of:  every Person

who, during the period February 6, 1999, through February 4, 2004, inclusive ("Class

Period"), purchased, owned or held shares in any Class Funds.[4]  Excluded from the Class

are: (i) the Franklin Defendants and any individual named in the Class Complaint as a

defendant; (ii) each Other Defendant; (iii) members of the immediate families (i.e.,

parents, spouses, siblings, and children), officers, directors, parents, subsidiaries,

affiliates, legal representatives, heirs, predecessors, successors and assigns of any of the

foregoing excluded parties, and any entity in which any of the foregoing excluded parties

has, or had during the Class Period, a controlling interest; and (iv) all trustees and

portfolio managers of the Class Funds.  Also excluded from the Class are any Persons

---

[4] The "Class Funds" are the Templeton Foreign Fund; Templeton Developing Markets Trust; Templeton Global Smaller Companies Fund; Templeton Global Opportunities Trust; Franklin California Growth Fund (effective 9/1/02, name changed to Franklin Flex Cap Growth Fund); Templeton Greater European Fund (effective 8/1/99, name changed to Templeton International Fund; effective 8/1/01, name changed to Templeton International (Ex EM) Fund; and effective 4/25/07, merged into Templeton Foreign Fund); Franklin Small Cap Growth Fund (effective 9/1/01, name changed to Franklin Small-Mid Cap Growth Fund); Templeton World Fund; Templeton Growth Fund, Inc.; Franklin California Tax-Free Income Fund; Franklin Federal Tax-Free Income Fund; or Templeton Pacific Growth Fund (effective 5/8/03, merged into Templeton Foreign Fund).

who timely and validly exclude themselves by filing a request for exclusion from the Class.

      6.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies, for purposes of settlement only, Class Lead Plaintiff, the Deferred Compensation Plan for Employees of Nassau County, as Class Representative.

      7.     The Court hereby finds that the forms of "Notice" described in the Stipulation (i.e., the Long Form Notice, Publication Notice and Summary Notice) provided the best notice practicable under the circumstances.  Said Notice provided due and adequate notice of these proceedings and the matters set forth herein, including the Third Party Settlements and the Stipulation and the Plan of Allocation, to all persons entitled to such notice who could be identified with reasonable effort, and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process and the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Due and adequate notice of the proceedings was given pursuant to the Preliminary Approval Order dated June 9, 2011, which provided, *inter alia*, for the Notice to be provided to all Class Members, and the Court finds that such Notice offered to Class Members the opportunity to request to be excluded from the Class or to object to the proposed Third Party Settlements and the Stipulation and to participate in the Final Settlement Hearing thereon, if done so timely and properly.  Thus, it is hereby determined that all Class Members who did not elect to exclude themselves by written communication postmarked on or before October 1, 2011, as required in the Notice, are bound by this Judgment.  The Court further finds that the form and method of providing notice to current shareholders of all of the Franklin Funds of the settlement of the Fund

Derivative Action as against the Canary Entities and BAS, was reasonable and adequate, and in compliance with Rule 23.1(c) of the Federal Rules of Civil Procedure and due process.

8.     Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court grants final approval to the Third Party Settlements and the Stipulation and the terms set forth therein.  The Court finds that the Third Party Settlements and the Stipulation and their terms are fair, reasonable, and adequate in all respects and in the best interests of the Plaintiff and the Class Members.  The Court further finds that the settlement of the Fund Derivative Action as against the Canary Entities and BAS only, as set forth in the Third Party Settlements, is fair, reasonable and adequate, and the Court therefore grants final approval to the settlement of the Fund Derivative Action as against the Canary Entities and BAS pursuant to Rule 23.1 of the Federal Rules of Civil Procedure.  The Court specifically finds that the Third Party Settlements and the Stipulation are rationally related to the strength of Plaintiff's and Class Members' claims (and, with respect to the partial settlement of the Fund Derivative Action, the Fund Derivative Plaintiffs' claims) given the risk, expense, complexity, and duration of further litigation.  This Court also finds that the Third Party Settlements and the Stipulation are the result of arm's-length negotiations between experienced counsel representing the interests of the Plaintiff, the Defendants and (with respect to the partial settlement of the Fund Derivative Action), the Fund Derivative Plaintiffs, after thorough factual and legal investigation.

9.     The Court further finds that the response of the Class and current shareholders of the Franklin Funds to the Third Party Settlements and the Stipulation

supports approval.  As of the opt-out and objection deadlines, 162 Class Members had opted out and 3 Class Members and no current shareholders had submitted objections. The Court has carefully considered the objections filed to the Settlements and Stipulation and Releases, and finds them to be without merit.

10.     The Action and the Transferred Actions are hereby dismissed without costs and with prejudice, in that all Released Claims against the Franklin Released Parties (and with respect to the Third Party Settlements, the Released Parties), in any case or complaint transferred to or filed in the Franklin Sub-Track, are dismissed with prejudice, except that all other claims brought by or on behalf of Class Lead Plaintiff against the Franklin Released Parties (and with respect to the Third Party Settlements, the Releasing Plaintiffs Parties) in the Action or by any plaintiff in any case transferred to or filed in the Franklin Sub-Track with respect to the Other Funds, are to be dismissed without prejudice.  Likewise, the Fund Derivative Action is dismissed without costs and with prejudice as against the Canary Entities and BAS only.  The Fund Derivative Action may continue against all other defendants.  The Court finds the Complaint, and the complaints filed in the Transferred Actions, were filed on good faith bases in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information.

11.     The Court finds the releases set forth in the Third Party Settlements and the Stipulation to be fair, reasonable, and enforceable under applicable law.

12.     The Plaintiff Releasing Parties/Releasing Plaintiffs Parties, on behalf of themselves, their heirs, executors, administrators, successors and assigns, are

hereby:  (i) permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any Released Claims against each and all of the Franklin Released Parties or the Released Parties; (ii) conclusively deemed to have hereby fully, finally and forever released, relinquished, discharged and dismissed with prejudice and on the merits, without costs to any party these Released Claims; (iii) conclusively deemed to have covenanted not to knowingly and voluntarily assist in any way any third party in commencing or prosecuting any suit against the Franklin Released Parties or the Released Parties relating to any Released Claim, including any derivative suit; and (iv) forever enjoined and barred from asserting the Released Claims against any of the Franklin Released Parties or the Released Parties in any action or proceeding of any nature.

13.     The Franklin Released Parties (and, with respect to the Third Party Settlements, the Released Parties) are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any Released Franklin Claims (or, with respect to the Third Party Settlements, the Released Parties' Claims) against each and all of the Plaintiff Released Parties (or, with respect to the Third Party Settlements, the Releasing Plaintiffs Parties and Plaintiffs' Counsel), and these Released Franklin Claims/Released Parties' Claims are hereby fully, finally and forever released, relinquished, discharged and dismissed with prejudice and on the merits, without costs to any party.

14.     Nothing in this Order and Judgment shall be deemed to affect the claims asserted in the Fund Derivative Action, except as to the claims against the Canary

Entities and BAS, which shall be released to the extent provided herein and in the Canary Severed Settlement and the BAS Severed Settlement.

15.     Notwithstanding the provisions of ¶¶ 12 and 13 of this Judgment, in the event that any of the Franklin Released Parties (or, with respect to the Third Party Settlements, the Released Parties) who is not bound by the authority or actions of the Defendants herein asserts against a Plaintiff Releasing Party (or, with respect to the Third Party Settlements, any Releasing Plaintiffs Parties and Plaintiffs' Counsel) any claim that is a Released Franklin Claim (or, with respect to the Third Party Settlements, a Released Parties' Claim), then the Plaintiff Releasing Party (or Releasing Plaintiffs Parties and Plaintiffs' Counsel) shall be entitled to use and assert such factual matters included within the Released Franklin Claims (Released Parties' Claims) only against such Franklin Released Party (or Released Party) in defense of such claim but not for the purposes of asserting any claim affirmatively against any other Franklin Released Party (or, with respect to the Third Party Settlements, any other Released Parties).  In the event that any Plaintiff Released Party (or, with respect to the Third Party Settlements, Releasing Plaintiffs Party) asserts against a Franklin Released Party (or Released Party) any claim that is a Released Claim, then the Franklin Released Party (or Released Party) shall be entitled to use and assert such factual matters included within the Released Claims only against such Plaintiff Released Party (or Releasing Plaintiffs Party) in defense of such claim but not for the purposes of asserting any claim affirmatively against any other Plaintiff Released Party (or Releasing Plaintiffs Party).

16.     Neither the Third Party Settlements nor the Stipulation, nor any of their terms and provisions, nor any of the negotiations or proceedings connected with them, nor any of the document or statements referred to therein, shall be:

(a)     Offered or received against the Franklin Released Parties (or, with respect to the Third Party Settlements, the Released Parties) as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by the Franklin Released Parties (or Released Parties) with respect to the truth of any fact alleged or the validity of any claim that was or could have been asserted against the Franklin Released Parties (or Released Parties) in the Action, or in any other litigation, or of any purported liability, negligence, fault, or other wrongdoing of any kind of the Franklin Released Parties (or Released Parties); or

(b)     Offered or received against the Franklin Released Parties (or Released Parties) as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Franklin Released Parties (or Released Parties), or against the Plaintiff, Fund Derivative Plaintiffs or any Class Members as evidence of any infirmity in the claims of Plaintiff, Fund Derivative Plaintiffs or Class Members;

(c)     Offered or received against the Franklin Released Parties (or Released Parties), or against the Plaintiff, Fund Derivative Plaintiffs or any Class Members, as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Franklin Released Parties (or Released Parties), in any other civil, criminal or administrative action or proceeding, in any forum, other than such

12

proceedings as may be necessary to effectuate the provisions of the Third Party Settlements or the Stipulation; provided, however, that the Franklin Released Parties (or Released Parties) may refer to them to effectuate the protection from liability granted them hereunder;

(d)     Offered or received against the Franklin Released Parties (or Released Parties), or against the Plaintiff, Fund Derivative Plaintiffs or any Class Members, as evidence of a presumption, concession or admission that the Class Lead Plaintiff, any of the Franklin Funds and/or the Class, have suffered any damage, or that any particular methodologies, formulas or equations represent the proper or correct ways of calculating the alleged damages of Class Lead Plaintiff, any of the Franklin Funds, and/or the Class;

(e)     Construed against the Franklin Released Parties (or Released Parties), or against the Plaintiff, Fund Derivative Plaintiffs or any Class Members, as a concession, admission, or presumption that the consideration to be given under any of the Third Party Settlements or the Stipulation represents the amount which could be or would have been recovered after trial; or

(f)     Construed against the Plaintiff, Fund Derivative Plaintiffs or any Class Members, as an admission, concession or presumption that any of their claims are without merit or that damages recoverable by Plaintiff and Class Members in the Action against the Franklin Defendants would not have exceeded $2.75 million, or that damages recoverable against the Third Party Settling Defendants in the Action would not have exceeded $4,437,368.

17.     All Persons are hereby permanently BARRED, ENJOINED and RESTRAINED from commencing, prosecuting, or asserting any claim for indemnity or contribution, however denominated (including any claim where the injury to the Person asserting the claim is such Person's actual or threatened liability to Plaintiff, the Franklin Funds or Fund Derivative Plaintiffs (with respect to the claims in the Fund Derivative Action against the Canary Entities and BAS), the Class or the Class Funds), against the Franklin Released Parties or, with respect to the Third Party Settlements, the Released Parties, arising out of or related to the Released Claims (and, with respect to the Canary Entities and BAS, the claims that were or could have been asserted in the Fund Derivative Action), whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims, whether asserted in the Complaint, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere.  The Court hereby does (a) discharge, to the full extent permitted under the PSLRA, each of the Franklin Released Parties and Released Parties from all claims for contribution by any Person arising out of the Action or Transferred Actions, and (b) discharge, to the full extent permitted by any applicable law (whether state, federal, local or statutory law or any other law, rule or regulation) all claims by any Person for contribution or indemnification, however styled (and whether arising under state, federal, local, statutory or common law or any other law, rule or regulation) based upon, arising out of, relating to, or in connection with the Released Claims, with the exception of claims arising out of any indemnification obligations that may presently exist between or among any of the Franklin Released Parties (or between or among any of the Released Parties).  To the

14

extent permitted by the PSLRA or other applicable law (whether state, federal, local,

statutory or common law, or any other law, rule or regulation), the Court hereby bars,

enjoins, and restrains all claims for contribution or indemnification, however styled,

based upon, arising out of, relating to, or in connection with the Released Claims or the

Action, or Transferred Actions, with the exception of claims arising out of any

indemnification obligations that may presently exist between or among any of the

Franklin Released Parties (or between or among any of the Released Parties), (a) against

the Franklin Released Parties/Released Parties; and (b) by the Franklin Released

Parties/Released Parties against any Person other than any Person whose liability to the

Class has been extinguished pursuant to the Third Party Settlements and the Stipulation,

and this Judgment; provided, however, that nothing in this paragraph shall apply to

claims that may be asserted by or against the Franklin Released Parties (or Released

Parties) in cases of Persons who timely opted out of the Class and did not timely revoke

their Request for Exclusion, and further that nothing in this paragraph shall apply to the

claims asserted in the Derivative Action other than those claims asserted against the

Canary Entities and BAS.  Notwithstanding any other terms or provisions in this Final

Order and Judgment, including but not limited to the foregoing passages of this

paragraph, the Franklin Released Parties are not barred, enjoined or restrained from

commencing, prosecuting or asserting any claim against any Released Parties (other than

the Canary Entities) for indemnity or contribution arising out of the claims asserted

against any of the Franklin Released Parties in the Fund Derivative Action.  To the extent

Fund Derivative Plaintiffs are awarded a judgment against the Franklin Defendants,

reflecting damages caused jointly by the Franklin Defendants and the Canary Entities,

such judgment shall be reduced by an amount equal to the Canary Entities' proportionate share of responsibility for such damages, as proved at trial.

18.     The Class Lead Plaintiff, the Class Members and the Fund Derivative Plaintiffs shall not threaten, file or prosecute, whether individually, as a class representative, as a derivative plaintiff, or otherwise any claim (other than any continuing claim by the Fund Derivative Plaintiffs against defendants other than the Canary Entities and BAS) against any of the Franklin Released Parties (or Released Parties) arising out of or relating to alleged Market Timing in the Franklin Funds not otherwise released herein, including without limitation any claims concerning alleged Market Timing in any of the Other Funds.

19.     Exclusive jurisdiction is hereby retained over the Parties and the Class Members for all matters relating to these Actions and any case or complaint transferred to or filed in the Franklin Sub-Track, including the administration, interpretation, effectuation and enforcement of the Stipulation, the Third Party Settlements, and this Judgment.

20.     The finality of this Judgment shall not be affected, in any manner, by rulings that the Court may make on the Plan of Allocation and/or Plaintiff's Counsel's (including Fund Derivative Plaintiffs' counsel's) application for an award of attorneys' fees and reimbursement of expenses, or any application for reimbursement of Plaintiff's expenses incurred in prosecuting this Action pursuant to the PSLRA.

21.     In the event this Judgment does not become Final, or the Third Party Settlements and the Stipulation do not become effective in accordance with their terms, then this Judgment and the Third Party Settlements and the Stipulation shall be

rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void, and the Franklin Contribution or any portion thereof or interest thereon, shall be returned to the Franklin Defendants (and, with respect to the Third Party Settlements, monies paid by the Third Party Settling Defendants shall be returned to them), less any Costs of Notice paid or incurred, as set forth in the Third Party Settlements and the Stipulation.

22.      There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**SO ORDERED:**

Dated:  Baltimore, Maryland
_____ __, 2011

_____
J. FREDERICK MOTZ
United States District Judge