IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION | MDL 1586 |
| IN RE ALLIANCE, FRANKLIN/TEMPLETON, BANK OF AMERICA/NATIONS FUNDS, and PILGRIM BAXTER | Case No. 04-md-15862 (Judge Motz) |
| [Franklin Templeton Sub-Track] | |
| Sharkey IRO/IRA v. Franklin Resources, *et al.* | Case No. 04-md-1310 |

**ORDER APPROVING PLAN OF ALLOCATION**

J. FREDERICK MOTZ, District Judge

On this ____ day of _____, 2011, a hearing (the "Final Settlement Hearing") having been held before this Court to consider: (1) the Plan of Allocation (the "Plan") for distribution of the "Net Monetary Amount" to be established as a result of the "Settlements" between and among Plaintiff and Bear, Stearns & Co., Inc., Bear, Stearns Securities Corp. and The Bear Stearns Companies, Inc., currently known as J.P. Morgan Securities, Inc., J.P. Morgan Clearing Corp. and the Bear Stearns Companies LLC (collectively, the "Bear Stearns Entities"), Canary Capital Partners, LLC, Canary Capital Partners, Ltd., Canary Investment Management, LLC, and Edward Stern (collectively, the "Canary Entities"); Banc of America Securities LLC ("BAS"); and Security Brokerage, Inc., DCIP, L.P., RCIP, L.P., the Security Brokerage, Inc. Profit Sharing Trust, now known as the Calugar Corporation Profit Sharing Trust, and any successors to, and

Daniel G. Calugar (collectively, "Security Brokerage") in the Action (defined below), and a "Stipulation" between Plaintiff and the "Franklin Defendants" (i.e., Franklin Resources, Inc., Franklin Advisers, Inc., Franklin/Templeton Distributors, Inc., Franklin Strategic Series, and Franklin Templeton Alternative Strategies, Inc. (f/k/a Franklin Templeton Asset Strategies, LLC and Franklin Templeton Alternative Strategies, LLC, and since merged into Templeton Worldwide, Inc.), and (2) the fairness and reasonableness of the Plan to the Class;

And it appearing that a summary notice of the Final Settlement Hearing, substantially in the form approved by the Court was mailed to all Class Members, except those persons and entities excluded from the definition of the Class, as shown by the records of the Franklin Defendants, their transfer agents, or the providers of omnibus accounts in the Class Funds, at the respective addresses set forth in such records, which specifically directed putative Class Members to obtain the Long Form Notice from the website maintained by the Class Administrator at www.mutualfundsettlements.com/franklin (the "Website"), which describes the Settlements of the various actions in this Sub-Track (the "Action") and which included a description of the Plan;

And it appearing that a publication notice of the Final Settlement Hearing substantially in the form approved by the Court was published in *The Wall Street Journal* (*"WSJ"*), *Investor's Business Daily*, as well as a press release issued through *PR Newswire*, to both its US1 and Financial Markets newslines pursuant to the specifications of the Court;

And the Court, having considered all matters submitted to it at the Final Settlement Hearing and otherwise having determined the fairness and reasonableness of the Plan; and

It appearing that: (a) the Plan is supported by Class Plaintiff; (b) the Plan is reasonable considering the statutory bases for the claims in the Action; and (c) the Plan is further reasonable considering the risks of proving such claims against the Franklin Defendants, the Bear Stearns Entities, the Canary Entities, BAS, and Security Brokerage (collectively, the "Defendants") and the damages potentially attributable to the Defendants with respect to such claims;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. For purposes of this Order, the Court adopts all defined terms as set forth in the Stipulation and Releases entered into by Plaintiff, on the one hand, and the Franklin Defendants, on the other hand, dated March 14, 2011 (the "Stipulation").

2. The proposed Plan of Allocation is APPROVED. The Claims Administrator is authorized and directed to utilize the Plan as the basis for calculating and paying the amounts to be distributed to the Class Members in accordance with the Plan; *provided, however, that* there shall be no distribution of any of the Net Monetary Amount to any Class Member until after the Effective Date.

3. The Court hereby finds and concludes that: (a) the Plan is rationally related to the relative strengths and weaknesses of the respective claims asserted by, or on behalf of, Plaintiff and the Class; and (b) the mechanisms and procedures set forth in the Plan by which payments from the Net Monetary Amount are to be calculated and made to the participating Class Members (with undistributed

amounts being allocated to the Class Funds), are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedure set forth in the Plan.

4. The Court has carefully considered the objections filed to the Plan of Allocation, and finds them to be without merit.

~~4.~~5. The finality of the Judgment entered with respect to the Settlements, or the Stipulation, between the Parties shall not be affected in any manner by this Order, or any appeal from this Order Approving Plan of Allocation.

~~5.~~6. There is no just reason for delay in the entry of this Order Approving Plan of Allocation, and immediate entry of this Order by the Clerk of the Court is expressly directed.

**SO ORDERED:**

Dated:  Baltimore, Maryland
_____ \_\_, 2011

_____
J. FREDERICK MOTZ
United States District Judge