IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION _____ | MDL 1586 |
| IN RE ALLIANCE, FRANKLIN/TEMPLETON, BANK OF AMERICA/NATIONS FUNDS, and PILGRIM BAXTER _____ | Case No. 04-md-15862 (Judge Motz) |
| [Franklin Templeton Sub-Track] _____ | |
| Sharkey IRO/IRA v. Franklin Resources, *et al.* _____ | Case No. 04-md-1310 |

**[PROPOSED] ORDER AWARDING FEES AND EXPENSES TO PLAINTIFFS' COUNSEL AND THE PLAINTIFF'S AWARD IN CONNECTION WITH THE SETTLEMENTS AND THE STIPULATION AND RELEASES IN THE FRANKLIN TEMPLETON SUB-TRACK**

J. FREDERICK MOTZ, District Judge

On this ____ day of _____, 2011, a hearing having been held before this Court to consider Plaintiff's Counsel's application for an award of attorneys' fees and expenses, including the application of Derivative Lead Counsel (defined below) with respect to the settlement of the Derivative Action as against the Canary Entities and defendant BAS (defined below), and Plaintiff's application for reimbursement pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") of its expenses (including lost wages) incurred in prosecuting the Action (the "Fee and Expense Award");

And it appearing that a summary notice of the Final Settlement Hearing, substantially in the form approved by the Court, was mailed to all Class Members, except those

Doc 170315v2

persons and entities excluded from the definition of the Class, as shown by the records of the Franklin Defendants (i.e., Franklin Resources, Inc., Franklin Advisers, Inc., Franklin/Templeton Distributors, Inc., Franklin Strategic Series, and Franklin Templeton Alternative Strategies, Inc. (f/k/a Franklin Templeton Asset Strategies, LLC and Franklin Templeton Alternative Strategies, LLC, and since merged into Templeton Worldwide, Inc.), their transfer agents, or the providers of omnibus accounts in the Class Funds, at the respective addresses set forth in such records, which specifically directed putative Class Members to obtain the Long Form Notice from the Website maintained by the Class Administrator at www.mutualfundsettlements.com/franklin, which included a description of Plaintiff's Counsel's, and Derivative Lead Counsel's, application for an award of attorneys' fees and expenses, and reimbursement of expenses to Plaintiff;

And it appearing that a publication notice of the Final Settlement Hearing substantially in the form approved by the Court was published in *The Wall Street Journal* (*"WSJ"*), *Investor's Business Daily*, as well as a press release issued through *PR Newswire*, to both its US1 and Financial Markets newslines, pursuant to the specifications of the Court;

And the Court, having considered all matters submitted to it at the Final Settlement Hearing and otherwise having by separate order approved the Settlement;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. For purposes of this Order, the Court adopts all defined terms as set forth in the Stipulation and Releases entered into by Plaintiff, on the one hand, and the Franklin Defendants, on the other hand, dated March 14, 2011 (the "Stipulation").

2. Plaintiff's Counsel are hereby awarded _____% of the Class Benefit (defined below) in fees, which sum the Court finds in its discretion to be fair and reasonable under the circumstances of this case, and $_____ in reimbursement of expenses, which amounts

shall be paid to Plaintiffs' Counsel from the Gross Settlement Fund (defined below), and, vis-a-vis Class counsel only, potentially from the Franklin Contribution, as limited by the Stipulation, with interest from the date such Gross Settlement Fund was funded to the date of payment at the same net rate that the Gross Settlement Fund earns. Class Lead Counsel shall have sole and complete discretion to allocate the Fee and Expense Award going to counsel in the Class Action among Plaintiff's counsel in such Action, and Derivative Lead Counsel, Chimicles & Tikellis LLP, shall have sole and complete discretion in the allocation of that portion of the Fee and Expense Award going to counsel in the Derivative Action, which will come from the amounts paid by the Canary Entities and BAS. Further, Plaintiff is awarded a total of $_____ in reimbursement of its expenses incurred (including lost wages/employee time) in prosecuting the Action, pursuant to the PSLRA.

3. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a) the settlements with the Third Party Defendants (the Bear Stearns Entities, the Canary Entities, BAS and Security Brokerage, as further defined below) (the "Settlements") have created a fund of $4,437,368 in cash that is already on deposit, plus interest thereon (the "Gross Settlement Fund"), and that the Franklin Defendants are responsible for paying up to $2.75 million of the costs of distribution (including costs of notice and administration) of the Settlements incurred in connection with the settlements of the Class Action, which otherwise would have been borne by the Gross Settlement Fund, and, thus, the Class Members (collectively, the "Class Benefit"), and that numerous Class Members will benefit from the Settlements created by Plaintiff's Counsel and the Stipulation reached, and that the Class Funds

are expected to benefit from the settlement of the Derivative Action with respect to Canary and BAS;

(b) Over 4,200,000 copies of the Summary Notice of Settlement of Class Action (the "Notice") were disseminated to putative Class Members indicating that Plaintiffs' Counsel were moving for attorneys' fees in the amount of up to 25% of the Class Benefit and for reimbursement of expenses in an amount of approximately $341,892.21 (the "Fee Application") and reimbursement of Plaintiff's expenses in prosecuting the Action in an amount of ~~approximately~~ $26,885~~50,000~~ (the "Plaintiff's Award"), and three~~[_____]~~ objections were filed against the terms of the proposed Settlements and the Stipulation or the Fee Application, and one ~~[_____]~~ objection~~s~~␣w~~ere~~as filed against the proposed Plaintiff's Award;

(c) Plaintiff's Counsel have conducted the litigation and achieved the Settlements and Stipulation with skill, perseverance and diligent advocacy, and Derivative Lead Counsel have conducted the litigation against and achieved the settlements with the Canary Entities and BAS with skill, perseverance and diligent advocacy;

(d) The Action, like the Derivative Action, involves complex factual and legal issues and was actively prosecuted over six years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e) Had Plaintiff's Counsel not achieved the Settlements and Stipulation, and the Derivative Counsel not achieved the settlements with the Canary Entities and BAS, there would remain a significant risk that Plaintiff and the Class may have recovered less or nothing from the Franklin Defendants, Bear, Stearns & Co. Inc., Bear, Stearns Securities Corp. and The

Bear Stearns Companies Inc., currently known as J.P. Morgan Securities Inc., J.P. Morgan Clearing Corp. and the Bear Stearns Companies LLC (collectively, the "Bear Stearns Entities"), Canary Capital Partners, LLC, Canary Capital Partners, Ltd., Canary Investment Management, LLC, and Edward Stern (collectively, the "Canary Entities"); Banc of America Securities LLC ("BAS"); and Security Brokerage, Inc., DCIP, L.P., RCIP, L.P., the Security Brokerage, Inc. Profit Sharing Trust, now known as the Calugar Corporation Profit Sharing Trust, and any successors thereto, and Daniel G. Calugar (collectively, "Security Brokerage") (all together, the "Defendants"), and the Class Funds may have recovered less or nothing from the Canary Entities or BAS;

(f) Plaintiff's Counsel have devoted over 12,500 hours, with a lodestar value of over $7,400,000, to achieve the Settlements and Stipulation, and incurred $341,892.21 in expenses in prosecuting the Action; and Derivative Counsel have devoted a significant amount of hours, with a significant additional lodestar value, and are applying for reimbursement of $17,000 in expenses, which is less than the amount of expenses they have incurred in prosecuting the Derivative Action to date;

(g) The amount of attorneys' fees awarded and expenses reimbursed from the Gross Settlement Fund and, under certain circumstances, the Franklin Contribution, are fair and reasonable and consistent with awards in similar cases;

(h) Plaintiff incurred expenses in prosecuting the Action (including lost wages/employee time) in an amount of approximately $26,885;

(i) Plaintiff's efforts in prosecuting the Action contributed substantially to the recovery obtained for the Class herein;

      (j)    The Court has carefully considered the objections filed to the Fee Application and Plaintiff's Award, and finds them to be without merit..

    4.    Exclusive jurisdiction is hereby retained over the "Parties" (i.e., Plaintiff, Derivative Plaintiffs and the Defendants) and the Class Members for all matters relating to the Action and the Derivative Action, including the administration, interpretation, effectuation and enforcement of the Stipulation, the separate settlement agreements among Plaintiff and/or Derivative Plaintiffs, and each of (i) the Bear Stearns Entities; (ii) the Canary Entities; (iii) BAS; and (iv) Security Brokerage (collectively the "Third Party Settlements"), and this Order.

    5.    Any appeal or challenge affecting this Court's approval regarding any attorneys' fees and expense application, or application for a Plaintiff's Award, shall in no way disturb or affect the finality of the Third Party Settlements or Stipulation.  In the event that any or all of the Third Party Settlements or the Stipulation are terminated or do not become effective in accordance with their terms, this Order shall be rendered null and void to the extent provided by the affected Third Party Settlements and Stipulation and shall be vacated in accordance with that Third Party Settlement or Stipulation.

    6.    There is no just reason for delay in the entry of this Order Awarding Fees and Expenses and Plaintiff's Award, and immediate entry by the Clerk of the Court is expressly directed.

**SO ORDERED:**

Dated:  Baltimore, Maryland
         _____ \_\_, 2011

                                                _____
                                                     J. FREDERICK MOTZ
                                                   United States District Judge