(212) 451-9624

November 9, 2011

**Via ECF and Hand Delivery**

Honorable J. Frederick Motz
Honorable Catherine C. Blake
United States District Judges
United States District Court for the
 District of Maryland
101 West Lombard Street
Baltimore, MD  21201

>  Re:   In re Mutual Funds Investment Litigation, MDL 1586
>  [This letter relates to the *Franklin Templeton* Subtrack, No. 15862,
>  and <u>*Sharkey IRO/IRA v. Franklin Resources, et al.*, AMD-04-1310</u>]

Dear Judges Motz and Blake:

      I write this letter on behalf of the Class Lead Plaintiff, the Deferred Compensation Plan for Employees of Nassau County ("Plaintiff"), as a follow-up to Judge Blake's request at the end of the October 25, 2011 hearing on Plaintiff's Motion for Final Approval of Stipulation and Releases and Third Party Settlements, Plan of Allocation, Class Certification, and Award of Attorneys' Fees, Lead Plaintiff Award, and Reimbursement of Expenses (the "Settlement Hearing") that the parties advise the Court with respect to a potential "Rule 11 Motion" by Plaintiff against objector Pamela A. Sachtjen Sweeney and her attorney husband.  (Settlement Hearing Tr. at 43.)

      Briefly, by way of background, after more than 4.2 million class notices were mailed to potential Class members, and a summary notice was published in national business newspapers and a business wire service, only three purported Class members objected to the proposed Settlement or any aspect related to it.  Counsel for objectors Frederick and Frances Smith appeared at the Settlement Hearing and presented argument.  Neither of the two other objectors appeared at the Settlement Hearing in person, by phone, or by counsel.  Of these two objectors, Mr. Sturek's objection was accurately characterized by Judge Blake as "a general dissatisfaction with the way class actions work . . . ." (Settlement Hearing Tr. at 35).  However, the other objection, on behalf of Pamela A. Sachtjen Sweeney, filed by her attorney husband Patrick S. Sweeney, Esq., is blatantly frivolous for reasons discussed at the Settlement Hearing.  (*Id.* at 36-39.)

Honorable J. Frederick Motz
Honorable Catherine C. Blake
November 9, 2011
Page 2

      Near the end of the Settlement Hearing, Plaintiff's counsel addressed the Sweeney Objection and asked the Court to defer entering the Final Order & Judgment until either Plaintiff's Rule 11 Motion was adjudicated or the Sweeney Objection was withdrawn as is the Sweeneys' right under Fed. R. Civ. P. 11(c)(2).  (Settlement Hearing Tr. at 38-39.)  Counsel for the Franklin Templeton Defendants asked that the Court not delay entering the Final Order & Judgment if it was inclined to do so.  (*Id.* at 42-43.)  Regarding the parties' apparent dispute over the timing on consideration of the Final Order & Judgment, the Court then asked the parties to "let me know if you think that's a significant issue."  (*Id.* at 43.)

      On October 27, 2011, Plaintiff's counsel served, but did not file, a Rule 11 Motion on the Sweeneys, informing them that if they did not withdraw their frivolous objection within 21 days, the motion would be filed with the Court.  Plaintiff also served the Rule 11 Motion on all of the parties' counsel.

      On November 4, 2011, I called Patrick Sweeney's office to determine his intentions and left a message with his firm's receptionist.  He has not communicated with me since then.

      If the Sweeney Objection is not withdrawn by November 21, 2011, Plaintiff intends to file the Rule 11 Motion with the Court.  Plaintiff asks that the Court consider the motion for sanctions of the Sweeneys along with the motion for final approval of the Settlement, fee application, and plan of allocation.  We have alerted the Franklin Templeton Defendants' counsel that we would be making this request.  By November 22, 2011, we will know, and will so inform the Court, whether the Rule 11 Motion will be filed.

      Respectfully yours,

      /s/
      Chet B. Waldman

      *Counsel for Class Lead Plaintiff, the*
      *Deferred Compensation Plan for*
      *Employees of Nassau County*

Encl.
cc:    All Counsel (via ECF)
       Patrick S. Sweeney, Esq. (via overnight mail)