

**McCARTER & ENGLISH**
ATTORNEYS AT LAW

January 18, 2012

Daniel A. Pollack
T. 212.609.6900
F. 212.645.0706
DPollack@mccarter.com

E-FILED and BY FEDERAL EXPRESS

Honorable J. Frederick Motz
United States District Judge
USDC - District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

Re: <u>MDL 1586, Franklin Templeton Sub-Track</u>

McCarter & English, LLP
245 Park Avenue
27th Floor
New York, NY 10167-0001
T. 212.609.6800
F. 212.609.6921
www.mccarter.com

Dear Judge Motz:

As Your Honor may recall, both the Franklin Investor Class Action and the Franklin Fund Derivative Action have been resolved with dismissals. In an effort to "clean up" this matter with finality for Franklin, we recently contacted Counsel for Plaintiff in the Parent Derivative Action, offering a Stipulation of Dismissal with Prejudice (identical to the one recently signed and "So Ordered" by Your Honor in the Fund Derivative Action). We had not heard from Counsel for Plaintiff in the Parent Derivative Action for over seven years.[1]

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

Upon making contact with Counsel last week, I raised with them the fact that we can find no record at Franklin that the named plaintiff, one Hedi Hertz, is, in fact, a shareholder of Franklin Resources, Inc., the parent company on whose behalf she purports to sue. Furthermore, I called to the attention of Counsel the fact that Your Honor had authored an Opinion, *Chasen v. Whiston* (MDL-15863, Janus Subtrack, January 3, 2007), which makes abundantly clear that failure to make pre-suit demand in these parent derivative cases is fatal. No pre-suit demand was made in this case, and the allegations of "futility" are "boiler-plate" of a type repeatedly rejected by Your Honor and by other Courts.

---

[1] On September 30, 2004, we had signed a Stay and Tolling Agreement with them. To the best of our knowledge, they did not participate in the MDL beyond simply signing the Stay and Tolling Agreement. The Stay and Tolling Agreement has expired.

ME1 12849865v.1

Hon. J. Frederick Motz
January 18, 2012
Page 2

We will, if necessary, move to dismiss or for summary judgment on these two issues; however, doing so would, we believe, impose an unnecessary burden of time and expense both on the Court and on Franklin. Accordingly, may I respectfully suggest a telephone conference with the Court and Counsel (Mr. Lifshitz) in which Your Honor might explore this situation first-hand and perhaps obviate inefficiency?

If the answer to my inquiry is in the affirmative, I will schedule the call through Mr. Isbister, Liaison Counsel, at the earliest available time convenient for the Court. I will be in Cuba with the Metropolitan Museum of Art in the first two weeks of February and would be grateful to get this done (or at least set in motion) before I depart.

Respectfully,

*Daniel Pollack*

Daniel A. Pollack
Counsel for Franklin Templeton Defendants


cc: Joshua Lifshitz, Esq.
    Counsel for Plaintiff in the
      Parent Derivative Action

ME1 12849865v.1