

**BULL & LIFSHITZ** LLP
ATTORNEYS AT LAW

18 EAST 41st STREET
NEW YORK, NEW YORK 10017
TEL 212.213.6222  FAX 212.213.9405

January 19, 2012

**E-FILED and BY FEDERAL EXPRESS**

Hon. J. Frederick Motz, U.S.D.J.
United States District Judge
U.S.D.C. – District of Maryland
101 West Lombard Street
Baltimore, MD 21201

        Re:    *MDL 1586, Franklin Templeton Sub-Track*

Dear Judge Motz:

        The undersigned is counsel to plaintiff Hedi Hertz in the above referenced action. We submit this letter seeking an Order granting plaintiff's unconditional right to a voluntary dismissal without prejudice of the above action pursuant to Federal Rules of Civil Procedure ("Rule") 23.1 and 41(a)(1).

        This case is a derivative action against the officers and directors of Franklin Resources, Inc. ("Franklin"). The plaintiff, a Franklin shareholder, is the sole plaintiff in the Parent Derivative Action.

        On January 18, 2012, plaintiff's counsel notified defendants' counsel of her willingness to voluntarily dismiss her action. Indeed, by taking this course, plaintiff has attempted in good faith to avoid unnecessarily involving this Court in what is a routine administrative matter under F.R.C.P. 23.1 and 41 and which is customarily done by stipulation because there simply is "no room for argument."

        Incredibly, defendants filed two letters with the Court that defendants would agree only to a dismissal with prejudice and would oppose any application by plaintiff for leave to dismiss without prejudice.

        Plaintiff respectfully requests that this Court grant the dismissal without prejudice and enter an Order dismissing the action without prejudice to all parties. Pursuant to Federal Rules of Civil Procedure 41(a)(1) plaintiff has the absolute and unconditional right to dismiss an action at any time prior to the filing by the adverse party of an answer or a motion for summary judgment. In a similar situation, the Second Circuit has noted that "[t]he Rule's requirement that defendants file an answer or move for summary judgment is a 'bright line' rule leaving 'no discretion to the courts.'" *Johnson Chemical*

**BULL & LIFSHITZ** LLP

Hon. J. Frederick Motz, U.S.D.J.
January 19, 2012
Page 2

*Co., Inc. v. Home Care Products, Inc.*, 823 F.2d 28, 30 (2d Cir. 1987). This common sense rule is designed to, *inter alia*, avoid exactly the situation at bar.

Rule 23.1 does not remove a plaintiff's motion from within the scope of Rule 41(a)(1). Instead, Rule 23.1 simply serves as a limitation on the absolute right of dismissal in the case of derivative actions. Once a court finds that no collusion or other improper purpose exists with regard to the dismissal, the limitation on that absolute right is lifted. *Creighton v. Taylor* 1990 U.S. Dist. Lexis 15597 (D. Conn. October 22, 1990).

If the Court determines that a call with the Court is necessary, I would respectfully request that the Court not schedule the call for next week since I have a previously planned vacation with my family.

Plaintiff respectfully requests that the Court dismiss the action without prejudice to all parties.

Respectfully,

JOSHUA M. LIFSHITZ

JML:dmb

cc: Daniel A. Pollack, Esq.
John B. Isbister, Esq.