**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION | MDL 1586 |
| Alliance Sub-track | 1:04-MD-15862 (AMD) |

**[PROPOSED] ORDER AUTHORIZING DISTRIBUTION OF
SETTLEMENT PROCEEDS IN THE ALLIANCE SUB-TRACK**

WHEREAS, by its Orders and Final Judgments entered in the Action on October 25, 2010 (Dkt. Nos. 1371-1375) and its Order Approving Plan of Allocation of Settlement Proceeds in the Alliance Sub-Track entered on October 25, 2010 (Dkt. No. 1376), this Court approved the terms of the stipulations of settlement filed with the Court in the Alliance Sub-Track of MDL 1586 – *In re Mutual Funds Investment Litigation* (the "Action") (Dkt. Nos. 1276-9, 1276-11, 1276-14, 1276-17 and 1276-20) (the "Stipulations") and the plan for allocating the settlement proceeds to eligible members of the Investor Class and ERISA Class (together, the "Classes") (the "Plan of Allocation"), respectively; and

WHEREAS, this Court had directed the parties to consummate the terms of the Stipulations and Plan of Allocation; and

WHEREAS, the $74,586,650 cash settlement proceeds plus interest have been deposited into an escrow account maintained by HSBC Bank on behalf of the Classes and the Class Funds (the "Settlement Fund"), along with the $2,130,000 plus interest obtained by the Office of the New York Attorney General in a settlement with the Canary Defendants (the "OAG/Canary Fund"); and

WHEREAS, as set forth in the Notice of Pendency and Proposed Settlements of Securities Class, Derivative and ERISA Class Actions, Motion for Attorneys' Fees and

Expenses, and Settlement Hearing and the Long-Form Notice of Pendency and Proposed Settlements of Securities Class, Derivative and ERISA Class Actions, Motion for Attorneys' Fees and Expenses, and Settlement Hearing (together, the "Notices") the deadline for Investor Class Members[1] to submit Proof of Claim and Release forms ("Claim Forms") to the Court-approved claims administrator for the Settlements, Rust Consulting, Inc ("Rust"), in order to participate in the distribution of the Net Settlement Fund and the OAG/Canary Fund has passed; and

WHEREAS, in satisfaction of due process requirements, all Investor Class Members who submitted claims that were in any way ineligible or deficient were: (1) informed that their claims were ineligible or deficient; and (2) given opportunities to correct any deficiency(ies) prior to their claims being finally rejected, or to contest Rust's determination as to the deficiency(ies) by requesting a further review; and

WHEREAS, the process of reviewing all Claim Forms has been completed; and

WHEREAS, Investor Class Plaintiffs and ERISA Plaintiff (together, the "Class Plaintiffs"), through their counsel, now seek authorization to distribute the proceeds of the Settlement Fund to Authorized Claimants, after deduction of any taxes, fees and expenses previously approved by the Court or approved by this Order, and to distribute the OAG/Canary Fund; and

WHEREAS, this Court has retained jurisdiction of this Action for the purpose of, among other things: considering any further application or matter which may arise in connection with

---

[1] As set forth in the Notices, members of the ERISA Class were not required to submit Claim Forms. The Alliance Plan (including any profit sharing plan for the employees of Alliance Capital Management, L.P. or AllianceBernstein L.P. whose participants included members of the ERISA Class) was considered to be a member of the Investor Class for purposes of the Settlements and submitted a Claim Form on behalf of the Alliance Plan and its participants.

the administration of the Settlements and the processing of Claim Forms and the distribution of the Net Settlement Fund and the OAG/Canary Fund to the Authorized Claimants;

NOW, THEREFORE, upon reading: (1) the Affidavit of Eric S. Schachter in Support of Motion for Distribution of Settlement Proceeds in the Alliance Sub-Track (the "Schachter Affidavit") submitted on behalf of Rust; (2) the Memorandum in Support of Class Plaintiffs' Motion for Distribution of Settlement Proceeds in the Alliance Sub-Track; and (3) the other submissions and papers on file with the Court; and upon all prior proceedings heretofore had herein, and after due deliberation, it is hereby

ORDERED, that all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Schachter Affidavit and the Orders and Final Judgments entered in the Action on October 25, 2010; and it is further

ORDERED, that the administrative determinations of Rust accepting the claims as indicated on the list of timely valid claims submitted and described in the Schachter Affidavit, calculated pursuant to the Court-approved Plan of Allocation set forth in the Long Form Notice, be and the same hereby are approved, and said claims are hereby accepted; and it is further

ORDERED, that the administrative determinations of Rust accepting the claims as indicated on the list of late but otherwise valid claims submitted and described in the Schachter Affidavit, calculated pursuant to the Court-approved Plan of Allocation set forth in the Long Form Notice, be and the same hereby are approved, and said claims are hereby accepted; and it is further

ORDERED, that the administrative determinations of Rust rejecting the claims as indicated on the list of ineligible and rejected claims submitted with and described in the

Schachter Affidavit be and the same hereby are approved, and said claims are hereby rejected; and it is further

ORDERED, that payment be made from the Settlement Fund to the Internal Revenue Service for the proper amount of taxes due and owing on the interest earned on the Settlement Fund while in escrow, if any; and it is further

ORDERED, that Rust be paid the sum of $2,506,307.82 out of the Net Settlement Fund for the balance of its fees and expenses incurred and to be incurred in connection with the administration of the Settlements and distribution of the Net Settlement Fund and OAG/Canary Fund; and it is further

ORDERED, that the balance of the Settlement Fund after deducting payments previously allowed and set forth herein (the "Net Settlement Fund") shall be distributed to the Authorized Claimants as listed on Exhibits G and H to the Schachter Affidavit pursuant to the Court-approved Plan of Allocation in proportion to each Authorized Claimant's Recognized Claim as compared to the total Recognized Claims of all accepted claimants shown on such exhibits; and it is further

ORDERED, that that OAG/Canary Fund shall be distributed to the Authorized Claimants as listed on Exhibits G and H to the Schachter Affidavit pursuant to the Court-approved Plan of Allocation in proportion to each Authorized Claimant's Recognized Claim as compared to the total Recognized Claims of all accepted claimants shown on such exhibits; and it is further

ORDERED, that the checks for distribution to the Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY [DATE 90 DAYS AFTER ISSUE DATE]." Investor Lead Counsel and Rust are

4

authorized to take appropriate actions to locate and/or contact any Authorized Claimant who has not cashed his, her or its check within said time; and it is further

ORDERED, that Authorized Claimants who do not cash their checks within the time allotted will irrevocably forfeit all recovery from the Settlement Fund and the OAG/Canary Fund, and it is further

ORDERED, that, any funds remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds, because of uncashed distributions or other reasons, after Rust has made reasonable and diligent efforts to have Authorized Claimants cash their distribution checks, shall be distributed to the Class Funds, in proportion to the harm to each fund as determined by Investor Lead Counsel's expert; and it is further

ORDERED, that the Court finds that the administration of the Settlements and the proposed distribution of the Net Settlement Fund and the OAG/Canary Fund comply with the terms of the Stipulations and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claim Forms submitted in this Action, or who are otherwise involved in the administration or taxation of the Settlement Fund, the Net Settlement Fund or the OAG/Canary Fund are released and discharged from any and all claims arising out of such involvement, and, pursuant to the release terms of the Settlements, all members of the Classes, whether or not they are to receive payment from the Net Settlement Fund and the OAG/Canary Fund are barred from making any further claims against the Net Settlement Fund and the OAG/Canary Fund or the parties released pursuant to the Settlements beyond the amount allocated to them pursuant to this Order; and it is further

ORDERED, that Rust is hereby authorized to destroy the paper copies and electronic copies of the Claims and all supporting documentation three (3) years after distribution of the Net Settlement Fund and the OAG/Canary Fund; and it is further

ORDERED, that this Court retain jurisdiction over any further application or matter which may arise in connection with this Action; and it is further

ORDERED, that no Claim submitted after October 31, 2012 be accepted for any reason whatsoever.


Dated: _____, 2012        _____
                                    THE HONORABLE J. FREDERICK MOTZ
                                    UNITED STATES DISTRICT JUDGE