**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION<br>_____ | MDL 1586 |
| IN RE ALLIANCE, FRANKLIN/TEMPLETON, BANK OF AMERICA/NATIONS FUNDS, and PILGRIM BAXTER<br>_____ | Case No. 04-md-15862<br>(Judge Motz) |
| [Franklin Templeton Sub-Track]<br>_____ | |
| Sharkey IRO/IRA v. Franklin Resources, *et al.*<br>_____ | Case No. 04-md-1310 |

### [PROPOSED] ORDER APPROVING DISTRIBUTION

Class Lead Plaintiff, on notice to Defendants' counsel, having moved this Court for an order approving a distribution plan for the settlement proceeds in the Franklin Templeton Sub-Track of MDL-1586 – *In re Mutual Funds Investment Litigation* (the "Action"), and the Court having considered all the materials and arguments submitted in support of said motion, including the Declaration of Julie Swanson in Support of Motion for Approval of Distribution Plan (the "Swanson Declaration") and Class Lead Plaintiff's Memorandum In Support Of Motion For Approval Of Distribution Plan, submitted therewith;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      For purposes of this Order, the Court adopts all defined terms as set forth in the Swanson Declaration or the Final Order and Judgment Approving Settlements and the Stipulation and Releases and Dismissing Actions Against the Defendants, entered in the Action on December 9, 2011 (Dkt. No. 129), which incorporates by reference the defined terms in the Stipulation and Releases dated March 14, 2011 and filed with this Court on May 24, 2011 (Dkt.

No. #1413(8) (the "Stipulation"), and all terms used herein shall have the same meanings as set forth therein unless otherwise indicated.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3.      Class Lead Plaintiff's plan for distribution of the Net Monetary Amount (a/k/a the "Net Settlement Funds") and the OAG/Canary Fund to Authorized Claimants is **APPROVED**. Accordingly,

a.      The administrative recommendations of the Court-approved Claims Administrator, Rust Consulting, Inc. ("Rust"), to accept the Timely Eligible Claims, as indicated in paragraph 20(a) to the Swanson Declaration, and the Late But Otherwise Eligible Claims, as indicated in paragraph 20(b) to the Swanson Declaration, are adopted;

b.      The Claims Administrator's administrative recommendations to exclude or reject wholly ineligible or otherwise deficient Claims, as indicated in paragraph 18 of the Swanson Declaration, are adopted;

c.      Rust is directed to distribute 100% of the available balance of the Net Monetary Amount (after deducting all payments previously allowed and those authorized herein, and after payment of the costs of preparing appropriate tax returns and any escrow fees) and 100% of the available balance of the OAG/Canary Fund (after deducting payment of any estimated taxes, and any escrow fees) to the Authorized Claimants who would receive a distribution amount of at least $10.00 based on their Recognized Claims in comparison to the total Recognized Claims of all Authorized Claimants, as set forth in the Plan of Allocation previously approved by this Court (the "Distribution");

d.      In order to encourage Authorized Claimants to cash their Distribution checks promptly, and to avoid or reduce future expenses relating to unpaid Distribution

checks, all Distribution checks shall bear the following notation: "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY [DATE 90 DAYS AFTER ISSUE DATE]";

e.      Authorized Claimants who do not cash their Distribution checks within the time allotted will irrevocably forfeit all recovery from the Monetary Amount and the OAG/Canary Fund, and the funds allocated to all such stale-dated checks will be available to be re-distributed to the Class Funds, or their successor funds;

f.      If any amount of the Net Monetary Amount remains undistributed after distribution of the Net Monetary Amount to Authorized Claimants on account of a lack of current addresses or forwarding addresses or otherwise after reasonable and diligent efforts by the Claims Administrator, or any returned or uncashed checks, such undistributed amounts shall be distributed to the Class Funds, or their successor funds;

g.      All persons involved in the review, verification, calculation, tabulation, or any other aspect of the provision of Source Data (as defined in the Swanson Declaration), or the processing of the Claims/Proofs of Claim submitted herein or the Claims of potential Class Members who held their shares of the Class Funds directly with Franklin, or were otherwise involved in the administration or taxation of the Monetary Amount, the Net Monetary Amount or the OAG/Canary Fund, are hereby released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they receive payment from the Net Monetary Amount, are hereby barred from making any further claims against the Net Monetary Amount, Class Lead Plaintiff, Class Lead Counsel, the Franklin Released Parties and their counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Class Lead Plaintiff or Class Lead Counsel in connection with the administration or taxation of the Monetary Amount, Net

3

Monetary Amount or OAG/Canary Fund beyond the amount allocated to Authorized Claimants;

h.  No further Proofs of Claim, Claims of Class Members holding Class Funds directly with Franklin, or other Claims shall be accepted, and no further adjustments to Proofs of Claim shall be made for any reason, after February 28, 2013;

i.  All of Rust's fees and expenses incurred in connection with the administration of the Settlements and Stipulation and to be incurred in connection with the distribution as set forth on Exhibit E to the Swanson Declaration are approved. In payment of the unpaid balance of Rust's fees and expenses, Class Lead Counsel is directed to pay $114,923.39 out of the settlement proceeds to Rust pursuant to the terms of the Stipulations; and

j.  Paper copies of the Proof of Claim forms and all supporting documentation may be destroyed one year after the Distribution, and electronic copies of the Proof of Claim records, and records of shareholders who held Class Funds directly with Franklin, may be destroyed three years after the Distribution.

4.  This Court retains jurisdiction to consider any further applications concerning the administration of the Settlements, and such other and further relief as this Court deems appropriate.

Dated: Baltimore, Maryland

_____, 2013

_____
J. FREDERICK MOTZ
United States District Judge

4